1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  **FOX ROTHSCHILD LLP**
   1980 Festival Plaza Drive, Suite 700
3  Las Vegas, Nevada 89135
   Telephone: (702) 262-6899
4  Facsimile: (702) 597-5503
   Email: baxelrod@foxrothschild.com
5  *[Proposed] Counsel for Debtors*

| | Electronically Filed June 25, 2020 |

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                          **DISTRICT OF NEVADA**

9  In re                                    Case No. BK-S-20-12814-mkn

10                                          Jointly Administered with
   RED ROSE, INC.,                          Case No. BK-S-20-12815-mkn
11                                          Case No. BK-S-20-12816-mkn
       ☐ Affects Beachhead Roofing and Supply, Inc.     Case No. BK-S-20-12818-mkn
12     ☐ Affects California Equipment Leasing            Case No. BK-S-20-12819-mkn
          Association, Inc.                              Case No. BK-S-20-12820-mkn
13     ☐ Affects Fences 4 America, Inc.                  Case No. BK-S-20-12821-mkn
       ☐ Affects James Petersen Industries, Inc.         Case No. BK-S-20-12822-mkn
14     ☐ Affects PD Solar, Inc.                          Case No. BK-S-20-12823-mkn
       ☐ Affects Petersen Roofing and Solar LLC          Case No. BK-S-20-12824-mkn
15     ☐ Affects Petersen-Dean, Inc.                     Case No. BK-S-20-12825-mkn
       ☐ Affects PetersenDean Hawaii LLC                 Case No. BK-S-20-12826-mkn
16     ☐ Affects PetersenDean Roofing and Solar          Case No. BK-S-20-12827-mkn
          Systems, Inc.                                  Case No. BK-S-20-12829-mkn
17     ☐ Affects PetersenDean Texas, Inc.                Case No. BK-S-20-12831-mkn
       ☐ Affects Red Rose, Inc.                          Case No. BK-S-20-12833-mkn
18     ☐ Affects Roofs 4 America, Inc.
       ☐ Affects Solar 4 America, Inc.                   Chapter 11
19     ☐ Affects Sonoma Roofing Services, Inc.
       ☐ Affects TD Venture Fund, LLC                    **EMERGENCY MOTION FOR ORDER**
20     ☐ Affects Tri-Valley Supply, Inc.                 **AUTHORIZING PAYMENT OF**
       ☒ Affects All Debtors                             **CRITICAL VENDOR CLAIMS**
21
                                                         Hearing Date:  OST PENDING
22                                                       Hearing Time: OST PENDING
                                                         Estimated Time for Hearing: 20 minutes
23

24

25

26         Debtors and debtors in possession ("Debtors") in the above-captioned chapter 11 cases (the

27  "Chapter 11 Cases"), hereby submit this emergency motion (the "Motion") for entry of an order,

28  substantially in the form attached hereto as **Exhibit A** (the "Critical Vendor Order"), pursuant to

                                                  1

—

Bankruptcy Code[1] §§ 105(a), 363(b) and 503(b)(9) and Bankruptcy Rules 6003 and 6004 authorizing, but not requiring, Debtors to honor and pay prepetition claims (the "Critical Vendor Claims") of certain critical vendors (the "Critical Vendors"), in accordance with the Critical Vendor Procedures (as defined and described in greater detail below).

This Motion is made and based on the *Declaration of Jeffrey Perea* filed in support hereof (the "Perea Declaration"), the following points and authorities, the papers and pleadings on file with the Court in the Chapter 11 Cases, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 25th day of June 2020.

**FOX ROTHSCHILD LLP**

By:      */s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtors*

**MEMORANDUM POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) & (O).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a), 363(b), and 503(b)(9) and Bankruptcy Rules 6003 and 6004.

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.

Active\111704167

4.      Pursuant to Local Rule 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**II.**

**BACKGROUND**

5.      On June 11, 2020 (the "Petition Date"), Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors are continuing in possession of their properties and are operating and managing their businesses as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  See generally Chapter 11 Case Docket.

6.      No request has been made for the appointment of a trustee or examiner, and no statutory committee ("Committee") has been appointed.  See id.

7.      The factual background relating to Debtors' commencement of the Chapter 11 Cases is set forth in detail in the *Omnibus Declaration of Jeffrey Perea in Support of First Day Motions* [ECF No. 20 in Red Rose, Inc., Case No. 20-12814-mkn] which is incorporated herein by this reference.

8.      The Debtors' business operations can generally be described as follows: a Debtor enters into a contract (a "Construction Contract") with a customer (usually homebuilder or other contractor) (a "Customer") for roofing and/or solar construction (a "Project").  Many of the Customers are public homebuilders (Taylor Morrison, D.R. Horton, KB Home, etc.).  The Construction Contracts provide a description of the work, the various houses and or buildings that the Debtor will perform work on, and a schedule regarding the same.  See Perea Declaration, ¶ 4.

9.      After a Construction Contract is signed, the Debtor determines the schedule for construction, the materials necessary, the lead time for ordering materials, etc.  The Debtor then enters into contracts ("Vendor Contracts") with material suppliers ("Vendors") to provide the necessary materials in the timeframes need for Debtor to complete the Project under the Construction Contract.  Once the orders are made pursuant to the Vendor Contracts, the Debtor schedules its labor force to install the roofing materials.  See Perea Declaration, ¶ 5.

3

10. The Customer normally inspects the finished Project and provides payment ("Completion Payment") upon receipt of mechanic's and artisan's lien releases from all Vendors. The Construction Contracts typically provide that the Customer's obligation to make the Completion Payments is dependent upon receipt of all liens waivers from all Vendors, and reserve the right of the Customer to pay the Vendors directly, by joint check or otherwise. Depending on the Contract and size of the job, Customers may or may not provide partial payments along the way. See Perea Declaration, ¶ 6.

11. Debtors have identified numerous Vendors that might be considered Critical Vendors for among the following reasons: (i) Vendors that have properly noticed lien rights and would be able to foreclose on a lien if they are not paid; (ii) Vendors that have the ability to file liens in the future; (iii) Vendors that do not have perfected lien rights (for a variety of possible reasons, including a long term course of dealing, trust, etc.) but could stop supplying the materials to finish an ongoing Project if they are not paid; (iv) Vendors providing materials for multiple Projects, such that Debtors' failure to pay on one Project could negatively impact their ability to receive supplies on other critical Projects; (v) Vendors that are the sole source for certain materials (such as specialized solar or battery technology) or material that matches the material previously installed on a Project; or (vi) Vendors that are important for Debtors' longer term strategic growth. See Perea Declaration, ¶ 7.

12. Overall, the Debtors' preliminary analysis demonstrates that the Debtors can receive an estimated net cash flow of approximately $18 million by completing selected Builder Division Projects that are currently underway (approximately 800 Projects). According to the Debtors' books and records, completing these selected Projects may require payment of Critical Vendor Claims totaling approximately $82 million, which will enable Debtors to receive Completion Payments totaling approximately $100 million. See Perea Declaration, ¶ 8.

13. For example, for one of Debtors' Customers, completion of a Project currently underway is estimated to bring in $2 million of Completion Payments to Debtors' estates from today through completion. As of today, Debtors owe or expect to owe Vendors approximately

4

$1.2 million to complete the Project, for a net benefit to Debtors of approximately $800,000.  See Perea Declaration, ¶ 9.

14.    A comprehensive matrix of approximately 800 selected Projects that are serviced or supplied by Vendors that Debtors may identify as "Critical" is attached as **Exhibit 1** to the Perea Declaration (the "Project Matrix") and also attached, for the Court's convenience, as **Exhibit B** hereto.  The inclusion of any Project in the Project Matrix is not an admission that every Vendor servicing or supplying such Project is a Critical Vendor.  See Perea Declaration, ¶ 10 & Exhibit 1 thereto.

15.    Each Vendor that the Debtors determine to be a Critical Vendor will have or be providing Debtors with (a) goods and/or services that enable them to complete one or more Projects and/or (b) other significant benefits to the Debtors' business operations.  See Perea Declaration, ¶ 11.

### III.

### RELIEF REQUESTED

By this Motion, Debtors respectfully request entry of a Critical Vendor Order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code §§ 105(a), 363(b) and 503(b)(9) and Bankruptcy Rules 6003 and 6004.  By this Critical Vendor Order, Debtors seek authority to (a) determine, in their discretion, which of the Vendors are Critical Vendors and (b) pay, in their discretion, all or part of the Critical Vendor Claims either directly in cash or by offset against Debtors' other assets (such as accounts receivable from customers), or by joint check issued by Debtors' customers, or direct payment from Debtors' customers to Critical Vendors, or by other means, subject to certain conditions and procedures described below.

Additionally, Debtors requests that financial institutions be authorized to receive, process, honor, and pay all checks presented for payment and electronic payment requests related to the Critical Vendor Claims described in this Motion.

Debtors propose to make full or partial payment to the Critical Vendors pursuant to this Motion, only to the extent they deem necessary, in the exercise of their business judgment, to ensure that Debtors can complete their Projects and receive payment from their Customers and/or that the

Active\111704167

applicable Critical Vendor continues to provide essential goods and services to Debtors on a postpetition basis and/or that such full or partial payment provides another benefit to Debtors, such as preserving relationships with customers for future business, or other significant benefits in Debtors' business judgment.

To further assure that Debtors' business operations are minimally impacted during the Chapter 11 Cases, and in light of the severe consequences Debtors may suffer if their Customers withhold payment to Debtors on account of unpaid Critical Vendor Claims, Debtors propose that the Court approve and adopt the following procedures (the "Critical Vendor Procedures"):

(a)  After Debtors determine that a certain Project is serviced or supplied by Critical Vendors (a "Critical Project"), the Debtors shall serve (including via email) a notice ("Critical Project Notice") of their desire to make payment to all Critical Vendors associated with such Critical Project on: (i) the Office of the United States Trustee; (ii) counsel for any Committee; and (iii) counsel for ACF Finco I LP (the "Notice Parties"):

(i)  The fact that a Vendor supplies good or services to a Critical Project does not automatically make such Vendor a Critical Vendor; rather, Debtors must specifically determine that such Vendor is a Critical Vendor;

(ii)  The Critical Project Notice shall set forth the facts supporting the Debtors' decision that it is essential for Critical Vendor Claims to be paid on such Critical Project; the Notice Parties shall keep all Critical Project Notices confidential and shall not disclose to anyone the names and amounts to be paid to each Critical Vendor on such Critical Project;

(iii)  The Notice Parties shall have two (2) business days (the "Objection Deadline") from receipt of a Critical Project Notice to serve a written objection (including via email) (an "Objection") on counsel for Debtors;

(iv)  If the Notice Parties do not serve an Objection on or before the Objection Deadline, the Debtors may (but are not required to) pay any Critical Vendor Claim associated with that Critical Project; and

(v)  If the Notice Parties serve an Objection on or before the Objection Deadline, the Debtors may not pay any Critical Vendor Claim associated with such Critical Project without further order of the Court, unless the Notice Parties have given Debtors their prior written consent to payment of such Critical Vendor Claim.

