1

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for the Debtors*

2

3

4

5

6

7

8

| | Electronically Filed July 13, 2020 |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

RED ROSE, INC.,

☐ Affects Beachhead Roofing and Supply, Inc.
☐ Affects California Equipment Leasing
    Association, Inc.
☐ Affects Fences 4 America, Inc.
☐ Affects James Petersen Industries, Inc.
☐ Affects PD Solar, Inc.
☐ Affects Petersen Roofing and Solar LLC
☐ Affects Petersen-Dean, Inc.
☒ Affects PetersenDean Hawaii LLC
☐ Affects PetersenDean Roofing and Solar
    Systems, Inc.
☐ Affects PetersenDean Texas, Inc.
☐ Affects Red Rose, Inc.
☐ Affects Roofs 4 America, Inc.
☐ Affects Solar 4 America, Inc.
☐ Affects Sonoma Roofing Services, Inc.
☐ Affects TD Venture Fund, LLC
☐ Affects Tri-Valley Supply, Inc.
☐ Affects All Debtors

Case No. BK-20-12814-mkn

Jointly Administered with
Case No. BK-S-20-12815-mkn
Case No. BK-S-20-12816-mkn
Case No. BK-S-20-12818-mkn
Case No. BK-S-20-12819-mkn
Case No. BK-S-20-12820-mkn
Case No. BK-S-20-12821-mkn
Case No. BK-S-20-12822-mkn
Case No. BK-S-20-12823-mkn
Case No. BK-S-20-12824-mkn
Case No. BK-S-20-12825-mkn
Case No. BK-S-20-12826-mkn
Case No. BK-S-20-12827-mkn
Case No. BK-S-20-12829-mkn
Case No. BK-S-20-12831-mkn
Case No. BK-S-20-12833-mkn

Chapter 11

**STATEMENT OF FINANCIAL
AFFAIRS**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

Active\112243033

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES, AND STATEMENTS OF FINANCIAL AFFAIRS

Petersen-Dean, Inc., Beachhead Roofing & Supply, Inc., California Equipment Leasing Association, Inc., Fences 4 America, Inc., James Petersen Industries, Inc., PD Solar, Inc., Petersen Roofing and Solar LLC, PetersenDean Hawaii LLC, PetersenDean Roofing and Solar Systems, Inc., PetersenDean Texas, Inc., Red Rose, Inc., Roofs 4 America, Inc., Solar 4 America, Inc., Sonoma Roofing Services, Inc., TD Venture Fund, LLC, and Tri-Valley Supply, Inc., debtors and debtors in possession (collectively, the "Debtors"), in the above captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their proposed undersigned counsel, Fox Rothschild LLP ("Counsel"), are filing their respective *Schedules of Assets and Liabilities* (collectively, the "Schedules") and *Statements of Financial Affairs* (collectively, the "Statements," and together with the Schedules, collectively, the "*Schedules and Statements*")[1] in the United States Bankruptcy Court for the District of Nevada (the "Court"). The Debtors, which were assisted by their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.

---

[1] These Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to any of the Debtors' remaining Schedules and Statements, as appropriate.

The Schedules and Statements have been prepared based on information provided by the Debtors' management and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors and their estates reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights.** Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date.** On June 11, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 23, 2020, the Court entered an order [ECF No. 94] jointly administering the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). All financial information for the Debtors in the Schedules and Statements and these Global Notes is provided as of the Petition Date unless otherwise indicated herein or in the Schedules and Statements.

2

**Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.  Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP.  Unlike any consolidated financial statements, the Schedules and Statements, except where otherwise indicated herein or in the Schedules and Statements, reflect the assets and liabilities of each Debtor on a non-consolidated basis, where possible.

**Recharacterization.**  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Consolidated Entity Accounts Payable and Disbursement Systems.**  The Debtors maintain a centralized cash management system (the "Cash Management System").  The Debtors maintain the Cash Management System to collect, concentrate, and disburse funds generated from their operations.  A more complete description of the Debtors' Cash Management System is set forth in the *Emergency Motion For Order Pursuant to 11 U.S.C. §§363, 1107 and 1108 (I) Authorizing Continued Use of Prepetition Bank Accounts; and (II) Granting Related Relief* (the "Cash Management Motion") filed on June 16, 2020 (ECF No. 36].

