BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Debtors*

Electronically Filed July 17, 2020

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☒ Affects All Debtors | Case No. BK-20-12814-mkn<br><br>Jointly Administered with<br><br>Case No. BK-S-20-12815-mkn<br>Case No. BK-S-20-12816-mkn<br>Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn<br>Case No. BK-S-20-12820-mkn<br>Case No. BK-S-20-12821-mkn<br>Case No. BK-S-20-12822-mkn<br>Case No. BK-S-20-12823-mkn<br>Case No. BK-S-20-12824-mkn<br>Case No. BK-S-20-12825-mkn<br>Case No. BK-S-20-12826-mkn<br>Case No. BK-S-20-12827-mkn<br>Case No. BK-S-20-12829-mkn<br>Case No. BK-S-20-12831-mkn<br>Case No. BK-S-20-12833-mkn<br><br>Chapter 11<br><br>**DECLARATION OF STEPHEN NERHEIM IN SUPPORT OF DEBTORS PURSUANT TO 11 U.S.C. §§ 361 AND 363 TO HONOR PRE-PETITION INSURANCE PREMIUM FINANCE AGREEMENT AND PROVIDE ADEQUATE PROTECTION PAYMENTS TO AFS/IBEX PURSUANT TO THE SAME**<br><br>Hearing Date:  August 19, 2020<br>Hearing Time:  10:30 a.m. |

Active\112388994                                      1

I, Stephen Nerheim, being duly sworn, hereby depose and declare under penalty of perjury:

1. I am over the age of 18, am mentally competent, and if called upon to testify as to the statements made herein, could and would do so.

2. I am employed as the Chief Financial Officer of debtor Petersen-Dean, Inc.

3. I make this declaration in support of the *Motion Pursuant To 11 U.S.C. §§ 361 And 363 Authorizing Debtors To Honor Pre-Petition Insurance Premium Finance Agreement And Provide Adequate Protection Payments To AFS/IBEX Pursuant To The Same* (the "Motion"), filed by Petersen-Dean, Inc., Beachhead Roofing & Supply, Inc., California Equipment Leasing Association, Inc., Fences 4 America, Inc., James Petersen Industries, Inc., PD Solar, Inc., Petersen Roofing and Solar LLC, PetersenDean Hawaii LLC, PetersenDean Roofing and Solar Systems, Inc., PetersenDean Texas, Inc., Red Rose, Inc., Roofs 4 America, Inc., Solar 4 America, Inc., Sonoma Roofing Services, Inc., TD Venture Fund, LLC, and Tri-Valley Supply, Inc., the debtors and debtors in possession (collectively, the "Debtors"), in the above captioned chapter 11 cases (the "Chapter 11 Cases").

4. Debtors are in the business of installing commercial and residential roofing and solar panel systems. In that capacity, Debtors perform services relating to the design, engineering, and installation for the solar projects.

5. The builders and general contractors with whom Debtors conduct business require Debtors to maintain certain insurance policies. These insurance policies are critical to Debtors' ability to continue their business operations because builders and general contractors require Debtors to present valid certificates of insurance in connection with their projects. Specifically, builders and general contractors require Debtors to maintain the following insurance policies (i) workers' compensation insurance; (ii) employment practices liability insurance; (iii) general liability insurance that covers, among other things, personal injury and bodily injury; (iv) professional liability insurance; (v) automobile insurance; and (vi) excess liability insurance.

6. In addition, Debtors maintain the following insurance policies for the benefit and protection of their business operations: (i) directors' and officers' liability insurance; (ii) property insurance; (iii) inland marine insurance; (iv) pollution insurance; and (v) crime insurance. The insurance policies maintained by Debtors in connection with their business operations are collectively referred to

herein as the "Insurance Policies."

7. The insurance coverage under the Insurance Policies includes coverage for the benefit of Debtors and non-debtor affiliates. A true and correct list of all named insureds under the Insurance Policies is attached to the Motion as Exhibit A. Not all named insureds apply to all Insurance Policies. Generally, Debtor Petersen-Dean, Inc. ("PDI") will procure the insurance coverages of the Insurance Policies on behalf of itself and its Debtor and non-debtor affiliates. Prepetition, all costs associated with the Insurance Policies were paid by PDI. The majority of the coverages benefit, and cover the risks of, Debtors. Thus, Debtors anticipate that, postpetition, all costs associated with the Insurance Policies (including coverages for the benefit of Debtors and non-debtor affiliates) will be paid by either PDI or Debtor PD Solar, Inc. Debtors do not intend to separate or allocate the cost of insurance coverages between Debtors and the non-debtor affiliates because procuring all insurance coverages together creates certain, material cost savings, and separating the procurement process between Debtors and the non-debtor affiliates would be onerous, expensive and impracticable.

8. To obtain the above-referenced Insurance Policies, Debtors entered into an insurance Premium Finance Agreement with AFS/IBEX to finance a portion of Debtors' insurance premiums. On April 29, 2020, Debtors and AFS/IBEX entered into that certain Premium Finance Agreement (the "Premium Finance Agreement") pursuant to which Debtors financed a portion of the premiums for the following Insurance Policies: property insurance, inland marine insurance, general liability insurance, automobile insurance, excess liability insurance, pollution insurance, executive risk insurance, D & O insurance, crime insurance and professional liability insurance. A true and correct copy of the Premium Finance Agreement is attached to the Motion as Exhibit B.

9. Pursuant to the Premium Finance Agreement, Debtors made a down payment in the amount of $285,984.34 and AFS/IBEX, as lender, advanced $1,122,837.35 in payment of Debtors' insurance premiums. Debtors are obligated to make nine (9) payments to AFS/IBEX on the first of each month, each in the amount of $127,335.53 (the "Monthly Payments"), with Debtors' first payment being due on June 1, 2020. As of the date of this Motion, seven (7) installments under the agreement remain unpaid. Debtors made two payments to AFS/IBEX, one payment on June 18, 2020 and a second payment on July 10, 2020, in accordance with Debtors' authority to use cash collateral and the approved

budget.

10. As security for the obligations under the Premium Finance Agreement, Debtors granted AFS/IBEX a security interest in and provided an assignment of (i) all of the insurance policies identified in the agreement, as well as all unearned premium, returned premium, dividend payments and loss payments which reduce the unearned premiums thereof; and (ii) all money that may become payable under the insurance policies (subject to the interest of any applicable mortgagee or loss payee). The security given to AFS/IBEX under the Premium Finance Agreement is collectively referred to herein as the "Collateral." Debtors further granted AFS/IBEX a power of attorney to cancel the Insurance Policies upon a default and collect the Collateral (the unearned premiums) and apply the proceeds to the indebtedness owed to AFS/IBEX.

11. Maintenance of Debtors' insurance coverage under the Insurance Policies is crucial. Many of the Insurance Policies are required by the parties with which Debtors conduct business. The nonpayment of the Monthly Payments under the Premium Finance Agreement could result in the termination of one or more of the Insurance Policies. If any of the Insurance Policies are terminated, Debtors may be exposed to substantial liability for personal and/or property damages to the detriment of all parties in interest.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of July 2020.

/s/*Stephen Nerheim*
Stephen Nerheim