BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Debtors*

Electronically Filed July 30, 2020

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-S-20-12814-mkn |
|---|---|
| RED ROSE, INC., | Jointly Administered with |
| ☐ Affects Beachhead Roofing and Supply, Inc. | Case No. BK-S-20-12815-mkn |
| ☐ Affects California Equipment Leasing Association, Inc. | Case No. BK-S-20-12816-mkn |
| | Case No. BK-S-20-12818-mkn |
| ☐ Affects Fences 4 America, Inc. | Case No. BK-S-20-12819-mkn |
| ☐ Affects James Petersen Industries, Inc. | Case No. BK-S-20-12820-mkn |
| ☐ Affects PD Solar, Inc. | Case No. BK-S-20-12821-mkn |
| ☐ Affects Petersen Roofing and Solar LLC | Case No. BK-S-20-12822-mkn |
| ☐ Affects Petersen-Dean, Inc. | Case No. BK-S-20-12823-mkn |
| ☐ Affects PetersenDean Hawaii LLC | Case No. BK-S-20-12824-mkn |
| ☐ Affects PetersenDean Roofing and Solar Systems, Inc. | Case No. BK-S-20-12825-mkn |
| | Case No. BK-S-20-12826-mkn |
| ☐ Affects PetersenDean Texas, Inc. | Case No. BK-S-20-12827-mkn |
| ☐ Affects Red Rose, Inc. | Case No. BK-S-20-12829-mkn |
| ☐ Affects Roofs 4 America, Inc. | Case No. BK-S-20-12831-mkn |
| ☐ Affects Solar 4 America, Inc. | Case No. BK-S-20-12833-mkn |
| ☐ Affects Sonoma Roofing Services, Inc. | |
| ☐ Affects TD Venture Fund, LLC | Chapter 11 |
| ☐ Affects Tri-Valley Supply, Inc. | |
| ☒ Affects All Debtors | **MOTION FOR ORDER MODIFYING RETENTION ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY CONWAY MACKENZIE MANAGEMENT SERVICES, LLC TO PROVIDE CHIEF RESTRUCTURING OFFICER UNDER 11 U.S.C. §§ 105(a) & 363(b) EFFECTIVE AS OF JUNE 11, 2020** |
| | Hearing Date:   August 26, 2020 |
| | Hearing Time:  9:30 a.m. |

1

Active\112239496

Petersen-Dean, Inc. ("PDI"), Beachhead Roofing & Supply, Inc., California Equipment Leasing Association, Inc., Fences 4 America, Inc., James Petersen Industries, Inc., PD Solar, Inc., Petersen Roofing and Solar LLC, PetersenDean Hawaii LLC, PetersenDean Roofing and Solar Systems, Inc., PetersenDean Texas, Inc., Red Rose, Inc., Roofs 4 America, Inc., Solar 4 America, Inc., Sonoma Roofing Services, Inc., TD Venture Fund, LLC, and Tri-Valley Supply, Inc., the debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), by and through their proposed undersigned counsel, Fox Rothschild LLP, hereby move this Court for an order authorizing the expansion of the engagement of Conway MacKenzie Management Services, LLC ("CMS"), Mr. Jeffrey Perea, as Chief Restructuring Officer ("CRO"), and such other CMS personnel as needed from time to time ("Temporary Staff"), from PDI to all Debtors, effective as of June 11, 2020. This motion (the "Motion") moves to modify the Authorization Order, as hereafter defined, entered in connection with PDI's *Emergency First Day Motion for Order Authorizing Debtor to Retain Conway MacKenzie Management Services, LLC to Provide Chief Restructuring Officer Under 11 U.S.C. §§ 105(a) & 363(b) Effective as of the Petition Date* [Dkt. No. 17, Case No. bk-s-20-12821-mkn] (the "Initial Motion"), which was granted by Order of this Court on June 24, 2020 [Dkt. No. 92, Case No. bk-s-20-12821-mkn] (the "Authorization Order").

This Motion is based on the Initial Motion,[1] the *Declaration of George Milionis* [Dkt. No. 19, Case No. bk-s-20-12821-mkn] (the "Milionis Declaration"), the *Declaration of Jeffrey C. Perea* [Dkt. No. 18, Case No. bk-s-20-12821-mkn] (the "Perea Declaration"), and the *Supplemental Declaration of Jeffrey Perea* [Dkt. No. 122, Case No. bk-s-20-12814-mkn] (the "Supplemental Perea Declaration") filed in support thereof, the Authorization Order, the *Supplemental Declaration of George Milionis* (the "Supp. Milionis Decl.") and the *Second Supplemental Declaration of Jeffrey Perea* (the "Second Supp. Perea Decl.") filed concurrently herewith, and the following:

---

[1] All terms not otherwise defined herein shall have the meaning set forth in the Initial Motion. See Dkt. No. 17, Case No. bk-s-20-12821-mkn.