Active\111704167

(b) Further, the payment of any Critical Vendor Claim will be conditioned on an express agreement (the "Vendor Agreement") between such Critical Vendor and the Debtors which will include, without limitation, the following information and terms:

 (i) The amount of the Critical Vendor's estimated prepetition claim, accounting for any setoffs, other credits, or discounts thereto, which would be mutually determined in good faith by the Critical Vendor and Debtors (but such amount would be used only for the purposes of determining the Critical Vendor Claim under the Critical Vendor Order and would not be deemed a claim allowed by the Court for any other purpose in the Chapter 11 Cases, and the rights of all interested persons to object to such claims would be fully preserved until further order of the Court);

 (ii) The Critical Vendor's agreement to provide reasonable and customary price, service, quality, and payment terms to Debtors on a postpetition basis ("Customary Trade Terms"), or upon other terms more favorable to Debtors than Customary Trade Terms as Debtors and the Critical Vendor may agree;

 (iii) The Critical Vendor's acknowledgement that it has reviewed the terms and provisions of the Critical Vendor Order, and consents to be bound thereby;

 (iv) The Critical Vendor's agreement that it will not separately seek payment for any reclamation claims or claims under Bankruptcy Code § 503(b)(9) outside the terms of the Critical Vendor Order unless the Critical Vendor's participation in the program to pay Critical Vendor Claims pursuant to the Critical Vendor Order is terminated; provided, however, that such claims would, if thereafter raised by the Critical Vendor as permitted by the Critical Vendor Order, be treated as though raised on the date of the Critical Vendor Order; and

 (v) The Critical Vendor's agreement that any payments received by such Critical Vendor under the Critical Vendor Order would be applied first to claims for the value of goods received by Debtors within 21 days prior to the Petition Date that were sold to Debtors in the ordinary course of business, and then to any other claims.

(b) Such terms, once agreed and accepted by a Critical Vendor, would be the Vendor Agreement between the parties that governs their relationship during this Chapter 11 Cases.  Debtors further would retain the right, on a case-by-case basis, to obtain other acknowledgement from the Critical Vendors of the terms to which the parties have agreed.

7

(c)     If a Critical Vendor refuses to supply goods or services to Debtors on Customary Trade Terms (or fails to comply with other terms to which the parties have agreed), following its receipt of payment on the Critical Vendor Claim, or fails to comply with the applicable Vendor Agreement in any way, Debtors may, in their discretion and without further order of this Court, declare that Critical Vendor in breach of its Vendor Agreement with Debtors.  To the extent the Critical Vendor fails to cure such default or reach an alternative agreement with Debtors, Debtors may seek appropriate relief from the Court, including, without limitation, injunctive relief to compel performance pursuant to the Vendor Agreement.  Further, such Critical Vendor would stipulate and agree that injunctive relief specifically enforcing the Critical Vendor Agreement would be appropriate.  In addition, if a Critical Vendor refuses to comply with the Customary Trade Terms (or fails to comply with other terms to which the parties have agreed), any payment made to that Critical Vendor on account of that Critical Vendor's prepetition claim would be deemed to have been in payment of any then outstanding postpetition obligations owed to that Critical Vendor, and that Critical Vendor would be required to repay immediately to Debtors any payment previously made to it on account of its prepetition claim pursuant to this Motion, to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.  In such event, the Critical Vendor would agree that it is limited to asserting a general unsecured claim against the Estates for no more than $1.

(d)     Debtors would maintain a summary list of all payments made to the Critical Vendors (the "Critical Vendor Payment List") and, if requested, would provide such Critical Vendor Payment List to the Notice Parties.  The Notice Parties shall keep the Critical Vendor Payment List confidential and shall not disclose to anyone the names and amounts to be paid to each Critical Vendor on such Critical Vendor Payment List.

Debtors submit that the relief requested herein is essential, appropriate and in the best interests of Debtors, their creditors and all parties in interest.

## IV.

## LEGAL ARGUMENT

There are several precedents for the relief requested in this Motion.  First, Bankruptcy Code section 105(a) empowers this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

Active\111704167

Also, consistent with the debtor in possession's fiduciary duties, courts have authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code, where sound business purpose exists for doing so.  See, e.g., In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 17-18 (Bankr. M.D. Fla. 2005).

Further, pursuant to sections 1107 and 1108 of the Bankruptcy Code, a debtor is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners."  See In re CoServ, LLC, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value."  Id.  Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only … by the preplan satisfaction of a prepetition claim."  See id.

**A.    The Court May Rely On Its General Equitable Powers To Grant This Motion.**

The Court may authorize Debtors' payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  See 11 U.S.C. § 105(a) (authorizing bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]").  The purpose of section 105(a) is to empower a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction."  2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The Ninth Circuit Court of Appeals recognized the importance of paying certain prepetition claims in a reorganization case, even when the claimants are provided an advantage over other creditors, stating in dicta in Burchinal v. Central Washington Bank (In re Adams Apple, Inc.), 829 F.2d 1484 (9th Cir. 1987), "a 'fundamental tenet' – rehabilitation of debtors . . . may supersede the policy of equal treatment.  Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as . . . debts to providers of unique and irreplaceable supplies . . . ." Adams Apple, 829 F.2d at 1490; see also In re Just for Feet, Inc., 242 B.R. 821, 824-25 (D. Del. 1999) (approving the payment of prepetition claims to certain critical vendors).  The rationale acknowledged by the Adams Apple court is that a debtor's rehabilitation in reorganization

9

cases is "the paramount policy and goal of Chapter 11." Adams Apple, 829 F.2d at 490; accord In Just For Feet, 242 B.R. at 826 (section 105 provides "a statutory basis for the payment of prepetition claims"); In re NVR LP, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[U]nder 11 U.S.C. § 105 the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor.").

Moreover, courts have permitted postpetition payment of prepetition claims under section 105(a) where nonpayment would trigger a withholding of goods or services essential to a debtor's business reorganization. See In re Quicksilver, Inc., No. 15-11880 (BLS), 2015 WL 13640498, at 4* (Bankr. D. Del. Oct. 28, 2015) (finding that certain payments to critical vendor claims were necessary to avoid immediate and irreparable harm to Debtors' business); In re Ionosphere Clubs, Inc., 98 B.R. 174, 176-77 (Bankr. S.D.N.Y. 1989) (finding that section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor); In re Tropical Sportswear Int'l Corp., 320 B.R. at 20 ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks."); In re NVR L.P., 147 B.R. at 127 (explaining that under section 105, the court can permit preplan payments of a prepetition obligation "when essential to the continued operation of the debtor"); In re Chateaugay Corp., 80 B.R. 279, 287 (Bankr. S.D.N.Y. 1987) (explaining that a bankruptcy court may exercise its equity powers under section 105 to authorize the payment of prepetition claims where such payment is necessary to "permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately"); cf. Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.), 885 F.2d 621, 625 (9th Cir. 1989) (section 105 endows the bankruptcy court with general equitable powers, where not inconsistent with more specific law).

Thus, section 105(a) of the Bankruptcy Code permits the Court to authorize Debtors' preplan payment of Critical Vendor Claims when essential to the continued operations of Debtors' business in furtherance of their reorganization effort.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.**      **The Court May Rely on Section 363(b) of the Bankruptcy Code to Grant This Motion.**

The Court may also authorize Debtors to pay Critical Vendor Claims under section 363(b) of the Bankruptcy Code. Section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l).

Under this section, a court may authorize a debtor to pay certain prepetition claims. <u>See, e.g.</u>, <u>GLM DFW, Inc. v. Windstream Holding Inc. (In re Windstream Holdings Inc.)</u>, 614 B.R. 441, 456-60 (S.D.N.Y. 2020) (affirming payment of prepetition vendor claims under sections 363(b) and 105(a)); <u>Ionosphere</u>, 98 B.R. at 175 (authorizing payment of prepetition wages under sections 363(b) and 105(a)). In order to do so, "the debtor must articulate some business justification, other than mere appeasement of major creditors." <u>Id</u>. As discussed more fully herein, Debtors' request to pay the Critical Vendors meets this standard because the failure to satisfy the Critical Vendors Claims would likely have a material adverse effect on Debtors' operations.

Under similar factual circumstances, the court in <u>Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)</u>, 29 B.R. 391, 397 (S.D.N.Y. 1983), permitted the debtor/contractor to pay suppliers with potential lien rights where payment of their prepetition claims was necessary for general contractors to release funds owed to debtor.

The <u>Phillips</u> court observed that: "Given the special status of suppliers whose unstayed lien rights have not expired under state law, payment to such suppliers following a contractor's chapter 11 filing would appear a reasonable response to business exigencies." <u>Id.</u> at 394; <u>see also</u> <u>Windstream</u>, 614 B.R. at 460 (affirming finding that sound business justification existed to justify payment of prepetition vendor claims); <u>Tropical Sportswear</u>, 320 B.R. at 19-20 (authorizing payment of critical vendors prepetition claims, finding that sound business justification existed because vendors would not do business with debtor absent critical vendor status: "The result is that a debtor's estate is maximized, and even the disfavored creditors will receive greater payments on their respective claims").

These courts' approaches to payment of prepetition claims is particularly appropriate where prepetition creditors, such as the Critical Vendors, provide vital services to a debtor that would be

1   unavailable if the debtor did not satisfy its prepetition obligations, and where the payment of those

2   creditors will result in a net benefit to the estate.  See, e.g., Windstream, 614 B.R. at 459 (affirming

3   streamlined process to pay critical vendors where separate hearings on each claim would likely

4   result in "the patient d[ying] of the operating table'" (alteration in original)).