3

**Insiders.** For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) current or former directors, officers or persons in control of a Debtor, (b) relatives of current or former directors, officers, or persons in control of a Debtor, (c) a partnership in which a Debtor is a general partner or (d) an affiliate of a Debtor. Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 3(c). Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses with respect thereto are hereby expressly reserved. Further, the Debtors and their estates do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies.** The following is a summary of certain significant reporting policies:

a.    **Current Market Value — Net Book Value.** In many instances, current market valuations are neither maintained by, nor readily available to, the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the

4

Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value.

b.    **First Day Orders.  Pursuant** to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "<u>First Day Order</u>," and collectively, the "<u>First Day Orders</u>"), the Debtors and their estates are authorized to pay certain pre-petition claims, including, without limitation, certain claims relating to employee wages and benefits.  Except to the extent that these parties have claims in excess of the authority granted to the Debtors under the First Day Orders, in certain instances, the Debtors may have not included certain claims of this nature in the Schedules and Statements.

c.    **Setoffs.**  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Debtors' Schedules and Statements.  The Debtors and their estates reserve all of their rights with respect to any such setoffs.

d.    **Credits and Adjustments.**  Claims of creditors are listed in the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors and their estates reserve all of their rights with regard to such credits, allowances and other adjustments, including, without limitation, the right to assert claims objections, setoffs and recoupments with respect to the same.

e.    **Accounts Receivable.**  The accounts receivable information listed on Schedule B includes both billed and unbilled receivables, and is net of allowance for doubtful accounts.

5

f.      **Leases.**  In the ordinary course of business, the Debtors may lease certain real property, fixtures and equipment from certain third-party lessors for use in the daily operation of their business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

g.      **Entity Classification Issues.**  The Debtors have endeavored in good faith to identify the assets owned by each Debtor, the liabilities owed by each Debtor, and the Debtor that is a counterparty to executory contacts and unexpired leases.  While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets, liabilities, and executory contacts and unexpired leases to particular Debtor entities, including, but not limited to: (a) certain assets and executory contacts and unexpired leases may be primarily used by a Debtor other than the entity which holds title to such assets or is a party to such executory contact and unexpired lease according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets or is a party to certain executory contacts and unexpired leases may not be ascertainable given the consolidated manner in which the Debtors have operated their business; (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (d) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

h.      **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, the Debtors'

6

executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve any and all rights with respect to the assertion of any such claims.

i.      **Intercompany Claims.**  For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables.  Receivables and payables among the Debtors are reported as assets on Schedule B or liabilities on Schedule F as appropriate (collectively, the "Intercompany Claims").  While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity.

j.      **Unknown or Undetermined Amounts.**  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

k.      **Liabilities.**  At the time of the filing of the Schedules and Statements, the Debtors are continuing to reconcile certain accounts payable liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of the filing of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the

7

prepetition and postpetition periods may change. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate. The liabilities listed on the Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors and their estates reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code, or characterization of the structure of any transaction, document or instrument related to any such claim.

l.    **Estimates.**  To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

m.    **Classifications.**  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," or (c) on Schedule F as "unsecured non-priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to recharacterize or reclassify any claim or contract.

n.    **Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor and its estate that such amount is not "disputed," "contingent" or "unliquidated." The Debtors and their estates reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their Schedules on any grounds, including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed,"

8

"contingent" or "unliquidated." Listing a claim on the Schedules does not constitute an admission of liability by the Debtors and their estates, and the Debtors and their estates reserve all rights to amend the Schedules.

      o.    **Guaranties and Other Secondary Liability Claims.** Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and similar agreements may exist. Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule B — Personal Property.** Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in their respective Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers. The Debtors and their estates reserve all of their rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair or otherwise affect the assertion of such claims and causes of action.

Patents, trademarks, and other intellectual property is listed on Schedule B22 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

9

Since the deposit provided for under that *Order Pursuant to 11 U.S.C. § 366 Re: Adequate Assurance of Payment for Postpetition Utility Services* [ECF No. 54] did not exist as of the Petition Date, the Debtors have not accounted for it on Schedule B.