Mr. Perea has been the acting CRO to Petersen-Dean, Inc. since June 4, 2020, as stated in the Initial Motion.

2

Active\112239496

# I.

# INTRODUCTION

1. On June 11, 2020 (the "Petition Date"), Debtors filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Debtors are continuing in possession of their property and are operating and managing their business, as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108. See generally Chapter 11 Case Dockets.

3. Debtor Petersen-Dean, Inc. ("PDI") wholly owns the majority of the Debtor entities, and all of the Debtors are under PDI's common control.

4. On June 23, 2020, this Court entered its Order directing the joint administration of the above-captioned Chapter 11 Cases. See Dkt. No. 94, Case No. bk-s-12814-mkn.

5. On June 27, 2020, the United States Trustee for the District of Nevada appointed the Official Committee of Unsecured Creditors (the "Committee") for Debtors Red Rose, Inc., PD Solar, Inc., Petersen-Dean, Inc., PetersenDean Hawaii LLC, PetersenDean Roofing and Solar System, Inc., and PetersenDean Texas, Inc. See Dkt. No. 151.

6. The factual background relating to Debtors' commencement of the Chapter 11 Cases is set forth in detail in the *Omnibus Declaration of Jeffrey Perea in Support of First Day Motions* [Dkt. 20, Case No. bk-s-20-12814-mkn] (the "Omnibus Declaration"), which is incorporated herein by reference in its entirety.

# II.

# JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# III.

# RELIEF REQUESTED AND FACTUAL BACKGROUND

8. CMS has primarily acted on behalf of PDI in these Chapter 11 Cases, however, PDI and Debtors' counsel have also asked CMS to make decisions on behalf of PDI's subsidiaries and affiliates.

3

Active\112239496

While Debtors' believe CMS is authorized in connection with its current retention to take action on behalf of all of the Debtors, out of an abundance of caution, CMS has requested that this Court formally approve an extension of its retention to apply to all Debtors.

9. In addition, CMS seeks to clarify that the definition of "Services" as originally defined in the Initial Engagement Agreement (as defined below) includes tax, fresh start accounting and other services to be provided by professionals from CMS' affiliate, Riveron Consulting, LLC ("<u>Riveron</u>") to the extent such services are requested by Debtors.

10. By this Motion, Debtors seek an order pursuant to Bankruptcy Code sections 105(a), 363(b), 1107 and 1108, clarifying the retention of CMS to formally (i) authorize all Debtors to retain CMS to provide Mr. Perea as Debtors' CRO and such other Temporary Staff as needed, and (ii) clarifying that CMS, upon request, direction and approval of the Debtors in their sole and absolute discretion, may utilize professionals from its affiliate, Riveron, to provide tax and fresh start accounting services and other services as set forth in the amended engagement letter agreement attached as **Exhibit 1** to the Second Supp. Perea Decl. (the *"*<u>Amended Engagement Agreement</u>*"*).

11. On June 12, 2020, PDI filed the Initial Motion, the Milionis Declaration and the Perea Declaration. The initial engagement letter agreement between PDI and CMS (the "<u>Initial Engagement Agreement</u>") was attached as Exhibit 1 to the Perea Declaration. On June 25, 2020, Debtors filed the *Supplemental Declaration of Jeffrey Perea* in support of the Initial Motion. <u>See</u> Dkt. 122, Case No. bk-s-20-12814-mkn.

12. On June 18, 2020, the United States Trustee (the "<u>UST</u>") filed its *Omnibus Objection to Debtors' First Day Motions* (the "<u>Objection</u>"), which included specific objections to the Initial Motion. <u>See</u> Dkt. 60, Case No. bk-s-20-12821-mkn. On June 19, 2020, PDI filed its *Reply*, and thereafter, its *Amended Reply* to the UST's Objection. <u>See</u> <u>respectively</u>, Dkts. 67 and 68, Case No. bk-s-20-12821-mkn.

13. On June 24, 2020, this Court entered its Authorization Order granting the Initial Motion.

14. Following the entry of the Authorization Order, upon the request of CMS, the Debtors determined that although CMS had authority to act on behalf of all Debtors through PDI, out of an abundance of caution it was in the best interests of all parties in interest to formally clarify that the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1  engagement of Mr. Perea as CRO would include Services to all Debtors, not only PDI. PDI and PDI's legal counsel have requested Services on behalf of all Debtors that include, among other matters, authority to carry out bankruptcy administration and financial and cash management services. See Supp. Milionis Decl., ¶ 4.