5        Accordingly, bankruptcy courts in this district and the Ninth Circuit have long authorized

6   payments to vital suppliers and trade creditors where the payment of such claims is essential for the

7   continued operation of the business.  See, e.g., In re Xtreme Green Products, Inc., Case No. 13-

8   17266-mkn (Bankr. D. Nev. Sept. 5, 2013) (authorizing payment of prepetition claims of vendors

9   that were the sole source of parts and services required for operation of Debtor's business); In re

10  American West Development, Inc., Case No. 12-12349-mkn (Bankr. D. Nev. March 8, 2012)

11  (authorizing payment of prepetition claims of critical third party subcontractors and material

12  suppliers); In re Skye International, Inc., Case No. 09-54485-gwz (Bankr. D. Nev. February 26,

13  2010) (authorizing payment of several critical vendor prepetition claims); In re Victor Valley

14  Community Hospital, Case No. 10-39537 (Bankr. C.D. Cal., Sept. 17, 2010) [Docket No. 34]

15  (authorizing the debtor to pay prepetition claims of emergency room doctors, medical director

16  doctors, and nursing registries who were critical vendors); In re Full Color Services, Inc., Case No.

17  08-14190-lbr (Bankr. D. Nev. May 14, 2008) (authorizing payment of prepetition critical vendor

18  claim for goods delivered prior to filing); In re Woodside Group, LLC, Case No. 08-20682 (Bankr.

19  C.D. Cal., Aug. 27, 2008) [Docket No. 18] (approving stipulation allowing debtors to pay ordinary

20  course providers of goods and services in the ordinary course of business); In re ISE Corporation,

21  Case No. 10-14198 (Bankr. S.D. Cal., Dec. 8, 2010) [Docket No. 276] (authorizing payment of

22  critical vendor prepetition claim).

23       Debtors submit that, for the reasons set forth herein, the relief requested in this Motion is

24  necessary to avoid immediate and irreparable harm and Rule 6003 of the Federal Rules of

25  Bankruptcy Procedure has been satisfied.

26  **C.    Certain Critical Vendor Claims Are Entitled To Administrative Expense Status.**

27       Section 503(b)(9) of the Bankruptcy Code provides an administrative expense for "the value

28  of any goods received by the debtor within twenty days before the date of commencement of a case

12

1   under this title in which the goods have been sold to the debtor in the ordinary course of such

2   debtor's business."  11 U.S.C. § 503(b)(9).

3        For those Critical Vendor Claims that comprise delivery of goods within twenty days before

4   the Petition Date, Debtors seek to alter the timing of the payment of these administrative expense

5   payments that such parties are entitled to receive under the Bankruptcy Code.  Instead of paying

6   such claims after confirmation of a plan of reorganization, Debtors request the ability to pay certain

7   Critical Vendor Claims that fall under Bankruptcy Code 503(b)(9) to induce those Critical Vendors

8   to continue to do business with Debtors on favorable business terms.

9   **D.     The Court Can And Should Waive Any Application Of Bankruptcy Rule 6004(h).**

10       To successfully implement the foregoing, Debtors seek a waiver of the notice requirements

11  under Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

12       Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of

13  property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders

14  otherwise." Debtors submit that the facts of these Chapter 11 Cases warrant a waiver of Bankruptcy

15  Rule 6004(h) in this instance in order to avert any disruption to Debtors' operations that would

16  occur in the absence of immediate relief.

17       Accordingly, Debtors request that the Court waive Bankruptcy Rule 6004(h) such that an

18  order consistent with the Motion be immediately effective upon entry.

19                                        **V.**

20                          **RESERVATION OF RIGHTS**

21       Nothing contained in this Motion is, or should be construed as, (a) an admission as to the

22  validity of any claim against Debtors; (b) a waiver of Debtors' rights to dispute any claim on any

23  grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or

24  unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affecting Debtors' rights

25  under Bankruptcy Code section 365 to assume or reject any executory contract with any party

26  subject to this Motion.

27  ///

28  ///

Active\111704167

1

2

**VI.**

**CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing, but not requiring, Debtors to honor and pay the prepetition claims of certain Critical Vendors, and granting such other and further relief as this Court deems appropriate.

DATED this 25th day of June 2020.

**FOX ROTHSCHILD LLP**

By: _____ */s/Brett A. Axelrod*_____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtors*

Active\111704167

**EXHIBIT A**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*[Proposed] Counsel for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-20-12814-mkn |
| RED ROSE, INC., | Jointly Administered with<br>Case No. BK-S-20-12815-mkn |
| ☐ Affects Beachhead Roofing and Supply, Inc. | Case No. BK-S-20-12816-mkn |
| ☐ Affects California Equipment Leasing<br> Association, Inc. | Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn |
| ☐ Affects Fences 4 America, Inc. | Case No. BK-S-20-12820-mkn |
| ☐ Affects James Petersen Industries, Inc. | Case No. BK-S-20-12821-mkn |
| ☐ Affects PD Solar, Inc. | Case No. BK-S-20-12822-mkn |
| ☐ Affects Petersen Roofing and Solar LLC | Case No. BK-S-20-12823-mkn |
| ☐ Affects Petersen-Dean, Inc. | Case No. BK-S-20-12824-mkn |
| ☐ Affects PetersenDean Hawaii LLC | Case No. BK-S-20-12825-mkn |
| ☐ Affects PetersenDean Roofing and Solar<br> Systems, Inc. | Case No. BK-S-20-12826-mkn |
| ☐ Affects PetersenDean Texas, Inc. | Case No. BK-S-20-12827-mkn |
| ☐ Affects Red Rose, Inc. | Case No. BK-S-20-12829-mkn |
| ☐ Affects Roofs 4 America, Inc. | Case No. BK-S-20-12831-mkn |
| ☐ Affects Solar 4 America, Inc. | Case No. BK-S-20-12833-mkn |
| ☐ Affects Sonoma Roofing Services, Inc. | |
| ☐ Affects TD Venture Fund, LLC | Chapter 11 |
| ☐ Affects Tri-Valley Supply, Inc. | |
| ☒ Affects All Debtors | **ORDER AUTHORIZING PAYMENT OF**<br>**CRITICAL VENDOR CLAIMS** |
| | Hearing Date:<br>Hearing Time: |

1

The Court, having reviewed and considered Debtors' emergency motion (the "<u>Motion</u>")[1] for an order (i) authorizing Debtors to honor and pay the prepetition claims of certain critical vendors ("<u>Critical Vendors</u>") that provide goods, services or other significant benefits with respect to the Projects identified on Exhibit B to the Motion, and (ii) implementing procedures for payment thereof, pursuant to sections 105(a), 363(b) and 503(b)(9) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and upon consideration of the *Declaration of Jeffrey Perea*, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of Debtors, their creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby,

**ORDERED** that the Motion is **GRANTED**; and, without limiting the generality of the foregoing, the following Critical Vendor Procedures are approved:

(a) After Debtors determine that a certain Project is serviced or supplied by Critical Vendors (a "<u>Critical Project</u>"), the Debtors shall serve (including via email) a notice ("<u>Critical Project Notice</u>") of their desire to make payment to all Critical Vendors associated with such Critical Project on: (i) the Office of the United States Trustee; (ii) counsel for any Committee; and (iii) counsel for ACF Finco I LP (the "<u>Notice Parties</u>"):

(i) The fact that a Vendor supplies good or services to a Critical Project does not automatically make such Vendor a Critical Vendor; rather, Debtors must specifically determine that such Vendor is a Critical Vendor;

(ii) The Critical Project Notice shall set forth the facts supporting the Debtors' decision that it is essential for Critical Vendor Claims to be paid on such Critical Project; the Notice Parties

---

[1] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

Active\111704167

shall keep all Critical Project Notices confidential and shall not disclose to anyone the names and amounts to be paid to each Critical Vendor on such Critical Project;

(iii)    The Notice Parties shall have two (2) business days (the "Objection Deadline") from receipt of a Critical Project Notice to serve a written objection (including via email) (an "Objection") on counsel for Debtors;

(iv)    If the Notice Parties do not serve an Objection on or before the Objection Deadline, the Debtors may (but are not required to) pay any Critical Vendor Claim associated with that Critical Project; and

(v)    If the Notice Parties serve an Objection on or before the Objection Deadline, the Debtors may not pay any Critical Vendor Claim associated with such Critical Project without further order of the Court, unless the Notice Parties have given Debtors their prior written consent to payment of such Critical Vendor Claim.

(b)    Further, the payment of any Critical Vendor Claim will be conditioned on an express agreement (the "Vendor Agreement") between such Critical Vendor and the Debtors which will include, without limitation, the following information and terms:

(i)    The amount of the Critical Vendor's estimated prepetition claim, accounting for any setoffs, other credits, or discounts thereto, which would be mutually determined in good faith by the Critical Vendor and Debtors (but such amount would be used only for the purposes of determining the Critical Vendor Claim under this Order and would not be deemed a claim allowed by the Court for any other purpose in the Chapter 11 Cases, and the rights of all interested persons to object to such claims would be fully preserved until further order of the Court);

(ii)    The Critical Vendor's agreement to provide reasonable and customary price, service, quality, and payment terms to Debtors on a postpetition basis ("Customary Trade Terms"), or upon other terms more favorable to Debtors than Customary Trade Terms as Debtors and the Critical Vendor may agree;

(iii)    The Critical Vendor's acknowledgement that it has reviewed the terms and provisions of this Order, and consents to be bound thereby;

(iv)    The Critical Vendor's agreement that it will not separately seek payment for any reclamation claims or claims under Bankruptcy Code § 503(b)(9) outside the terms of this Order unless the Critical Vendor's participation in the program to pay Critical Vendor Claims pursuant to this Order is terminated; provided, however, that such claims would, if thereafter raised

3

by the Critical Vendor as permitted by this Order, be treated as though raised on the date of this Order; and

(v) The Critical Vendor's agreement that any payments received by such Critical Vendor under this Order would be applied first to claims for the value of goods received by Debtors within 21 days prior to the Petition Date that were sold to Debtors in the ordinary course of business, and then to any other claims.