**Schedule D — Creditors Holding Secured Claims.**  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim.  The descriptions provided in Schedule D are intended only to be a summary.  The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.  By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these Global Notes. Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

10

**Schedule E — Creditors Holding Unsecured Priority Claims.**  The Debtors have not listed on Schedule E any tax and priority employee wage and benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors and their estates reserve all rights to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F — Creditors Holding Unsecured Non-Priority Claims.**  Certain creditors listed on Schedule F may owe amounts to the Debtors; as such, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule F.  Also, the amounts listed on Schedule F reflect known prepetition claims as of Petition Date.  Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them.  The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.  As noted above, certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtors and their estates reserve all rights with respect to any such claims.  Schedule F contains certain information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as unknown or undetermined, contingent, unliquidated and disputed in the Schedules.

The Debtors have used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtors believe that there are instances in which vendors have yet to provide

proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Schedule F.  The Debtors may not have listed on Schedule F certain (but not all) unsecured non-priority employee wage or benefit claims, claims related to vendors, or claims related to the Debtors' insurance programs for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors believe that such claims have been, or will be, satisfied in the ordinary course of business during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors and their estates reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

**Schedule G — Executory Contracts and Unexpired Leases.**  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G.  In the ordinary course of business, the Debtors enter into various agreements with their customers and vendors.  The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtors are a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtors, due to the voluminous number of such contracts, leases and agreements, were unable to

12

list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable.  The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtors and their estates hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

### NOTES FOR STATEMENTS

**Statement 3b.**  Statement 3b includes any disbursement or other transfer made by that particular Debtor, except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Statement 3b reflect that Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b.  All disbursements listed on Statement 3b were made by that particular Debtor.

**Statement 3(c) and 23.**  As previously set forth herein and in more detail in the Cash Management Motion, the Debtors maintain a centralized cash management system.  As a result, during the year preceding the Petition Date, certain payments may have been made to insiders of

13

each of the Debtors by one or more of the other Debtors, and some of these payments may have been for the benefit of another Debtor.  These payments are listed on Statement 3(c) and 23 for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor.

**Statement 4(a).**  The Debtors and their estates reserve all rights, claims and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such suits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.  The Debtors and their estates reserve all rights to assert that the Debtors are not an appropriate party to such actions or proceedings.  The Debtors may not have included on Statement 4(a) certain parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.

**Statement 9.**  Debtor PDI made payments on behalf of all of the Debtors to various professionals for restructuring services.  The payments listed in Statement 9 are generally only for restructuring-related services.   The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Statement 9.

14

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor</td><td>PetersenDean Hawaii LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Nevada</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-12823-mkn</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From 5/1/2020 | To 6/10/2020 | ☑ Operating a business<br>☐ Other | $802,960.40 |
| From 5/1/2019 | To 4/30/2020 | ☑ Operating a business<br>☐ Other | $22,911,549.92 |
| From 5/1/2018 | To 4/30/2019 | ☑ Operating a business<br>☐ Other | $31,451,037.32 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 5/1/2020 | To 6/10/2020 | OTHER INCOME | UNKNOWN |
| FOR PRIOR YEAR: | From 5/1/2019 | To 4/30/2020 | OTHER INCOME | UNKNOWN |
| FOR THE YEAR BEFORE THAT: | From 5/1/2018 | To 4/30/2019 | OTHER INCOME | UNKNOWN |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

SEE ATTACHED EXHIBIT TO PART 2, QUESTION 3

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

Debtor    PetersenDean Hawaii LLC                                Case number (if known)    20-12823-mkn
          (Name)

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

   ☑ None

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☑ None

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ None

| **Part 5:** | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☑ None

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☑ None

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ☑ None

13. **Transfers not already listed on this statement**
    List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
    Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☑ None

| **Part 7:** | **Previous Locations** |
|---|---|

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☐ Does not apply

| Debtor | PetersenDean Hawaii LLC | Case number (if known) | 20-12823-mkn |
|---|---|---|---|
| | (Name) | | |

| Address | Dates of occupancy |
|---|---|
| 1750 KALAKAUA AVE., SUITE 201, PMB 594<br>HONOLULU, HI  96826 | From  3/13/2018          To  PRESENT |

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for :
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

## Part 9:    Personal Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes.  State the nature of the information collected and retained.          Name, Address, Phone, Fax, Email

Does the debtor have a privacy policy about that information?

☐ No
☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?