15. The Debtors agreed out of an abundance of caution to amend the CMS Engagement Letter to formally list the entities that CMS would represent and for which Mr. Perea would act as CRO, to the extent required to act on behalf of any Debtor. See Second Supp. Perea Declaration, ¶ 4, and Amended Engagement Agreement as **Exhibit 1** thereto. See Supp. Milionis Decl., ¶ 5.

16. The Debtors and CMS represent to this Court that the Services to the Debtors will be rendered pursuant to the same terms and conditions as set forth in the Initial Engagement Agreement and the Initial Motion, as authorized in the Authorization Order. See Second Supp. Perea Decl., ¶5.

17. Although CMS is not being employed as a "professional" under Bankruptcy Code section 327(a), and therefore it need not demonstrate "disinterestedness" as a prerequisite to its engagement, the Debtors and CMS represent that to the best of their knowledge, other than as what was set forth in the Perea Declaration in support of the Initial Motion, CMS does not hold or represent any interest adverse to Debtors or their estates with respect to the engagement. See Supp. Milionis Decl., ¶ 6; Second Supp. Perea Decl. ¶ 6.

18. CMS represents to this Court that it will follow the same compensation structure, and charge each Debtor the same hourly rates set forth in the Initial Engagement Agreement and as reflected in the Amended Engagement Agreement. See Second Supp. Perea Decl., ¶ 7, Exhibit 1 thereto.

19. CMS represents to this Court that it has neither shared, nor will agree to share, any of its compensation with any other persons other than the principals, managing directors or other employees of CMS, as permitted by section 504 of the Bankruptcy Code. See Second Supp. Perea Decl., ¶ 8.

20. The Debtors and CMS represent to this Court that the indemnity provisions set forth in the Initial Engagement Agreement, as modified in the Authorization Order, remain unchanged, will apply to each Debtor, and are customary and reasonable. See Supp. Milionis Decl., ¶ 7; Second Supp. Perea Decl., ¶ 9.

21. CMS represents to this Court that it will file monthly staffing reports for the Debtors as

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112239496

described in detail in the Authorization Order. See Second Supp. Perea Decl., ¶ 10.

## IV.

## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit A**: (i) modifying the Authorization Order to clarify that CMS is engaged by each of the Debtors and that CMS will provide Mr. Perea as each of the Debtors' Chief Restructuring Officer, and such Temporary Staff as needed from time to time, as a sound exercise of its business judgment; (ii) approving the use of Debtors' estates' funds to pay the fees and reimburse the expenses of CMS in connection with the Services rendered, under the terms set forth in the Amended Engagement Agreement and the Authorization Order; and (iii) granting such other and further relief as may be just and proper.

DATED this 30th day of July, 2020.

**FOX ROTHSCHILD LLP**

By  /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtors*

6

Active\112239496

# EXHIBIT A

# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☒ Affects All Debtors | Case No. BK-S-20-12814-mkn<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-mkn<br>Case No. BK-S-20-12816-mkn<br>Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn<br>Case No. BK-S-20-12820-mkn<br>Case No. BK-S-20-12821-mkn<br>Case No. BK-S-20-12822-mkn<br>Case No. BK-S-20-12823-mkn<br>Case No. BK-S-20-12824-mkn<br>Case No. BK-S-20-12825-mkn<br>Case No. BK-S-20-12826-mkn<br>Case No. BK-S-20-12827-mkn<br>Case No. BK-S-20-12829-mkn<br>Case No. BK-S-20-12831-mkn<br>Case No. BK-S-20-12833-mkn<br><br>Chapter 11<br><br>**ORDER AMENDING THE AUTHORIZATION ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY CONWAY MACKENZIE MANAGEMENT SERVICES, LLC TO PROVIDE CHIEF RESTRUCTURING OFFICER UNDER 11 U.S.C. §§ 105(a) & 363(b) EFFECTIVE AS OF JUNE 11, 2020**<br><br>Hearing Date:  August 26, 2020<br>Hearing Time:  9:30 a.m. |

Active\112239496

The Court, having reviewed and considered (i) the *Motion for Order Modifying Retention Order Authorizing Debtors to Retain and Employ Conway Mackenzie Management Services, LLC to Provide Chief Restructuring Officer Under 11 U.S.C. §§ 105(A) & 363(B) Effective as of June 11, 2020* (the "Motion"),[1] filed by the debtors and debtors in possession ("Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), (ii) the *Second Supplemental Declaration of Jeffrey Perea* filed in support of the Motion, and (iii) the *Supplemental Declaration of George Milionis* filed in support of the Motion; and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Motion was good and sufficient as provided therein and under the circumstances; (2) CMS does not have or represent any other entity that has an interest materially adverse to the interests of the Debtors in connection with these Chapter 11 Cases; (3) Debtors' employment of CMS to provide Mr. Jeffrey Perea as Debtors' Chief Restructuring Officer, and such Temporary Staff as needed from time to time, is a sound exercise of Debtors' business judgment and is in the best interest of Debtors and their estates; and (4) good cause exists to approve the retention and employment of CMS.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED in all respects, except as provided below.