(b) Such terms, once agreed and accepted by a Critical Vendor, would be the Vendor Agreement between the parties that governs their relationship during this Chapter 11 Cases. Debtors further would retain the right, on a case-by-case basis, to obtain other acknowledgement from the Critical Vendors of the terms to which the parties have agreed.

(c) If a Critical Vendor refuses to supply goods or services to Debtors on Customary Trade Terms (or fails to comply with other terms to which the parties have agreed), following its receipt of payment on the Critical Vendor Claim, or fails to comply with the applicable Vendor Agreement in any way, Debtors may, in their discretion and without further order of this Court, declare that Critical Vendor in breach of its Vendor Agreement with Debtors. To the extent the Critical Vendor fails to cure such default or reach an alternative agreement with Debtors, Debtors may seek appropriate relief from the Court, including, without limitation, injunctive relief to compel performance pursuant to the Vendor Agreement. Further, such Critical Vendor would stipulate and agree that injunctive relief specifically enforcing the Critical Vendor Agreement would be appropriate. In addition, if a Critical Vendor refuses to comply with the Customary Trade Terms (or fails to comply with other terms to which the parties have agreed), any payment made to that Critical Vendor on account of that Critical Vendor's prepetition claim would be deemed to have been in payment of any then outstanding postpetition obligations owed to that Critical Vendor, and that Critical Vendor would be required to repay immediately to Debtors any payment previously made to it on account of its prepetition claim pursuant to this Motion, to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise. In such event, the Critical Vendor would agree that it is limited to asserting a general unsecured claim against the Estates for no more than $1.

Active\111704167

(d)     Debtors would maintain a summary list of all payments made to the Critical Vendors (the "Critical Vendor Payment List") and, if requested, would provide such Critical Vendor Payment List to the Notice Parties.  The Notice Parties shall keep the Critical Vendor Payment List confidential and shall not disclose to anyone the names and amounts to be paid to each Critical Vendor on such Critical Vendor Payment List.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order; and

**IT IS FURTHER ORDERED** that notice of this Motion as provided therein shall be deemed good and sufficient notice of the Motion; and

**IT IS FURTHER ORDERED** that Debtors are excepted from the operation of Bankruptcy Rule 6003(b); and

**IT IS FURTHER ORDERED** that any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order and its terms and conditions shall be effective immediately.

**FOX ROTHSCHILD LLP**

By:     */s/Brett A. Axelrod*
          BRETT A. AXELROD, ESQ.
          Nevada Bar No. 5859
          1980 Festival Plaza Drive, Suite 700
          Las Vegas, Nevada 89135
*[Proposed] Counsel for Debtors*

Active\111704167

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐  The Court has waived the requirement of approval in LR 9021(b)(1).

☒  No party appeared at the hearing or filed an objection to the motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

Active\111704167

1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Active\111704167

PetersenDean

|  | # of Contracts |
|---|---|
| Total Active, Builder Contracts | 831 |

Contract

| # | Customer | Division |
|---|---|---|
| 27109 | A & R Corporation, Inc. | PDI-19 |
| 27373 | Advanced Building Solutions, Inc | PDI-07 |
| 16105 | AHC of West Palm Beach LLC | PDFL-27 |
| 26069 | Albert D. Seeno Construction Co. | PDI-07 |
| 27204 | Albert D. Seeno Construction Co. | PDI-07 |
| 29149 | Albert D. Seeno Construction Co. | PDI-07 |
| 12880 | Alliance Residential Builders, LP | PDTX-36 |
| 27342 | Anderson Homes | PDI-09 |
| 28953 | Anderson Homes | PDI-09 |
| 27277 | Anthem United Homes | PDI-07 |
| 40799 | Anthem United Homes | PDS-07 |
| 28170 | Anton Building Co | PDI-20 |
| 14273 | AR Bailey Homes, LLC | PDFL-06 |
| 27429 | Ashton Woods (IP) | PDI-08 |
| 27839 | Ashton Woods (IP) | PDI-08 |
| 28110 | Ashton Woods (IP) | PDI-08 |
| 28519 | Ashton Woods (IP) | PDI-08 |
| 12706 | Axia Contracting | PDTX-36 |
| 12707 | Axia Contracting | PDTX-36 |
| 12710 | Axia Contracting | PDTX-36 |
| 12711 | Axia Contracting | PDTX-36 |
| 16208 | Azul Baldwin Park | PDFL-06 |
| 12652 | Bailey Construction & Consulting | PDTX-36 |
| 12653 | Bailey Construction & Consulting | PDTX-36 |
| 29098 | Baron, Claudia | PDI-61 |
| 12829 | Bartlett Cocke General Contractors | PDTX-36 |
| 12830 | Bartlett Cocke General Contractors | PDTX-36 |
| 28252 | Baxter Construction | PDI-11 |
| 28582 | Baxter Construction | PDI-11 |
| 27087 | Beazer Homes | PDI-08 |
| 27369 | Beazer Homes | PDI-08 |
| 27370 | Beazer Homes | PDI-08 |
| 28223 | Beazer Homes | PDI-08 |
| 28462 | Beazer Homes | PDI-08 |
| 28791 | Beazer Homes | PDI-08 |
| 5642 | Beazer Homes | PDLV-52 |
| 5683 | Beazer Homes | PDLV-52 |
| 5706 | Beazer Homes | PDLV-52 |
| 12812 | Beazer Homes | PDTX-36 |
| 12838 | Bella Building Group LLC | PDFL-25 |
| 16159 | Bella Building Group LLC | PDFL-25 |
| 15297 | Bellavista Building Group, Inc | PDFL-25 |
| 16169 | Bellavista Building Group, Inc | PDFL-25 |
| 16252 | Bellavista Building Group, Inc | PDFL-25 |
| 25870 | Benchmark Communities (IP) | PDI-02 |
| 27359 | Benchmark Communities (IP) | PDI-02 |
| 16157 | BH Management | PDFL-06 |
| 28851 | Black Pines Communities | PDI-07 |
| 28862 | Black Pines Communities | PDI-07 |
| 29124 | Black Pines Communities | PDI-07 |
| 29125 | Black Pines Communities | PDI-07 |
| 29277 | Black Pines Communities | PDI-07 |
| 50123 | Black Pines Communities | PDS-07 |
| 29249 | Blazona Development, Inc | PDI-07 |
| 28635 | Blue Mountain Const. Services, Inc. | PDI-07 |
| 29049 | Bonadelle Homes | PDI-09 |
| 51078 | Bonadelle Homes | PDS-49 |
| 28841 | Bonanni Development | PDI-19 |
| 28842 | Bonanni Development | PDI-19 |

| Contract # | Customer | Division |
|---|---|---|
| 12798 | Bonner Carrington Construction, LLC | PDTX-36 |
| 12799 | Bonner Carrington Construction, LLC | PDTX-36 |
| 16250 | Bove LLC | PDFL-24 |
| 16273 | Bowen, Audrey | PDFL-06 |
| 27768 | Bright Homes | PDI-02 |
| 27361 | Bright Homes | PDI-03 |
| 27744 | Bright Homes | PDI-03 |
| 28776 | Brighton Coulson Inc. | PDI-02 |
| 28318 | Brighton Coulson Inc. | PDI-07 |
| 28418 | Brinkman Construction | PDI-11 |
| 28421 | Brinkman Construction | PDI-11 |
| 28422 | Brinkman Construction | PDI-11 |
| 29026 | Brinkman Construction | PDI-11 |
| 29027 | Brinkman Construction | PDI-11 |
| 29028 | Brinkman Construction | PDI-11 |
| 16080 | Brooks & Freund | PDFL-20 |
| 12595 | Brown Builders | PDTX-36 |
| 12596 | Brown Builders | PDTX-36 |
| 29270 | Brown Construction | PDI-09 |
| 28055 | Brown Construction | PDI-20 |
| 16267 | Bryde, Rodyn | PDFL-24 |
| 28493 | Building Repair and Management Inc. | PDI-61 |
| 29336 | BV Winery | PDI-61 |
| 23795 | Cachet Homes (FMT) | PDI-08 |
| 12754 | CalAtlantic Group, Inc. (Ryland) | PDFL-25 |
| 28584 | California Home Builders   (sc) | PDI-19 |
| 16172 | Cameron GCs | PDFL-25 |
| 16128 | Cameron GCs | PDFL-27 |
| 27850 | Carter Hill Homes, LLC | PDI-17 |
| 28290 | Casner Communities Inc. | PDI-61 |
| 28468 | Casner Communities Inc. | PDI-61 |
| 28473 | Casner Communities Inc. | PDI-61 |
| 28474 | Casner Communities Inc. | PDI-61 |
| 15949 | CB Constructors, Inc. (F-SOV-20) | PDFL-27 |
| 12684 | CBG Building Company, LLC | PDTX-36 |
| 12724 | CEI General Contractros | PDTX-36 |
| 12826 | CEI General Contractros | PDTX-36 |
| 12827 | CEI General Contractros | PDTX-36 |
| 12828 | CEI General Contractros | PDTX-36 |
| 16231 | Century Communities | PDFL-25 |
| 26910 | Century Communities | PDI-02 |
| 27420 | Century Communities | PDI-02 |
| 27422 | Century Communities | PDI-02 |
| 27671 | Century Communities | PDI-02 |
| 27980 | Century Communities | PDI-02 |
| 28119 | Century Communities | PDI-02 |
| 27349 | Century Communities | PDI-09 |
| 28580 | Century Communities | PDI-19 |
| 28786 | Century Communities | PDI-19 |
| 28787 | Century Communities | PDI-19 |
| 5649 | Century Communities | PDLV-52 |
| 5740 | Century Communities | PDLV-52 |
| 27058 | Chadmar RSM Partners, L.P. | PDI-19 |
| 51128 | Christopher Homes | PDS-19 |
| 28893 | Christopherson Builders LLC | PDI-61 |
| 29008 | Christopherson Builders LLC | PDI-61 |
| 29175 | Christopherson Builders LLC | PDI-61 |
| 49811 | Christopherson Builders LLC | PDS-07 |
| 56659 | City Ventures Construction | PDI-06 |
| 27007 | City Ventures Construction | PDI-19 |
| 27008 | City Ventures Construction | PDI-19 |
| 27009 | City Ventures Construction | PDI-19 |
| 27507 | City Ventures Construction | PDI-19 |
| 28014 | City Ventures Construction | PDI-19 |
| 27114 | City Ventures Construction | PDI-20 |
| 27201 | City Ventures Construction | PDI-20 |