☑ No.  Go to Part 10.
☐ Yes.  Fill in below:

## Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☒ None

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| EVE DREYFUSS, PARTNER<br>MOSS ADAMS LLP<br>635 CAMPBELL TECHNOLOGY PKWY<br>CAMPBELL, CA  95008 | From  PRIOR TO '18    To  PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| EVE DREYFUSS, PARTNER<br>MOSS ADAMS LLP<br>635 CAMPBELL TECHNOLOGY PKWY<br>CAMPBELL, CA  95008 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ABC SUPPLY<br>ONE ABC PARKWAY<br>SUITE 919<br>BELOIT, WI  53511-4466 |

Case 20-12814-mkn    Doc 344    Entered 07/13/20 18:38:46    Page 20 of 25

| Name and address |
|---|

ARES COMMERCIAL FINANCE, LP
2000 AVENUE OF THE STARS
12TH FLOOR
LOS ANGELES, CA  90067

BEACON SUPPLY
P.O. BOX 740914
LOS ANGELES, CA  90074-0914

CED GREENTECH
P.O. BOX 398830
SAN FRANCISCO, CA  94139-8830

HIGHMORE
750 LEXINGTON AVENUE
24TH FLOOR
NEW YORK, NY  10022

IES-ONESOURCE
2846 AWAALOA STREET
HONOLULU, HI  96819

IMPERIAL CAPITAL
10100 SANTA MONICA BLVD.
SUITE 2400
LOS ANGELES, CA  90067

LSQ FUNDING GROUP, LLC
2600 LUCIEN WAY
SUITE 100
MAITLAND, FL  32751

PAINTED SKY PARTNERS
1754 LAFAYETTE STREET
DENVER, CO  80218

PRIME REVENUE, INC
1100 PEACHTREE STREET NE
SUITE 1100
ATLANTA, GA  30309

SRS ROOFING SUPPLY
P.O. BOX 1464
SANTA ANA, CA  92702

STERLING BANK
650 FIFTH AVENUE
NEW YORK, NY  10019

TRADE RIVER
10631 NORTH KENDALL DRIVE
SUITE 1204
MIAMI, FL  33176

WHITE OAK ABL, LLC
3 EMBARCADERO CENTER
SUITE 550
SAN FRANCISCO, CA  94111

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ None

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| STEVE RUIZ | 5/17/2020 | $717,199.86 COST |
| **Name and address of the person who has possession of inventory records**<br>STEVE RUIZ<br>4555 LAS POSITAS RD #A<br>LIVERMORE, CA  94551 | | |
| STEVE RUIZ | 6/15/2020 | $689,233.11 COST |
| **Name and address of the person who has possession of inventory records**<br>STEVE RUIZ<br>4555 LAS POSITAS RD #A<br>LIVERMORE, CA  94551 | | |

Debtor    PetersenDean Hawaii LLC                                        Case number (if known)    20-12823-mkn
(Name)

---

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| JIM PETERSEN | 39300 CIVIC CENTER DRIVE, SUITE 300 FREMONT, CA 94538 | OFFICER/LLC MEMBER | 50% |
| TRICIA PETERSEN | 39300 CIVIC CENTER DRIVE, SUITE 300 FREMONT, CA 94538 | OFFICER/LLC MEMBER | 50% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ None

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|--------------------------------|-----------------------------------------------------------|
| PETERSEN-DEAN, INC. | 77-0051446 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None

---

Debtor    PetersenDean Hawaii LLC
          (Name)                                        Case number (if known)    20-12823-mkn

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/13/2020.

✗    /s/ Stephen Nerheim                                        Stephen Nerheim
     Signature of individual signing on behalf of the debtor     Printed Name