2. This Order modifies the Authorization Order as provided herein, and this Order shall control and supersede the Authorization Order.

3. Pursuant to 11 U.S.C. §§ 105(a) & 363(b)(1), Debtors are authorized to expand the engagement of Conway MacKenzie Management Services, LLC ("CMS"), Mr. Jeffrey Perea, as Chief Restructuring Officer ("CRO"), and such other CMS personnel as needed from time to time ("Temporary Staff"), from PDI to all Debtors, effective as of June 11, 2020, to perform the Services set forth in the Amended Engagement Agreement attached as **Exhibit 1** to the Second Supplemental Perea

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Active\112239496

Declaration.

4. Pursuant to 11 U.S.C. § 363(b)(1), Debtors are authorized to compensate CMS for their services performed, and reimburse CMS for its expenses incurred, under the terms set forth in the Amended Engagement Agreement (as modified in paragraph 5 below) and this Order, without further order of the Court unless required under paragraph 4 below.

5. CMS shall file with the Court a report of staffing on the engagement for the previous month ("Report") for all Debtors, with copies to the following (collectively, the "Notice Parties"): (a) Edward M. McDonald, Jr., the Office of the United States Trustee, Foley Federal Building, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101; (b) Max Schlan, Brown Rudnick LLP, Seven Times Square, New York, NY 10036, counsel for the Committee; and (c) William M. Noall, Garman Turner Gordon, 7251 Amigo Street, Suite 210, Las Vegas, NV 89119, counsel for ACF Finco I LP. Such Reports shall include the names of and functions filled by the individuals assigned and shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall: (a) be appended to the Reports; (b) contain detailed time entries describing the task(s) performed; and (c) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in half-hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall also be kept in half-hour increments. The Notice Parties shall have twenty-one (21) days from the date a Report is served to file an objection thereto. In the event an objection is filed with respect to a Report, all compensation requested in that Report that is the subject of an objection shall be subject to review by the Court on a reasonableness standard.

6. The terms of CMS's employment, as set forth in the Amended Engagement Agreement and the Motion, shall be modified during the pendency of the Chapter 11 Cases as follows:

- Success fees, transaction fees, or other back-end fees shall be reviewed by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the Chapter 11 Cases, dismissal of the Chapter 11 Cases for cause, or appointment of a trustee.

Active\112239496

- Debtors are each permitted to indemnify those persons serving as executive officers on the same terms as provided to that respective Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under that respective Debtor's D&O policy.

- There shall be no indemnification of CMS or its affiliates.

- CMS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned case or affiliated cases.

- In the event the Debtors seek to have CMS personnel assume executive officer positions that are different than the positions disclosed in the Initial Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

- No principal, employee or independent contractor of CMS and its affiliates shall serve as a director of the above-captioned Debtors (or any of their affiliated debtors) during the pendency of the Chapter 11 Cases.

- For a period of three years after the conclusion of the engagement, neither CMS nor its affiliate, Riveron, shall make any investments in the Debtors.

- CMS shall disclose any and all facts that may have a bearing on whether the firm, its affiliate Riveron, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

- Any limitation of liability provision pursuant to the terms and conditions set forth in the Amended Engagement Agreement, Initial Motion, Motion, Perea Omnibus Declaration, Perea Declaration, Supplemental Perea Declaration, Second Supplemental Perea Declaration, or otherwise, shall be modified for the duration of these Chapter 11 Case as follows: The Limitation of Liability clause in the Amended Engagement Agreement will be modified to (i) replace "gross negligence" with "negligence," and (ii) to provide that the liability cap in the last sentence of the Limitation of Liability clause does not apply in the event of CMS' or Mr. Perea's willful misconduct.

- The definition of "Services" as originally defined in the Initial Engagement Agreement shall also include tax, fresh start accounting and other services to be provided by professionals from CMS' affiliate, Riveron, upon request, direction and approval of the Debtors in their sole and absolute discretion.

7.  The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____
  BRETT A. AXELROD, ESQ.
  Nevada Bar No. 5859
  1980 Festival Plaza Drive, Suite 700
  Las Vegas, Nevada 89135
  *Counsel for Debtors*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
  Edward M. McDonald, Jr.,
  Trial Attorney for Tracy Hope Davis,
  United States Trustee
  Foley Federal Building
  300 Las Vegas Boulevard South, Suite 4300
  Las Vegas, Nevada 89101

Active\112239496

## **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

> EDWARD M. MCDONALD, JR.,
> TRIAL ATTORNEY
> OFFICE OF THE UNITED STATES
> TRUSTEE
>
> ‎ Approved / Disapproved ‎

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112239496