| Contract # | Customer | Division |
|---|---|---|
| 50921 | City Ventures Construction | PDS-19 |
| 15001 | Coast Homes LLC | PDFL-24 |
| 16256 | Connie Mimick | PDFL-27 |
| 15964 | Contravest Builders | PDFL-25 |
| 16170 | Contravest Builders | PDFL-25 |
| 12663 | Cooper Construction | PDTX-32 |
| 12665 | Cooper Construction | PDTX-32 |
| 12889 | Crabtree, Virgil | PDTX-36 |
| 29261 | Creative Carpentry | PDI-61 |
| 28124 | Cresleigh Homes | PDI-07 |
| 28177 | Cresleigh Homes | PDI-07 |
| 28702 | Cresleigh Homes | PDI-07 |
| 29090 | Cresleigh Homes | PDI-07 |
| 44698 | Cresleigh Homes | PDS-07 |
| 45312 | Cresleigh Homes | PDS-07 |
| 49773 | Cresleigh Homes | PDS-07 |
| 50868 | Cresleigh Homes | PDS-07 |
| 16202 | Current Builders | PDFL-27 |
| 27329 | Custom Craft Builders | PDI-17 |
| 29340 | Customer Service Billable | PDI-19 |
| 16048 | David Weekly Homes/ Tampa Division | PDFL-20 |
| 26886 | Davidon Homes | PDI-07 |
| 28350 | Davis/Reed Construction | PDI-20 |
| 28761 | Davis/Reed Construction | PDI-20 |
| 27334 | De Young Properties-Team 5 | PDI-09 |
| 27679 | De Young Properties-Team 5 | PDI-09 |
| 29048 | De Young Properties-Team 5 | PDI-09 |
| 50109 | De Young Properties-Team 5 | PDS-49 |
| 28792 | Deacon Construction | PDI-20 |
| 16179 | DeBartolo Construction Services LLC | PDFL-25 |
| 28205 | DeNova Homes | PDI-02 |
| 28449 | DeNova Homes | PDI-07 |
| 28563 | DeNova Homes | PDI-07 |
| 27843 | DeNova Homes | PDI-61 |
| 45035 | DeNova Homes | PDS-07 |
| 15992 | DHI Communities Const of FL, LLC | PDFL-25 |
| 15948 | DI Constructions, LLC | PDFL-20 |
| 16116 | DI Constructions, LLC | PDFL-25 |
| 28553 | Di Loreto Construction, Inc | PDI-17 |
| 16066 | Dillon, Chuck | PDFL-25 |
| 26755 | Discovery Builders | PDI-02 |
| 26521 | Discovery Builders | PDI-07 |
| 27393 | Discovery Builders | PDI-07 |
| 28416 | Discovery Builders | PDI-07 |
| 28452 | Discovery Builders | PDI-07 |
| 28463 | Discovery Builders | PDI-07 |
| 28778 | Discovery Builders | PDI-07 |
| 29151 | Discovery Builders | PDI-07 |
| 37338 | Discovery Builders | PDS-07 |
| 28460 | Dividend Homes | PDI-02 |
| 28506 | Dividend Homes | PDI-02 |
| 50701 | Dividend Homes | PDS-02 |
| 23991 | Divinity Homes, Inc. | PDI-08 |
| 28494 | Divinity Homes, Inc. | PDI-08 |
| 29225 | Domingues, Felis | PDI-61 |
| 26520 | DR Horton | PDI-02 |
| 27495 | DR Horton | PDI-02 |
| 29051 | DR Horton | PDI-02 |
| 29056 | DR Horton | PDI-02 |
| 29221 | DR Horton | PDI-02 |
| 27464 | DR Horton | PDI-07 |
| 27681 | DR Horton | PDI-07 |
| 27704 | DR Horton | PDI-07 |
| 27708 | DR Horton | PDI-07 |
| 27716 | DR Horton | PDI-07 |
| 27944 | DR Horton | PDI-07 |

| Contract # | Customer | Division |
|---|---|---|
| 28298 | DR Horton | PDI-07 |
| 28388 | DR Horton | PDI-07 |
| 28837 | DR Horton | PDI-07 |
| 28990 | DR Horton | PDI-07 |
| 28152 | DR Horton | PDI-08 |
| 28274 | DR Horton | PDI-08 |
| 28275 | DR Horton | PDI-08 |
| 28586 | DR Horton | PDI-08 |
| 28211 | DR Horton | PDI-09 |
| 28453 | DR Horton | PDI-09 |
| 28454 | DR Horton | PDI-09 |
| 27257 | DR Horton | PDI-17 |
| 27696 | DR Horton | PDI-17 |
| 28136 | DR Horton | PDI-17 |
| 28739 | DR Horton | PDI-17 |
| 29234 | DR Horton | PDI-17 |
| 29295 | DR Horton | PDI-17 |
| 28089 | DR Horton | PDI-19 |
| 28090 | DR Horton | PDI-19 |
| 28091 | DR Horton | PDI-19 |
| 28442 | DR Horton | PDI-19 |
| 28443 | DR Horton | PDI-19 |
| 29309 | DR Horton | PDI-19 |
| 43809 | DR Horton | PDS-02 |
| 39348 | DR Horton | PDS-07 |
| 44380 | DR Horton | PDS-07 |
| 44586 | DR Horton | PDS-07 |
| 44754 | DR Horton | PDS-07 |
| 45724 | DR Horton | PDS-07 |
| 14227 | Dream Finders Homes | PDFL-25 |
| 15356 | Dream Finders Homes | PDFL-25 |
| 15369 | Dream Finders Homes | PDFL-25 |
| 16063 | Dream Finders Homes | PDFL-25 |
| 16194 | Dream Finders Homes | PDFL-25 |
| 28950 | Eames Construction Inc. | PDI-61 |
| 29067 | Eames Construction Inc. | PDI-61 |
| 29313 | Eames Construction Inc. | PDI-61 |
| 28606 | Earthtone Construction | PDI-61 |
| 29159 | Earthtone Construction | PDI-61 |
| 27777 | Eavenson Construction CO. | PDI-02 |
| 29065 | EB&R  Empire Building & Restoration | PDI-61 |
| 29213 | Edenbridge, Inc. | PDI-02 |
| 51264 | Edenbridge, Inc. | PDS-02 |
| 27330 | Elliott Homes | PDI-07 |
| 27680 | Elliott Homes | PDI-07 |
| 29243 | Elliott Homes | PDI-07 |
| 12852 | F&H Construction Company | PDTX-36 |
| 28612 | FCB Homes (IP) | PDI-02 |
| 28751 | FCB Homes (IP) | PDI-02 |
| 28753 | FCB Homes (IP) | PDI-02 |
| 29068 | FDC-Facility Development Co LLC | PDI-61 |
| 29240 | Finley Contracting Inc. | PDI-61 |
| 29317 | Finley Contracting Inc. | PDI-61 |
| 12873 | Fischer Langham Custom Homes | PDTX-36 |
| 27447 | Florsheim Homes | PDI-02 |
| 28011 | Florsheim Homes | PDI-02 |
| 28565 | Florsheim Homes | PDI-02 |
| 45878 | Florsheim Homes | PDS-02 |
| 49414 | Florsheim Homes | PDS-02 |
| 16110 | Flournoy Construction | PDFL-24 |
| 15936 | Flournoy Construction | PDFL-25 |
| 12516 | Flournoy Construction Company | PDTX-32 |
| 45759 | Focus Realty Services, Inc | PDS-02 |
| 27227 | Fore Construction LLC | PDI-19 |
| 12721 | Franklin Construction | PDTX-36 |
| 12722 | Franklin Construction | PDTX-36 |

| Contract # | Customer | Division |
|---|---|---|
| 28643 | Fulton Homes | PDI-08 |
| 16225 | G3-AEC | PDFL-25 |
| 28902 | Gary Stone Inc. | PDI-02 |
| 16259 | Gates Construction | PDFL-27 |
| 27890 | Gateway Builders Inc. | PDI-61 |
| 28297 | Gateway Builders Inc. | PDI-61 |
| 29094 | Gateway Builders Inc. | PDI-61 |
| 27404 | Gehan Homes Construction ,LLC (IP) | PDI-08 |
| 27958 | Gehan Homes Construction ,LLC (IP) | PDI-08 |
| 28796 | Gera Construction | PDI-02 |
| 16265 | Greystar | PDFL-25 |
| 12832 | Griffin Construction Company | PDTX-36 |
| 27509 | Griffin Fine Living | PDI-19 |
| 27511 | Griffin Fine Living | PDI-19 |
| 28633 | Guzman Construction | PDI-20 |
| 28976 | Guzman Construction | PDI-20 |
| 28564 | Harkey Construction | PDI-61 |
| 5544 | Harmony Homes | PDLV-52 |
| 5570 | Harmony Homes | PDLV-52 |
| 5732 | Harmony Homes | PDLV-52 |
| 5761 | Harmony Homes | PDLV-52 |
| 29223 | Harrington, Ellen | PDI-61 |
| 28810 | Harrison Construction | PDI-07 |
| 29131 | Harrison Construction | PDI-20 |
| 12836 | Harvey-Cleary Builders | PDTX-36 |
| 12888 | Hawkins, Anthony | PDTX-36 |
| 16196 | Hennessy Construction Services | PDFL-25 |
| 29100 | Herbert, Steve & Erica | PDI-61 |
| 12890 | Hiemstra, Nicholas | PDTX-36 |
| 28330 | High Town Development, LLC | PDI-02 |
| 27185 | Hillcrest Meadows, LLC | PDI-02 |
| 16167 | Horizon | PDFL-06 |
| 27152 | Insurance Claims Litigation | PDI-06 |
| 12849 | Integrated Construction & Develpmnt | PDTX-36 |
| 29259 | Invision Palm LLC | PDI-19 |
| 51200 | Irvine Pacific L.P. | PDS-19 |
| 15998 | Jennings Construction Services Corp | PDFL-25 |
| 29012 | Jim Murphy & Associates | PDI-61 |
| 29129 | Jim Murphy & Associates | PDI-61 |
| 16094 | JK2 Holmes Constructors, LLC. | PDFL-25 |
| 16238 | JK2 Holmes Constructors, LLC. | PDFL-25 |
| 28523 | JKB Living | PDI-61 |
| 28527 | JKB Living | PDI-61 |
| 27537 | JKB Living, Inc., | PDI-02 |
| 27796 | JKB Living, Inc., | PDI-02 |
| 26221 | John Mourier Construction | PDI-07 |
| 27877 | John Mourier Construction | PDI-07 |
| 28288 | John Mourier Construction | PDI-07 |
| 28825 | John Mourier Construction | PDI-07 |
| 29235 | John Mourier Construction | PDI-07 |
| 51298 | John Mourier Construction | PDS-07 |
| 28126 | Johnstone Moyer | PDI-02 |
| 13284 | Jordan Construction & Development | PDFL-25 |
| 16204 | Jordan Construction & Development | PDFL-25 |
| 16268 | Jordan Construction & Development | PDFL-25 |
| 12751 | Jordan Foster Residential | PDTX-36 |
| 12752 | Jordan Foster Residential | PDTX-36 |
| 12753 | Jordan Foster Residential | PDTX-36 |
| 27259 | Joseph Carl Homes, LLC | PDI-08 |
| 28994 | K. Hovnanian | PDI-02 |
| 29095 | K. Hovnanian | PDI-02 |
| 28060 | K. Hovnanian | PDI-07 |
| 28411 | K. Hovnanian | PDI-07 |
| 28741 | K. Hovnanian | PDI-09 |
| 28856 | K. Hovnanian | PDI-19 |
| 28857 | K. Hovnanian | PDI-19 |