     CFO
     Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☑ Yes

## Statement of Financial Affairs - Exhibit 3

## PetersenDean Hawaii LLC   20-12823

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| 220 LALO PLACE LLC<br>220 LALO ST, UNIT 1<br>KAHULUI, HI  96732 | 04/01/2020 | $21,014.39 | VENDOR PAYMENT |
| | 05/01/2020 | $21,014.39 | VENDOR PAYMENT |
| | | **$42,028.78** | |
| A-1 BONDING INC.<br>8034 DIANNE DR, MICHIGAN CITY, IN 46360<br>MICHIGAN CITY, IN  46360 | 05/29/2020 | $10,750.00 | VENDOR PAYMENT |
| | | **$10,750.00** | |
| ALOHA WASTE SYSTEMS, INC.<br>74-5610 ALAPA ST.<br>KAILUA-KONA, HI 96740 | 03/27/2020 | $3,678.64 | VENDOR PAYMENT |
| | 04/24/2020 | $8,643.68 | VENDOR PAYMENT |
| | 05/07/2020 | $1,450.15 | VENDOR PAYMENT |
| | 05/15/2020 | $9,277.30 | VENDOR PAYMENT |
| | 05/21/2020 | $4,513.93 | VENDOR PAYMENT |
| | | **$27,563.70** | |
| ALPHA SUPPLY, LLC - MAUI BRANCH<br>DBA ALPHA ELECTRIC SUPPLY COMPANY<br>343 KEA STREET<br>KAILUA-KONA, HI 96732 | 03/25/2020 | $15,165.83 | VENDOR PAYMENT |
| | 04/01/2020 | $15,874.78 | VENDOR PAYMENT |
| | 04/09/2020 | $15,251.41 | VENDOR PAYMENT |
| | 04/15/2020 | $15,200.63 | VENDOR PAYMENT |
| | 04/23/2020 | $15,423.08 | VENDOR PAYMENT |
| | 04/30/2020 | $15,592.48 | VENDOR PAYMENT |
| | 05/11/2020 | $17,063.70 | VENDOR PAYMENT |
| | 05/15/2020 | $16,994.03 | VENDOR PAYMENT |
| | 05/21/2020 | $19,007.40 | VENDOR PAYMENT |
| | 05/29/2020 | $16,061.24 | VENDOR PAYMENT |
| | 06/05/2020 | $16,519.71 | VENDOR PAYMENT |
| | | **$178,154.29** | |
| HALAWA HOUSE OF THE SUN LLC<br>220 LALO STREET, SUITE 1<br>KAHULUI, HI 96732 | 03/30/2020 | $22,999.10 | VENDOR PAYMENT |
| | 05/01/2020 | $22,999.10 | VENDOR PAYMENT |
| | | **$45,998.20** | |
| HAWAII MEDICAL SERVICE ASSOCIATION<br>PO BOX 29810<br>HONOLULU, HI  96820-2210 | 03/13/2020 | $4,412.80 | VENDOR PAYMENT |
| | 03/13/2020 | $41,631.16 | VENDOR PAYMENT |
| | 03/20/2020 | $38,771.08 | VENDOR PAYMENT |
| | 03/20/2020 | $4,315.08 | VENDOR PAYMENT |
| | 04/30/2020 | $3,770.32 | VENDOR PAYMENT |
| | 04/30/2020 | $35,172.28 | VENDOR PAYMENT |
| | | **$128,072.72** | |
| HAWAII PETROLEUM INC<br>385 HUKILIKE ST. SUITE 101<br>KAHULUI, HI 96732 | 03/27/2020 | $3,678.89 | VENDOR PAYMENT |
| | 04/24/2020 | $2,980.63 | VENDOR PAYMENT |
| | 05/15/2020 | $1,231.11 | VENDOR PAYMENT |
| | | **$7,890.63** | |
| HAWAIIAN TELCOM<br>PO BOX 30770<br>HONOLULU, HI  96820-0770 | 03/18/2020 | $3,020.51 | VENDOR PAYMENT |
| | 03/27/2020 | $3,106.53 | VENDOR PAYMENT |
| | 04/03/2020 | $2,048.73 | VENDOR PAYMENT |
| | 04/27/2020 | $6,803.03 | VENDOR PAYMENT |
| | | **$14,978.80** | |