| Contract # | Customer | Division |
|---|---|---|
| 12654 | Katerra Construction | PDTX-36 |
| 16192 | Kaufman Lynn | PDFL-27 |
| 27132 | KB Homes | PDI-02 |
| 27235 | KB Homes | PDI-02 |
| 27454 | KB Homes | PDI-02 |
| 27455 | KB Homes | PDI-02 |
| 27458 | KB Homes | PDI-02 |
| 27542 | KB Homes | PDI-02 |
| 28308 | KB Homes | PDI-02 |
| 28456 | KB Homes | PDI-07 |
| 28459 | KB Homes | PDI-07 |
| 28246 | KB Homes | PDI-08 |
| 27417 | KB Homes | PDI-19 |
| 28007 | KB Homes | PDI-19 |
| 4520 | KB Homes | PDLV-52 |
| 4967 | KB Homes | PDLV-52 |
| 5282 | KB Homes | PDLV-52 |
| 5618 | KB Homes | PDLV-52 |
| 5653 | KB Homes | PDLV-52 |
| 5682 | KB Homes | PDLV-52 |
| 5685 | KB Homes | PDLV-52 |
| 5688 | KB Homes | PDLV-52 |
| 5704 | KB Homes | PDLV-52 |
| 29205 | KBE Building Corporation | PDI-19 |
| 26973 | KDH Builders | PDI-17 |
| 28881 | Kiper Development | PDI-02 |
| 29114 | Kiper Development | PDI-02 |
| 28245 | Kiper Development | PDI-07 |
| 51247 | Kiper Development | PDS-02 |
| 50699 | Kiper Development | PDS-07 |
| 12735 | Konkol Custom Homes | PDFL-25 |
| 16226 | Konkol Custom Homes | PDFL-25 |
| 28946 | Kuo, David | PDI-61 |
| 27280 | Lafferty Construction Company | PDI-03 |
| 27505 | Lafferty Construction Company | PDI-07 |
| 28410 | Lafferty Construction Company | PDI-61 |
| 47314 | Lafferty Construction Company | PDS-07 |
| 49488 | Lafferty Construction Company | PDS-07 |
| 26983 | Landmark Builders Group Inc. | PDI-19 |
| 27475 | Landsea Holdings | PDI-02 |
| 16210 | LandSouth | PDFL-24 |
| 16236 | LandSouth | PDFL-24 |
| 16181 | LandSouth | PDFL-25 |
| 16251 | Legacy Builders | PDFL-27 |
| 27302 | Legacy Homes  IP | PDI-02 |
| 27390 | Legacy Homes  IP | PDI-02 |
| 13228 | Lennar | PDFL-06 |
| 15778 | Lennar | PDFL-25 |
| 15803 | Lennar | PDFL-25 |
| 15807 | Lennar | PDFL-25 |
| 15935 | Lennar | PDFL-25 |
| 15958 | Lennar | PDFL-25 |
| 16185 | Lennar | PDFL-25 |
| 12659 | Lennar | PDFL-27 |
| 27662 | Lennar | PDI-02 |
| 27945 | Lennar | PDI-02 |
| 29161 | Lennar | PDI-02 |
| 27281 | Lennar | PDI-07 |
| 27962 | Lennar | PDI-07 |
| 27859 | Lennar | PDI-08 |
| 27860 | Lennar | PDI-08 |
| 27699 | Lennar | PDI-19 |
| 27700 | Lennar | PDI-19 |
| 28130 | Lennar | PDI-19 |
| 28593 | Lennar | PDI-19 |
| 28594 | Lennar | PDI-19 |

| Contract # | Customer | Division |
|---|---|---|
| 28629 | Lennar | PDI-19 |
| 28630 | Lennar | PDI-19 |
| 28651 | Lennar | PDI-19 |
| 28766 | Lennar | PDI-19 |
| 29018 | Lennar | PDI-19 |
| 29163 | Lennar | PDI-19 |
| 27129 | Lennar | PDI-20 |
| 27532 | Lennar | PDI-20 |
| 5336 | Lennar | PDLV-52 |
| 29140 | LGI Homes | PDI-19 |
| 48215 | LGI Homes | PDS-19 |
| 51095 | LGI Homes | PDS-19 |
| 16102 | Lighthouse Cove @ Tequesta/3U95 | PDFL-27 |
| 5751 | Littleton, Harriet | PDLV-52 |
| 12747 | Lott Brothers Construction Co. | PDTX-31 |
| 12639 | Lott Brothers Construction Co. | PDTX-32 |
| 16257 | Mackesy, Kevin | PDFL-24 |
| 28165 | Mark Hancock Development Corp. | PDI-08 |
| 28230 | Mark-Taylor Development, Inc. | PDI-08 |
| 27864 | Mattamy Arizona Construction, LLC | PDI-08 |
| 28793 | MBK Homes, LTD. (ACH) | PDI-19 |
| 27515 | McCarthy Companies | PDI-19 |
| 29250 | McCarthy Companies | PDI-19 |
| 28253 | McPherson Group | PDI-11 |
| 28254 | McPherson Group | PDI-11 |
| 12385 | Meritage | PDFL-25 |
| 27337 | Meritage | PDI-02 |
| 27541 | Meritage | PDI-02 |
| 27639 | Meritage | PDI-02 |
| 28826 | Meritage | PDI-02 |
| 28827 | Meritage | PDI-02 |
| 27232 | Meritage | PDI-07 |
| 27364 | Meritage | PDI-07 |
| 27613 | Meritage | PDI-07 |
| 27634 | Meritage | PDI-07 |
| 27635 | Meritage | PDI-07 |
| 27636 | Meritage | PDI-07 |
| 28626 | Meritage | PDI-07 |
| 28122 | Meritage | PDI-19 |
| 28661 | Meritage | PDI-19 |
| 27481 | Meritage | PDI-20 |
| 28738 | MHG Builder & Consulting, Inc | PDI-02 |
| 25656 | MHP Builders, Inc.(IP) | PDI-02 |
| 27525 | MHP Builders, Inc.(IP) | PDI-07 |
| 28923 | Mikara Construction | PDI-61 |
| 28925 | Mikara Construction | PDI-61 |
| 13631 | Minto Communities, LLC (IP) | PDFL-25 |
| 12861 | Moch, Jerry | PDTX-36 |
| 12841 | Modern Constructors LLC | PDTX-36 |
| 12842 | Modern Constructors LLC | PDTX-36 |
| 29303 | Morin, Cheryl | PDI-61 |
| 16242 | NDC Construction Company | PDFL-25 |
| 13168 | Nemours Children's Hospital | PDFL-06 |
| 27401 | Nevada Style Real Estate & Construc | PDI-17 |
| 27446 | New Home Co | PDI-07 |
| 27695 | New Home Co | PDI-07 |
| 28401 | New Home Co | PDI-07 |
| 28402 | New Home Co | PDI-07 |
| 28824 | New Home Co | PDI-07 |
| 27130 | New Home Co | PDI-19 |
| 28605 | New Home Co | PDI-19 |
| 28794 | New Home Co | PDI-19 |
| 27077 | New Home Co | PDI-20 |
| 27948 | New Home Co | PDI-20 |
| 41128 | New Home Co | PDS-07 |
| 29316 | New Village Homes | PDI-08 |