**Statement of Financial Affairs - Exhibit 3**

**PetersenDean Hawaii LLC   20-12823**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| HERC RENTALS INC. PO BOX 936257 ATLANTA, GA  31193 | 03/18/2020 | $1,400.81 | VENDOR PAYMENT |
| | 04/03/2020 | $2,349.28 | VENDOR PAYMENT |
| | 04/24/2020 | $1,559.02 | VENDOR PAYMENT |
| | 05/07/2020 | $7,877.35 | VENDOR PAYMENT |
| | | **$13,186.46** | |
| INTER ISLAND SOLAR SUPPLY ATTN BRIAN GOLD, PRESIDENT 761 AHUA STREET HONOLULU, HI  96819 | 03/19/2020 | $103,619.74 | VENDOR PAYMENT |
| | 03/20/2020 | $101,946.64 | VENDOR PAYMENT |
| | 03/26/2020 | $110,218.91 | VENDOR PAYMENT |
| | 04/03/2020 | $50,000.00 | VENDOR PAYMENT |
| | 04/17/2020 | $49,998.84 | VENDOR PAYMENT |
| | 04/23/2020 | $48,999.01 | VENDOR PAYMENT |
| | 04/30/2020 | $69,941.16 | VENDOR PAYMENT |
| | 05/11/2020 | $74,835.86 | VENDOR PAYMENT |
| | 05/15/2020 | $75,000.00 | VENDOR PAYMENT |
| | 05/21/2020 | $75,006.91 | VENDOR PAYMENT |
| | 05/29/2020 | $40,101.33 | VENDOR PAYMENT |
| | 06/05/2020 | $76,220.72 | VENDOR PAYMENT |
| | | **$875,889.12** | |
| KAISER PERMANENTE P.O. BOX 29080 HONOLULU, HI  96820-1480 | 03/20/2020 | $4,411.08 | BENEFITS PAYMENT |
| | 03/20/2020 | $4,778.67 | BENEFITS PAYMENT |
| | 04/30/2020 | $10,292.52 | BENEFITS PAYMENT |
| | | **$19,482.27** | |
| PLS POWER LLC 525 KOKEA ST. C6 HONOLULI, HI  96817 | 03/18/2020 | $8,376.96 | VENDOR PAYMENT |
| | 05/15/2020 | $7,329.84 | VENDOR PAYMENT |
| | | **$15,706.80** | |
| R&C ENTERPRISES, LLC R&C ROOFING CONTRACTOR PO BOX 583 PEARL CITY, HI  96782 | 03/18/2020 | $9,209.99 | VENDOR PAYMENT |
| | 03/25/2020 | $29,570.03 | VENDOR PAYMENT |
| | 04/17/2020 | $8,910.95 | VENDOR PAYMENT |
| | 05/15/2020 | $12,421.91 | VENDOR PAYMENT |
| | | **$60,112.88** | |
| R&R SERVICES, INC. 922 AUSTIN LN., BUILDING D HONOLULU, HI  96817 | 03/18/2020 | $1,354.18 | VENDOR PAYMENT |
| | 03/27/2020 | $5,242.19 | VENDOR PAYMENT |
| | 04/24/2020 | $10,807.78 | VENDOR PAYMENT |
| | 05/07/2020 | $1,679.72 | VENDOR PAYMENT |
| | | **$19,083.87** | |
| RIEDEL CONSTRUCTION INC PO BOX 1656 KAHULUI, HI  96733 | 06/05/2020 | $39,327.50 | VENDOR PAYMENT |
| | | **$39,327.50** | |
| SEAN M WADDELL | 04/17/2020 | $2,356.02 | VENDOR PAYMENT |
| | 04/24/2020 | $3,267.01 | VENDOR PAYMENT |
| | 05/21/2020 | $2,178.01 | VENDOR PAYMENT |
| | | **$7,801.04** | |

**Statement of Financial Affairs - Exhibit 3**

**PetersenDean Hawaii LLC   20-12823**

| Claimant | Check Date | Check Amount | Reasons for Payment |
|---|---|---|---|
| SUNBELT RENTALS, INC. | 03/20/2020 | $8,997.82 | VENDOR PAYMENT |
| P.O. BOX 409211 | 04/03/2020 | $1,996.32 | VENDOR PAYMENT |
| ATLANTA, GA  30384-9211 | 05/07/2020 | $36,483.58 | VENDOR PAYMENT |
|  | 05/13/2020 | $3,185.97 | VENDOR PAYMENT |
|  | 05/18/2020 | $4,466.32 | VENDOR PAYMENT |
|  | 05/27/2020 | $3,797.99 | VENDOR PAYMENT |
|  |  | **$58,928.00** |  |
| VERIZON CONNECT FLEET USA LLC | 03/18/2020 | $2,160.30 | VENDOR PAYMENT |
| PO BOX 15043 | 04/30/2020 | $3,830.43 | VENDOR PAYMENT |
| ALBANY, NY  12212-5043 | 05/15/2020 | $2,178.21 | VENDOR PAYMENT |
|  |  | **$8,168.94** |  |
| WEX BANK | 03/20/2020 | $6,662.21 | VENDOR PAYMENT |
| PO BOX 6293 | 05/13/2020 | $5,981.03 | VENDOR PAYMENT |
| CAROL STREAM, IL  60197-6293 | 05/15/2020 | $4,598.65 | VENDOR PAYMENT |
|  |  | **$17,241.89** |  |
| **Grand Total:  19** |  | **$1,590,365.89** |  |