| Contract # | Customer | Division |
|---|---|---|
| 28782 | Nguyen, Ron | PDI-19 |
| 16203 | Northland Investment Corporation | PDFL-06 |
| 16264 | NRP Contractors II LLC | PDFL-27 |
| 16152 | NTS Development Company | PDFL-06 |
| 16147 | NTS Development Company | PDFL-25 |
| 27133 | Nuvera Construction, Inc. | PDI-07 |
| 28389 | Oakwood Communities, Inc | PDI-19 |
| 28390 | Oakwood Communities, Inc | PDI-19 |
| 28734 | O'Gorman, Jim & Dana | PDI-61 |
| 28242 | Olson Urban Housing, L.P.  (sc) | PDI-19 |
| 28243 | Olson Urban Housing, L.P.  (sc) | PDI-19 |
| 28086 | Pacific West | PDI-17 |
| 27386 | Pan-Cal Corporation | PDI-02 |
| 5466 | Pardee Construction Company | PDLV-52 |
| 5467 | Pardee Construction Company | PDLV-52 |
| 5477 | Pardee Construction Company | PDLV-52 |
| 26316 | Pardee Homes (SC) | PDI-19 |
| 26317 | Pardee Homes (SC) | PDI-19 |
| 27430 | Pardee Homes (SC) | PDI-19 |
| 27431 | Pardee Homes (SC) | PDI-19 |
| 27549 | Paul White Construction | PDI-61 |
| 29229 | Paul White Construction | PDI-61 |
| 29300 | PB Hein | PDI-61 |
| 51030 | PD Solar Internal | PDS-07 |
| 16271 | Perez, Jose | PDFL-06 |
| 29185 | Petersen-Dean SB800 - Bill Legal | PDI-19 |
| 27925 | Poelman Construction, Ltd. | PDI-20 |
| 50866 | Ponderosa Homes | PDS-02 |
| 50968 | Ponderosa Homes | PDS-19 |
| 11823 | Post Oak Homes | PDTX-36 |
| 12638 | Prestige Buiding Company, LLC | PDTX-31 |
| 26110 | Preston Homes | PDI-17 |
| 29182 | Property Management Professionals | PDI-19 |
| 29282 | Property Management Professionals | PDI-19 |
| 29283 | Property Management Professionals | PDI-19 |
| 29284 | Property Management Professionals | PDI-19 |
| 29285 | Property Management Professionals | PDI-19 |
| 29286 | Property Management Professionals | PDI-19 |
| 27539 | Pulte Homes | PDI-20 |
| 27540 | Pulte Homes | PDI-20 |
| 27905 | Pulte Homes | PDI-20 |
| 28610 | Pulte Homes | PDI-20 |
| 28581 | PWC California Builders, Inc | PDI-07 |
| 15974 | R.E. Crawford Contruction | PDFL-25 |
| 12348 | Rampart Construction Company, L.P. | PDTX-31 |
| 12732 | Rampart Construction Company, L.P. | PDTX-31 |
| 12733 | Rampart Construction Company, L.P. | PDTX-31 |
| 12734 | Rampart Construction Company, L.P. | PDTX-31 |
| 29105 | RC Homes, Inc | PDI-19 |
| 29106 | RC Homes, Inc | PDI-19 |
| 14928 | Richmond | PDFL-27 |
| 27388 | Richmond | PDI-02 |
| 29265 | Richmond | PDI-07 |
| 26867 | Richmond | PDI-19 |
| 5489 | Richmond | PDLV-52 |
| 5499 | Richmond | PDLV-52 |
| 5599 | Richmond | PDLV-52 |
| 5622 | Richmond | PDLV-52 |
| 28429 | Rinnovo Group, Inc. | PDI-19 |
| 29289 | Roger Lees Construction | PDI-61 |
| 12723 | Rogers-O'Brien Construction Co. Ltd | PDTX-31 |
| 28616 | Rosewood Homes (FMT) | PDI-08 |
| 28736 | Rosewood Homes (FMT) | PDI-08 |
| 28920 | Rufenacht, Randy | PDI-61 |
| 15993 | Ryan Companies | PDFL-25 |
| 14970 | Ryan Homes | PDFL-27 |

| Contract # | Customer | Division |
|---|---|---|
| 15088 | Ryan Homes | PDFL-27 |
| 15817 | Ryan Homes | PDFL-27 |
| 15961 | Ryan Homes | PDFL-27 |
| 29332 | Samuelson Tingo Construction | PDI-61 |
| 16270 | Santone, Michael | PDFL-06 |
| 28559 | Sawyer Construction | PDI-61 |
| 5695 | SBH Contracting, LLC | PDLV-52 |
| 5714 | SBH Contracting, LLC | PDLV-52 |
| 5747 | SBH Contracting, LLC | PDLV-52 |
| 12886 | Schoepf, Nancy | PDTX-36 |
| 15643 | SEDA Construction Company | PDFL-24 |
| 28759 | Sclivanoff, Marc | PDI-61 |
| 16269 | Seminole Masonry, LLC | PDFL-25 |
| 27670 | Shea Homes | PDI-02 |
| 26815 | Shea Homes | PDI-07 |
| 28427 | Shea Homes | PDI-07 |
| 26986 | Shea Homes | PDI-08 |
| 27303 | Shea Homes | PDI-08 |
| 27415 | Shea Homes | PDI-08 |
| 27421 | Shea Homes | PDI-08 |
| 28445 | Shea Homes | PDI-08 |
| 28598 | Shea Homes | PDI-08 |
| 27694 | Shea Homes | PDI-19 |
| 28299 | Shea Homes | PDI-19 |
| 28972 | Shea Homes | PDI-19 |
| 43919 | Shea Homes | PDS-02 |
| 48687 | Shea Homes | PDS-07 |
| 16222 | Sherman, Muriel | PDFL-06 |
| 28369 | Shook & Waller Construction,Inc. | PDI-61 |
| 29266 | Shook & Waller Construction,Inc. | PDI-61 |
| 29031 | Sidney M Lewin and Associates | PDI-61 |
| 27391 | Signature Homes  (NB)(IP) | PDI-02 |
| 28871 | Siliconsage Construction Inc | PDI-02 |
| 50208 | Siliconsage Construction Inc | PDS-02 |
| 27115 | Silverado Homes Nevada, Inc. | PDI-17 |
| 27239 | Silverado Homes Nevada, Inc. | PDI-17 |
| 27748 | Silverado Homes Nevada, Inc. | PDI-17 |
| 29227 | Silverado Homes Nevada, Inc. | PDI-17 |
| 29233 | Silverado Homes Nevada, Inc. | PDI-17 |
| 16044 | SMC Construction Southeast, LLC | PDFL-25 |
| 12885 | Smith, Gary | PDTX-36 |
| 28763 | Sonnen Motorcars LLC | PDI-61 |
| 16150 | South Oxford Management | PDFL-25 |
| 5768 | Stafford, John | PDLV-52 |
| 27266 | Standard Pacific - Arizona (FMT) | PDI-08 |
| 26787 | Starlight Homes Construction,LLC IP | PDI-08 |
| 27805 | Starlight Homes Construction,LLC IP | PDI-08 |
| 28269 | Starlight Homes Construction,LLC IP | PDI-08 |
| 29141 | Stone Point Construction | PDI-61 |
| 29200 | Stone Point Construction | PDI-61 |
| 12801 | Strategic Construction, Ltd. | PDTX-36 |
| 12802 | Strategic Construction, Ltd. | PDTX-36 |
| 27376 | Sun Lakes | PDI-02 |
| 28376 | Sun Lakes | PDI-02 |
| 29268 | Sun Lakes | PDI-02 |
| 42790 | Sun Lakes | PDS-02 |
| 47853 | Sun Lakes | PDS-02 |
| 28670 | Sundt Construction | PDI-20 |
| 35827 | SunPower | PDS-02 |
| 36955 | SunPower | PDS-02 |
| 38524 | SunPower | PDS-02 |
| 38541 | SunPower | PDS-02 |
| 39737 | SunPower | PDS-02 |
| 40227 | SunPower | PDS-02 |
| 43136 | SunPower | PDS-02 |
| 43717 | SunPower | PDS-02 |

| Contract # | Customer | Division |
|---|---|---|
| 44387 | SunPower | PDS-02 |
| 44415 | SunPower | PDS-02 |
| 44653 | SunPower | PDS-02 |
| 45045 | SunPower | PDS-02 |
| 46432 | SunPower | PDS-02 |
| 46744 | SunPower | PDS-02 |
| 46817 | SunPower | PDS-02 |
| 47477 | SunPower | PDS-02 |
| 47903 | SunPower | PDS-02 |
| 48385 | SunPower | PDS-02 |
| 48707 | SunPower | PDS-02 |
| 49149 | SunPower | PDS-02 |
| 50719 | SunPower | PDS-02 |
| 51052 | SunPower | PDS-02 |
| 51147 | SunPower | PDS-02 |
| 37609 | SunPower | PDS-07 |
| 41600 | SunPower | PDS-07 |
| 42519 | SunPower | PDS-07 |
| 43060 | SunPower | PDS-07 |
| 43250 | SunPower | PDS-07 |
| 44309 | SunPower | PDS-07 |
| 44611 | SunPower | PDS-07 |
| 44761 | SunPower | PDS-07 |
| 45122 | SunPower | PDS-07 |
| 48137 | SunPower | PDS-07 |
| 48326 | SunPower | PDS-07 |
| 48422 | SunPower | PDS-07 |
| 48435 | SunPower | PDS-07 |
| 48595 | SunPower | PDS-07 |
| 48661 | SunPower | PDS-07 |
| 50769 | SunPower | PDS-07 |
| 51038 | SunPower | PDS-07 |
| 34621 | SunPower | PDS-19 |
| 35843 | SunPower | PDS-19 |
| 35991 | SunPower | PDS-19 |
| 36606 | SunPower | PDS-19 |
| 38565 | SunPower | PDS-19 |
| 38964 | SunPower | PDS-19 |
| 42216 | SunPower | PDS-19 |
| 42814 | SunPower | PDS-19 |
| 43650 | SunPower | PDS-19 |
| 44836 | SunPower | PDS-19 |
| 46424 | SunPower | PDS-19 |
| 47675 | SunPower | PDS-19 |
| 48029 | SunPower | PDS-19 |
| 48130 | SunPower | PDS-19 |
| 48244 | SunPower | PDS-19 |
| 48253 | SunPower | PDS-19 |
| 48342 | SunPower | PDS-19 |
| 49076 | SunPower | PDS-19 |
| 49081 | SunPower | PDS-19 |
| 49202 | SunPower | PDS-19 |
| 49249 | SunPower | PDS-19 |
| 49738 | SunPower | PDS-19 |
| 50121 | SunPower | PDS-19 |
| 50383 | SunPower | PDS-19 |
| 50787 | SunPower | PDS-19 |
| 51136 | SunPower | PDS-19 |
| 51176 | SunPower | PDS-19 |
| 51213 | SunPower | PDS-19 |
| 51214 | SunPower | PDS-19 |
| 51223 | SunPower | PDS-19 |
| 43656 | SunPower | PDS-49 |
| 47863 | SunPower | PDS-49 |
| 47982 | SunPower | PDS-49 |
| 48218 | SunPower | PDS-49 |

| Contract # | Customer | Division |
|---|---|---|
| 49437 | SunPower | PDS-49 |
| 50359 | SunPower | PDS-49 |
| 50642 | SunPower | PDS-49 |
| 51335 | SunPower | PDS-49 |
| 29314 | Sunseri Associates, Inc | PDI-20 |
| 46984 | Sunstreet | PDS-19 |
| 47488 | Sunstreet | PDS-19 |
| 47512 | Sunstreet | PDS-19 |
| 47516 | Sunstreet | PDS-19 |
| 47519 | Sunstreet | PDS-19 |
| 48235 | Sunstreet | PDS-19 |
| 48287 | Sunstreet | PDS-19 |
| 48482 | Sunstreet | PDS-19 |
| 49333 | Sunstreet | PDS-19 |
| 49344 | Sunstreet | PDS-19 |
| 49629 | Sunstreet | PDS-19 |
| 49684 | Sunstreet | PDS-19 |
| 50245 | Sunstreet | PDS-19 |
| 50265 | Sunstreet | PDS-19 |
| 50340 | Sunstreet | PDS-19 |
| 50376 | Sunstreet | PDS-19 |
| 50891 | Sunstreet | PDS-19 |
| 51253 | Sunstreet | PDS-19 |
| 51254 | Sunstreet | PDS-19 |
| 15786 | Swiger, Candance | PDFL-25 |
| 16199 | Taylor Morrison | PDFL-24 |
| 16240 | Taylor Morrison | PDFL-24 |
| 9770 | Taylor Morrison | PDFL-25 |
| 12611 | Taylor Morrison | PDFL-25 |
| 14007 | Taylor Morrison | PDFL-25 |
| 29110 | Taylor Morrison | PDI-02 |
| 27231 | Taylor Morrison | PDI-07 |
| 29000 | Taylor Morrison | PDI-07 |
| 20434 | Taylor Morrison | PDS-07 |
| 28367 | TC Construction, LLC (FMT) | PDI-08 |
| 28562 | TC Construction, LLC (FMT) | PDI-08 |
| 16075 | The FaverGray Company | PDFL-25 |
| 12686 | The Gonzalez Group LP | PDTX-36 |
| 26874 | The Grupe Company | PDI-20 |
| 12853 | The Lemoine Company | PDTX-36 |
| 12891 | The Millennium Waterway | PDTX-36 |
| 16189 | The Spanos Corporation | PDFL-25 |
| 26087 | The Weekley Group (IP) | PDI-08 |
| 27351 | The Weekley Group (IP) | PDI-08 |
| 28349 | The Weekley Group (IP) | PDI-08 |
| 28446 | The Weekley Group (IP) | PDI-08 |
| 28319 | Thompson Thrift Construction | PDI-11 |
| 28320 | Thompson Thrift Construction | PDI-11 |
| 28321 | Thompson Thrift Construction | PDI-11 |
| 28534 | Thompson Thrift Construction | PDI-11 |
| 16134 | Thompson Thrift Construction Inc. | PDFL-25 |
| 27198 | Tim Lewis Communities (Nevada), Inc | PDI-17 |
| 15609 | Toll Brothers | PDFL-24 |
| 15638 | Toll Brothers | PDFL-24 |
| 15716 | Toll Brothers | PDFL-24 |
| 15765 | Toll Brothers | PDFL-24 |
| 15891 | Toll Brothers | PDFL-24 |
| 12251 | Toll Brothers | PDFL-25 |
| 25602 | Toll Brothers | PDI-02 |
| 25825 | Toll Brothers | PDI-02 |
| 27199 | Toll Brothers | PDI-02 |
| 27428 | Toll Brothers | PDI-02 |
| 24979 | Toll Brothers | PDI-07 |
| 27465 | Toll Brothers | PDI-07 |
| 26544 | Toll Brothers | PDI-08 |
| 27500 | Toll Brothers | PDI-08 |

| Contract # | Customer | Division |
|---|---|---|
| 28039 | Toll Brothers | PDI-08 |
| 28044 | Toll Brothers | PDI-08 |
| 28052 | Toll Brothers | PDI-08 |
| 28233 | Toll Brothers | PDI-08 |
| 28359 | Toll Brothers | PDI-08 |
| 28471 | Toll Brothers | PDI-08 |
| 28479 | Toll Brothers | PDI-08 |
| 28507 | Toll Brothers | PDI-08 |
| 25588 | Toll Brothers | PDI-19 |
| 25589 | Toll Brothers | PDI-19 |
| 26584 | Toll Brothers | PDI-19 |
| 26586 | Toll Brothers | PDI-19 |
| 26597 | Toll Brothers | PDI-19 |
| 26598 | Toll Brothers | PDI-19 |
| 26865 | Toll Brothers | PDI-19 |
| 26866 | Toll Brothers | PDI-19 |
| 27436 | Toll Brothers | PDI-19 |
| 27437 | Toll Brothers | PDI-19 |
| 27487 | Toll Brothers | PDI-19 |
| 27488 | Toll Brothers | PDI-19 |
| 27801 | Toll Brothers | PDI-19 |
| 27802 | Toll Brothers | PDI-19 |
| 28395 | Toll Brothers | PDI-19 |
| 28396 | Toll Brothers | PDI-19 |
| 27416 | Toll Brothers | PDI-20 |
| 28121 | Toll Brothers | PDI-20 |
| 28942 | Toll Brothers | PDI-20 |
| 29088 | Toll Brothers | PDI-20 |
| 29278 | Toll Brothers | PDI-20 |
| 5743 | Toll Henderson, LLC | PDLV-52 |
| 5236 | Toll South LV, LLC | PDLV-52 |
| 5607 | Toll South LV, LLC | PDLV-52 |
| 29299 | Torre Reich Construction | PDI-02 |
| 27055 | Tri Pointe Homes | PDI-02 |
| 27365 | Tri Pointe Homes | PDI-07 |
| 28557 | Tri Pointe Homes | PDI-19 |
| 27779 | Tri Pointe Homes | PDI-20 |
| 28737 | TX-Morrow Construction, Inc. | PDI-11 |
| 12862 | TX-Morrow Construction, Inc. | PDTX-36 |
| 12863 | TX-Morrow Construction, Inc. | PDTX-36 |
| 12864 | TX-Morrow Construction, Inc. | PDTX-36 |
| 16263 | Urgelles, Jerry | PDFL-06 |
| 29188 | Valencia Management Group | PDI-19 |
| 16249 | Van Metre | PDFL-06 |
| 16253 | Verdex Construction | PDFL-27 |
| 12963 | Vista Cay Condo Association | PDFL-25 |
| 29320 | Vivint.Solar | PDI-02 |
| 11884 | W.G. Yates & Sons Construction | PDTX-32 |
| 28676 | W.L. Butler Construction, Inc | PDI-20 |
| 15883 | Wade Jurney Homes | PDFL-25 |
| 15970 | Wade Jurney Homes | PDFL-27 |
| 16198 | Wade Jurney Homes | PDFL-27 |
| 28487 | Warmington Residential CA, Inc. | PDI-19 |
| 28488 | Warmington Residential CA, Inc. | PDI-19 |
| 50734 | Warne Construction | PDS-07 |
| 26505 | Wathen Castanos Hybrid Homes,(IP) | PDI-02 |
| 29023 | Wathen Castanos Hybrid Homes,(IP) | PDI-02 |
| 29091 | Wathen Castanos Hybrid Homes,(IP) | PDI-02 |
| 29246 | Wathen Castanos Hybrid Homes,(IP) | PDI-02 |
| 26176 | Wathen Castanos Hybrid Homes,(IP) | PDI-09 |
| 27769 | Watt Developers | PDI-19 |
| 27770 | Watt Developers | PDI-19 |
| 28513 | Watt Developers | PDI-19 |
| 28514 | Watt Developers | PDI-19 |
| 44618 | Watt Developers | PDS-19 |
| 46563 | Watt Developers | PDS-19 |

| Contract # | Customer | Division |
|---|---|---|
| 47740 | Watt Developers | PDS-19 |
| 48389 | Watt Developers | PDS-19 |
| 48515 | Watt Developers | PDS-19 |
| 12517 | Westchase Construction | PDTX-36 |
| 12681 | White Construction Company | PDTX-31 |
| 4923 | William Lyon Homes, Inc. | PDLV-52 |
| 27887 | William Lyon-Newport Beach | PDI-19 |
| 27899 | William Lyon-Newport Beach | PDI-19 |
| 27900 | William Lyon-Newport Beach | PDI-19 |
| 27951 | William Lyon-Newport Beach | PDI-19 |
| 27952 | William Lyon-Newport Beach | PDI-19 |
| 27971 | William Lyon-Newport Beach | PDI-19 |
| 27972 | William Lyon-Newport Beach | PDI-19 |
| 28160 | William Lyon-Newport Beach | PDI-19 |
| 29341 | William Lyon-Newport Beach | PDI-19 |
| 27254 | Williams Homes (sc) | PDI-19 |
| 27255 | Williams Homes (sc) | PDI-19 |
| 28653 | Williams Homes (sc) | PDI-19 |
| 28654 | Williams Homes (sc) | PDI-19 |
| 28699 | Williams Homes (sc) | PDI-19 |
| 28700 | Williams Homes (sc) | PDI-19 |
| 29059 | Williams Homes (sc) | PDI-19 |
| 28348 | Wilson Homes, Inc. | PDI-09 |
| 29262 | Wilson Homes, Inc. | PDI-09 |
| 16155 | Windward Building Group | PDFL-20 |
| 16246 | Windward Building Group | PDFL-25 |
| 27264 | Windward Building Group | PDI-02 |
| 28339 | Windward Building Group | PDI-02 |
| 28502 | Windward Building Group | PDI-02 |
| 48350 | Windward Building Group | PDS-02 |
| 28555 | Woodbridge | PDI-19 |
| 28728 | Woodbridge | PDI-19 |
| 28931 | Woodbridge | PDI-19 |
| 28932 | Woodbridge | PDI-19 |
| 28963 | Woodbridge | PDI-19 |
| 28964 | Woodbridge | PDI-19 |
| 25547 | Woodside Homes (Folsom)  IP | PDI-07 |
| 5488 | Woodside Homes of Nevada, LLC | PDLV-52 |
| 5565 | Woodside Homes of Nevada, LLC | PDLV-52 |
| 5591 | Woodside Homes of Nevada, LLC | PDLV-52 |
| 28889 | Wright, Elizabeth | PDI-61 |
| 12658 | Xpert Design | PDTX-31 |
| 12660 | Xpert Design | PDTX-31 |
| 12749 | Xpert Design | PDTX-36 |
| 12750 | Xpert Design | PDTX-36 |