BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for the Debtors*

> Electronically Filed July 31, 2020

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

RED ROSE, INC.,

RED ROSE, INC.,
☐ Affects Beachhead Roofing and Supply, Inc.
☒ Affects California Equipment Leasing Association, Inc.
☒ Affects Fences 4 America, Inc.
☐ Affects James Petersen Industries, Inc.
☒ Affects PD Solar, Inc.
☐ Affects Petersen Roofing and Solar LLC
☒ Affects Petersen-Dean, Inc.
☒ Affects PetersenDean Hawaii LLC
☒ Affects PetersenDean Roofing and Solar Systems, Inc.
☒ Affects PetersenDean Texas, Inc.
☒ Affects Red Rose, Inc.
☒ Affects Roofs 4 America, Inc.
☒ Affects Solar 4 America, Inc.
☒ Affects Sonoma Roofing Services, Inc.
☐ Affects TD Venture Fund, LLC
☒ Affects Tri-Valley Supply, Inc.
☐ Affects All Debtors

Case No. BK-S-20-12814-mkn

Jointly Administered with
Case No. BK-S-20-12815-mkn
Case No. BK-S-20-12816-mkn
Case No. BK-S-20-12818-mkn
Case No. BK-S-20-12819-mkn
Case No. BK-S-20-12820-mkn
Case No. BK-S-20-12821-mkn
Case No. BK-S-20-12822-mkn
Case No. BK-S-20-12823-mkn
Case No. BK-S-20-12824-mkn
Case No. BK-S-20-12825-mkn
Case No. BK-S-20-12826-mkn
Case No. BK-S-20-12827-mkn
Case No. BK-S-20-12829-mkn
Case No. BK-S-20-12831-mkn
Case No. BK-S-20-12833-mkn

Chapter 11

**NOTICE OF ENTRY OF ORDER**

  **PLEASE TAKE NOTICE** that on the 31st day of July 2020, the Court entered the following Order:

> *Final Order (I) Authorizing The Use Of Cash Collateral Pursuant To Section 363 Of The Bankruptcy Code, (II) Granting Adequate Protection Pursuant To Sections 361, 362, And 363 Of The Bankruptcy Code, (III) Granting Liens And Superpriority Claims, And (IV) Modifying The*

1    *Automatic Stay, And (V) Scheduling A Final Hearing* [ECF No. 601].

2    A copy of the above-referenced order is attached hereto.

3    Dated this 31st day of July 2020.

4                                        **FOX ROTHSCHILD LLP**

5                                        By:  */s/Brett A. Axelrod*
                                              BRETT A. AXELROD, ESQ.
6                                             Nevada Bar No. 5859
                                              1980 Festival Plaza Drive, Suite 700
7                                             Las Vegas, Nevada 89135
                                        *Counsel for Debtors*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112835543

IT IS FURTHER ORDERED that to avoid immediate and irreparable harm, Local Rule 9021(b) is waived.



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
July 31, 2020

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899 /Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
*Counsel for Borrowing Debtors*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☒ Affects California Equipment Leasing Association, Inc.<br>☒ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☒ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☒ Affects Petersen-Dean, Inc.<br>☒ Affects PetersenDean Hawaii LLC<br>☒ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☒ Affects PetersenDean Texas, Inc.<br>☒ Affects Red Rose, Inc.<br>☒ Affects Roofs 4 America, Inc.<br>☒ Affects Solar 4 America, Inc.<br>☒ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☒ Affects Tri-Valley Supply, Inc.<br>☐ Affects All Debtors | Case No. BK-20-12814-mkn<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-mkn<br>Case No. BK-S-20-12816-mkn<br>Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn<br>Case No. BK-S-20-12820-mkn<br>Case No. BK-S-20-12821-mkn<br>Case No. BK-S-20-12822-mkn<br>Case No. BK-S-20-12823-mkn<br>Case No. BK-S-20-12824-mkn<br>Case No. BK-S-20-12825-mkn<br>Case No. BK-S-20-12826-mkn<br>Case No. BK-S-20-12827-mkn<br>Case No. BK-S-20-12829-mkn<br>Case No. BK-S-20-12831-mkn<br>Case No. BK-S-20-12833-mkn<br><br>Chapter 11<br><br>**FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362, AND 363 OF THE BANKRUPTCY CODE, (III) GRANTING LIENS AND SUPERPRIORITY CLAIMS, AND (IV) MODIFYING THE AUTOMATIC STAY, AND (V) SCHEDULING A FINAL HEARING**<br><br>Hearing Date: July 29, 2020<br>Hearing Time: 10:30 a.m. |

Active\112812251

1

The Court, having reviewed and considered those certain Motions for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363, and 552 and Fed. R. Bankr. P. 4001(b) and 4001(d): (I) Determining Extent of Cash Collateral; (II) Authorizing Borrowing Debtors to Use Cash and Provide Adequate Protection; (III) Granting Related Relief; and (IV) Scheduling Final Hearing filed in the above-captioned bankruptcy cases   (collectively, the "Motion") [1] filed by each of California Equipment Leasing Association, Inc.; Fences4America, Inc.;, PD Solar, Inc.; Petersen-Dean, Inc.; PetersenDean Hawaii LLC; PetersenDean Roofing and Solar Systems, Inc.; PetersenDean Texas, Inc.; Red Rose, Inc.; Roofs4America, Inc.; Solar4America, Inc.; Sonoma Roofing Services, Inc.; and Tri-Valley Supply, Inc. (each such Debtor the "Borrowing Debtor" with respect to its own chapter 11 case "Chapter 11 Case") and collectively, the "Borrowing Debtors"), in their collective chapter 11 cases ("Chapter 11 Cases") requesting entry of an  interim order (the "Interim Order") and a final order (the "Final Order") pursuant to sections 361, 362, 363, 503 and 507 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rules 2002, 4001(b) and 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001(b) and 4001(c) of the Local Rules for the U.S. Bankruptcy Court, District of Nevada ("Local Rules") among other things authorizing and approving Borrowing Debtors' use of the cash collateral as defined in the Bankruptcy Code ("Pre-Petition Lender's Cash Collateral") of ACF Finco I LP (the "Pre-Petition Lender"); and it appearing that the final relief provided herein is in the best interests of Borrowing Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Secured Creditor ACF FinCo I, LP's Initial Opposition to Emergency First Day Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363, 552 and Fed. R. Bankr. P. 4001(b) and 4001(d): (i) Determining Extent of Cash Collateral; (ii) Authorizing Borrowing Debtors to Use Cash Collateral and Provide Adequate Protection; (iii) Granting Related Relief; and (iv) Scheduling Final Hearing or the Declaration of Andres Pinter in Support of Secured Creditor ACF FinCo I, LP's Initial Opposition to Emergency First Day Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363, 552 and Fed. R. Bankr. P. 4001(b) and 4001(d): (i) Determining Extent of Cash Collateral; (ii) Authorizing Borrowing Debtors to Use Cash Collateral and Provide Adequate Protection; (iii) Granting Related Relief; and (iv) Scheduling Final Hearing.*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

considered all other pleadings and evidence submitted by the parties in connection with the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual grounds set forth in the Motion establish just cause for the relief granted herein; and the Court having considered the oral arguments of counsel at the hearings held on June 17, 2020 and July 29, 2020; and the Court having made findings of fact and conclusions of law on the record, which (to the extent not expressly set forth below) are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Bankruptcy Rule 7052; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED that**:

A.     Pursuant to that certain *Loan and Security Agreement* (the "Loan Agreement"), dated June 29, 2017, the Pre-Petition Lender extended loans to Borrowing Debtors under a revolving credit facility at an aggregate principal sum of no greater than $30MM (the "Revolving Credit Note").

B.     The Loan Agreement, among other things, granted the Pre-Petition Lender a security interest in all of Borrowing Debtors' personal property wherever located and whether owned on the Effective Date of the Loan Agreement or thereafter acquired in order to secure Borrowing Debtors' obligations under the Loan Agreement (the "Pre-Petition Collateral"), including, but not limited to (and specifically including all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of all of the following): all cash, Money (as defined in Section 1-201(24) of the UCC), Accessions, Accounts (including without limitation all Receivables and unearned premiums with respect to insurance policies insuring any of the Collateral and claims against any Person for loss of, damage to, or destruction of any or all of the Collateral), Certificates of Title, Chattel Paper, Commercial Tort Claims, Deposit Accounts, Documents, Equipment, General Intangibles, Goods, Instruments, Inventory, Investment Property, Letter-Of- Credit Rights, and Proceeds.

C.     Borrowing Debtors' obligations to the Pre-Petition Lender are further secured by that certain *Collection Account Agreement*, dated June 16, 2017, entered into between Borrowing Debtor Petersen-Dean, Inc., the Pre-Petition Lender and Wells Fargo Bank, National Association (the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

3

"Bank"), which sets forth certain rights and obligations of the parties thereto with respect to the deposit account of Pre-Petition Lender at the Bank ("Collection Account"), the Lockboxes and Remittances (as those terms are defined therein).

D.    In addition, the Borrowing Debtors' obligations to the Pre-Petition Lender under or relating to the Revolving Credit Note are secured, or guaranteed as applicable, by the following: (a) Stock Pledge Agreement; (b) Collateral Pledge & Security Agreement; (c) Amended and Restated Continuing Guaranty; (d) Continuing Guaranty; (e) Truckee Deed of Trust; (f) Aptos Deed of Trust; and (g) Hawaii Mortgage (collectively, and together with the Loan Agreement, Revolving Credit Note and all other loan documents related thereto, the "Pre-Petition Loan Documents").

E.    The Pre-Petition Lender's security interests in the Pre-Petition Collateral are properly perfected.

F.    A first amendment to the Loan Agreement (the "First Amendment") was executed on June 22, 2018, which, among other things, modified the revolving credit rate and the revolving credit termination date, permitted total liquidity to be below $5,000,000, and waived the Borrowing Debtors' default.

G.    A second amendment to the Loan Agreement (the "Second Amendment") was executed on November 21, 2018 that, among other things, increased the credit limit to $35,000,000, and included a waiver of the Borrowing Debtors' default.

H.    On November 21, 2018, as a condition precedent to the effectiveness of the Second Amendment, the Pre-Petition Lender and Petersendean Hawaii LLC ("PD Hawaii") executed that certain *Joinder to Loan Documents* (the "Joinder") under which PD Hawaii acknowledged and agreed that it joined in the execution of, and becomes a party to the Loan Agreement, each of the other Pre-Petition Loan Documents, including without limitation the Revolving Note, First Amendment, and Second Amendment, and assumed and agreed to perform all applicable duties and obligation of Borrowing Debtors under the Loan Agreement and the other Pre-Petition Loan Documents, and pledged to the Pre-Petition Lender, and granted to the Pre-Petition Lender a continuing general lien upon and security interest in and to the Pre-Petition Collateral.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

I.    A third amendment to the Loan Agreement (the "Third Amendment") was executed on October 9, 2019 that, among other things, amended the default rate and modified permitted investments, indebtedness, and eligible receivables, and permitted total liquidity to be below $500,000 before ballooning back to $5,000,000.

J.    A fourth amendment to the Loan Agreement (the "Fourth Amendment") was executed on January 22, 2020 providing, among other things, a forbearance default period through May 22, 2020, modifying permitted indebtedness, liens, and payments, and providing for potential sale of equity interest.

K.    By way of the Fourth Amendment, the Borrowing Debtors and the Guarantors acknowledged and agreed that all of the obligations under the Pre-Petition Loan Documents (including the Guaranties) owing to Pre-Petition Lender are valid and enforceable and reaffirmed the Pre-Petition Lender's liens, security interests, obligations and guaranties.

L.    As of the June 11, 2020, the amount outstanding under the Revolving Credit Note was approximately $28,543,854 excluding legal fees (the "Pre-Petition Obligations").

M.    On June 12, 2020 (the "Petition Date"), each of the Borrowing Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Borrowing Debtors continue to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory committee ("Committee") has been appointed in these cases.

N.    On October 30, 2019, the Director of the Department of Industrial Relations for the State of California (the "Director") delivered a demand for the Debtor Petersen Dean, Inc. to post additional collateral in connection with its participation in the Alternative Securities Program for self-insurance of Workers Compensation Obligations in California. The position of the California Self Insurer's Security Fund ("CSISF"), which administers the program, is that the issuance of that notice, pursuant to the applicable statutes, resulted in a lien in the amount of $965,941.00 on all of the assets of the Debtor Petersen Dean, Inc.

O.    Borrowing Debtors have complied with the requirements of Bankruptcy Rules 2002, 4001(b), and 4001(d), and Local Rules 4001(b), 4001(c) and 9006, requiring, among other things, that

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

a hearing on the Motion ("Hearing") held on less than fourteen (14) calendar days be noticed by serving the Motion and providing notice of the Hearing by facsimile or overnight mail to: (i) the Office of the United States Trustee for the District of Nevada; (ii) counsel to the Pre-Petition Lender; (iii) counsel for any committee appointed in these cases, and if no committee was appointed, then to all parties listed on each Borrowing Debtors' List of Creditors Holding the 20 Largest Unsecured Claims; and (iv) all other parties requesting notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief sought in the Motion, the Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with Bankruptcy Rule 4001 in all respects.

P.      The Borrowing Debtors have an immediate and critical need to use Pre-Petition Lender's Cash Collateral in order to, among other things, enable the orderly continuation of their operations and to administer and preserve the value of their estates.  The ability of the Borrowing Debtors to maintain business relationships with their vendors, suppliers and customers, to pay their employees and otherwise finance their operations requires the use of Pre-Petition Lender's Cash Collateral, the absence of which would immediately and irreparably harm the Borrowing Debtors, their estates, and parties-in-interest. The Borrowing Debtors do not have sufficient available sources of working capital and financing to operate their businesses or maintain their properties in the ordinary course of business without the authorized use of Pre-Petition Lender's Cash Collateral.

Q.      Good cause has been shown for immediate entry of this Final Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(d), and, to the extent it applies, Bankruptcy Rule 6003, as the Court finds that entry of this Final Order is necessary to avoid immediate and irreparable harm to Borrowing Debtors and their estates.

R.      Entry of this Final Order is in the best interests of Borrowing Debtors, their estates and creditors.

S.      Based on the foregoing, and upon the record made before this Court at the Hearing, and good and sufficient cause appearing therefor:

**IT IS ORDERED that:**

1.      The Motion is granted on a final basis and on the terms and conditions set forth in this Final Order.  This Final Order shall become effective immediately upon its entry.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

2.     From the Petition Date through August 30, 2020[ ], the Borrowing Debtors shall be permitted to use the Pre-Petition Lender's Cash Collateral subject to the terms and conditions of this Final Order and the budget attached hereto as **Exhibit 1** ("Approved Budget").  The Borrowing Debtors shall have no right to use the Pre-Petition Lender's Cash Collateral after the occurrence and during the continuance of any Event of Default (as hereinafter defined).

3.     Borrowing Debtors shall abide by the terms of the Loan Agreement, and cause all of the Pre-Petition Lender's Cash Collateral and post-petition receivables to be deposited into the Collection Account or delivered to one or more post office lockboxes maintained for Lender by Bank (each a "Lockbox").

4.     Borrowing Debtors shall be in, and operate within, strict compliance with the Approved Budget.  Borrowing Debtors shall be deemed to be in such strict compliance with the Approved Budget as to receipts and disbursements only if and for so long as (i) Borrowing Debtors' actual cash receipts for each weekly period set forth in the Approved Budget are no less than ninety percent (90%) of the budgeted cash receipts for the same cumulative weekly period set forth in the Approved Budget, (ii) Borrowing Debtors' actual expenditures for each line item on the Approved Budget for the cumulative weekly periods commencing at the end of the second weekly period set forth in the Approved Budget do not exceed one hundred fifteen (115%) of the budgeted expenditures for each line item on the Approved Budget for such cumulative weekly periods set forth in the Approved Budget, and (iii) no expenditures are made to or to or for the benefit of any affiliated non Borrowing Debtor. The Approved Budget may only be modified with the written consent of the Pre-Petition Lender and the Borrowing Debtors, without the need for Court approval

5.     In furtherance of the foregoing and without further approval of this Court, each Debtor is authorized and empowered to perform all acts and to execute and deliver all instruments and documents that the Pre-Petition Lender determines to be reasonably required or necessary for such Debtor's performance of its obligations hereunder.

6.     No obligation, payment, transfer or grant of security by the Borrowing Debtors under this Final Order shall be voidable, avoidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law (including under sections 502(d), 548, or 549 of the Bankruptcy Code

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act or similar statute or common law), or subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaim, cross-claim, defense, or any other challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity.

7.  *Adequate Protection for the Pre-Petition Lender*.  As adequate protection under Bankruptcy Code sections 361, 362, 363, 507, and 552 for any diminution in the value (as it existed on the Petition Date) of Pre-Petition Lender's interest in the Pre-Petition Collateral, including the Pre-Petition Lender's Cash Collateral, in an amount equal to the aggregate diminution in value of its interests in the Pre-Petition Collateral, including any such diminution resulting from the sale, lease, encumbrance or use by the Borrowing Debtors (or other decline in value) of the Pre-Petition Lender's Cash Collateral and any other Pre-Petition Collateral during the Interim Period (meaning the period from the entry of the Interim Order and this Final Order) and thereafter, subject to the Section 12(d) of the *Interim Order (I) Authorizing Certain Debtors to (A) Obtain Post-Petition DIP Factoring Pursuant to 11 U.S.C. § 363 and 364; (2) Grant Priming Liens and Superiority Claims Pursuant to 11 U.S.C. § 364, and (C) Sell Accounts Free and Clear; (II) Modifying the Automatic Stay; (III) Approving Notice; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* ("Interim DIP Order") and the corresponding provision in any final order of the Interim DIP Order, and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code (such diminution in value, the "Adequate Protection Obligations"), the Pre-Petition Lender shall receive:

(a)  *Adequate Protection Liens*.  As security for the payment of the Adequate Protection Obligations, the Pre-Petition Lender is hereby granted (effective and perfected as of the date of this Final Order and without the necessity of the execution by the Borrowing Debtors of security agreements, pledge agreements, mortgages, financing statements or other agreements) a valid, perfected security interest in and lien (the "Adequate Protection Liens") on all Debtors' personal property wherever located and whether owned on the Petition Date or thereafter acquired including all previously unencumbered property and post-petition accounts receivables, and further including, but not limited to (and specifically including all accessions to, substitutions for and all replacements,

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

products and cash and non-cash proceeds of all of the following): all cash, Money (as defined in Section 1-201(24) of the UCC), Accessions, Accounts (including without limitation all Receivables), Certificates of Title, Chattel Paper, Commercial Tort Claims, Deposit Accounts, Documents, Equipment, General Intangibles, Goods, Instruments, Inventory, Investment Property, Letter-Of-Credit Rights, Causes of Action and rights of Borrowing Debtors and their estates under Sections 542 through 553 of the Bankruptcy Code and Proceeds of all of the foregoing. The Adequate Protection Liens shall have the same legality, validity, priority, perfection that the Pre-Petition Lender's liens had on the Petition Date.

(b)      *Adequate Protection Superiority Claims*.  The Adequate Protection Obligations shall constitute superpriority claims as provided in section 507(b) of the Bankruptcy Code (the "Adequate Protection Claims") that will have a priority in payment over any and all other administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including sections 105, 326, 328, 330, 331, 503(a), 503(b), 507(a), 506(c), 507(b), 546(c), 546(d), 726, 1113 and 1114  of the Bankruptcy Code.

(c)      *Adequate Protection Payments*.  As additional adequate protection to the Pre-Petition Lender, the Pre-Petition Lender is authorized to retain  $35,000 each day the Bank is open to conduct regular banking business ("Business Day") commencing on July 30, 2020 and continuing each Business Day thereafter to and including August 30, 2020 (the "Adequate Protection Payments"), from the Collection Account held at the Bank, and the automatic stay hereby is vacated and modified to the extent necessary to permit the Pre-Petition Lender to retain the Adequate Protection Payments from the Collection Account at the Bank and apply them against the Pre-Petition Obligations.  For the avoidance of doubt, the payment of Adequate Protection Payments pursuant to this paragraph shall be without prejudice to the rights of the Pre-Petition Lender to assert claims for payment of additional interest at any other rates in accordance with the Pre-Petition Loan Documents.

(d)      *Survival of Adequate Protection*. Except as expressly provided in this Final Order, the Adequate Protection Liens, the Adequate Protection Claims, and all other rights and remedies of the Pre-Petition Lender granted by this Final Order shall survive, and shall not be modified, impaired or discharged by (a) the entry of an order converting any of the Chapter 11 Cases

9

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

to a case under chapter 7 of the Bankruptcy Code or dismissing any of the Chapter 11 Cases, or (b) the entry of an order confirming a plan of reorganization in any of the Chapter 11 Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Borrowing Debtors' waiver of discharge as to any remaining Adequate Protection Obligations.  The terms and provisions of this Final Order shall continue in these Chapter 11 Cases and in any successor cases, and the Adequate Protection Liens, the Adequate Protection Obligations, the Adequate Protection Claims, and the other administrative claims granted pursuant to this Final Order, and all other rights and remedies of the Pre-Petition Lender granted by this Final Order shall continue in full force and effect until all Adequate Protection Obligations, if any, are indefeasibly paid in full in cash.

8.    *Independent Board Member:*  Borrowing Debtors' governing board of directors is currently comprised of James P. Petersen, Tricia Yea Petersen, and independent director Ted Burr. The Pre-Petition Lender, in its sole discretion, appointed Bradley Scher as an independent board member (the "Independent Director")to Borrowing Debtors' board of directors.  The expense for the Pre-petition Lender's Independent Director shall be included in the Approved Budget.  The Pre-Petition Lender's Independent Director shall be notified of and have the right to attend all meetings of directors and be given access to information provided to the other directors and books and records of the Borrowing Debtors. Mr. Scher's service as Independent Director is a condition to the continued use of Pre-Petition Lender's Cash Collateral.

9.    *Control of Cash and Reporting*.  Borrowing Debtors' financial advisor Conway MacKenzie Management Services, LLC ("Conway") shall have sole control over and shall approve the disbursement of all Borrowing Debtors' cash and transfers of cash or cash equivalents.  Conway shall have exclusive control over all ACH and wire tokens for the Borrowing Debtors' accounts. Conway shall inform itself as the identity and veracity of each vendor receiving a disbursement to ensure that such vendor is legitimately receiving an approved transfer and that the transfer is necessary for the continued operations of Debtors.  Conway shall report in writing within twenty-four (24) hours of any discovery of any operational or accounting irregularities in the Debtor's operations to all independent board members for immediate action.  Such irregularities include, but are not limited to, Debtors failure to maintain its books and records in compliance with GAAP.  Each Wednesday

Active\112812251

commencing on the first Wednesday following the Hearing, Conway shall deliver a reconciliation report ("Reconciliation Report") showing of actual cash receipts and expenditures as compared with budgeted receipts and expenditures in the Approved Budget for the preceding week to the Pre-Petition Lenders.  The Reconciliation Report shall be certified as accurate by Conway and approved by independent director Ted Burr.  Conway shall also provide the Pre-Petition Lenders with a report of Debtor's post-petition accrual of unpaid post-petition expenses.

10.    *Access to Conway*.  The Pre-Petition Lender's shall have the right to communicate with Conway regarding the Debtors' financial situation and business operations, and Conway will provide the Pre-Petition Lenders requested information and operational information in a manner agreed to by the Borrowing Debtors and the Pre-Petition Lender or determined by further Court order.

11.    *Further Budgets*.  As additional adequate protection, Conway shall prepare and provide to the Pre-Petition Lender a budget (the "Wind-Down Budget") for the "wind-down" of the Borrowing Debtors' operations, which Wind-Down Budget shall be created to maximize/optimize the recovery from the Pre-Petition Collateral, including the Pre-Petition Lender's Cash Collateral, and which Wind-Down Budget shall be delivered not less than seven (7) calendar days following entry of this Final Order.  The Wind-Down Budget shall be broken down to show revenue and disbursements on a by contract by contract (or job by job) basis.

12.    *Right to Seek Additional Adequate Protection.*  The Pre-Petition Lender may request further or different adequate protection or seek the allowance of adequate protection claims, and the Borrowing Debtors or any other party in interest may contest any such request (notwithstanding the terms of this Final Order).

13.    *Preservation of Rights*. Other than the Adequate Protection Liens, the Adequate Protection Claims, the DIP Liens and any liens permitted pursuant to the Pre-Petition Loan Documents, no claim or lien having a priority senior to or pari passu with those granted by this Final Order to the Pre-Petition Lender shall be granted or allowed while any portion of the Adequate Protection Obligations remain outstanding, and the Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Borrowing Debtors' estates under section 551 of the Bankruptcy Code or subordinated to or made pari passu with

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

11

Active\112812251

1    any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise.

2    14.    *Enforceability of Adequate Protection Obligations*. If any or all of the provisions of

3    this Final Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification

4    or vacatur shall not affect (a) the validity, priority or enforceability of any Adequate Protection

5    Obligations incurred prior to the effective date of such reversal, stay, modification or vacatur or (b)

6    the validity, priority or enforceability of the Adequate Protection Claims and Adequate Protection

7    Liens.  Notwithstanding any such reversal, stay, modification or vacatur, any use of the Pre-Petition

8    Lender's Cash Collateral, any Adequate Protection Obligations incurred by the Borrowing Debtors to

9    the Pre-Petition Lender, as the case may be, prior to the effective date of such reversal, stay,

10    modification or vacatur shall be governed in all respects by the original provisions of this Final Order,

11    and the Pre-Petition Lender shall be entitled to all of the rights, remedies, privileges and benefits

12    granted in section 364(e) of the Bankruptcy Code, this Final Order, the Adequate Protection

13    Obligations and uses of the Pre-Petition Lender's Cash Collateral.

14    15.    *Payments Free and Clear*.  Any and all payments or proceeds remitted to the Pre-

15    Petition Lender pursuant to the provisions of the Final Order shall be received free and clear of any

16    claim, charge, assessment or other liability.

17    16.    *Protection of Pre-Petition Lender's Rights*.  Unless the Pre-Petition Lender shall have

18    provided its prior written consent or all Adequate Protection Obligations have been indefeasibly paid

19    in full in cash, there shall not be entered in any of these Chapter 11 Cases or any successor cases any

20    order (including any order confirming any plan of reorganization or liquidation) that authorizes any

21    of the following: (i) the use of the Pre-Petition Lender's Cash Collateral for any purpose other than as

22    permitted in this Final Order; (ii) the return of goods pursuant to section 546(h) of the Bankruptcy

23    Code (or other return of goods on account of any prepetition indebtedness) to any creditor of any

24    Debtor or any creditor's taking any setoff against any of its prepetition indebtedness based upon any

25    such return of goods pursuant to section 553 of the Bankruptcy Code or otherwise; or (iii) any

26    modification of any of the Pre-Petition Lender's rights under this Final Order or the Pre-Petition Loan

27    Documents with respect any Prepetition Obligations.

28    / / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

12

17.     *Preservation of Priorities of Mechanics' Liens*. No term in this Final Order shall be deemed or construed to change or otherwise modify the prepetition priorities of prepetition claims and <u>pre and post-petition</u> mechanics, materialmen, or supplier liens, stop payment notice claims, except as to purchased accounts under the DIP Factoring Agreement, or payment bond claims , of objecting creditors American Builders & Contractors Supply Co., Inc., D/B/A ABC Supply Co., Inc. ("<u>ABC</u>") and Beacon Sales Acquisition, Inc. ( "Beacon"), Independent Electric Supply Inc. ("IES"), and OneSource Distributors, LLC ("<u>OSD</u>"), Silfab Solar USA, Inc. ("<u>Silfab</u>") and Durable Structures, LTD ("Durable") and collectively with ABC, Beacon, IES, OSD and Silfab, "<u>Objecting Creditors</u>" and such claims and liens, collectively, the "Objecting Creditors' Claims and Liens") to the extent the Objecting Claims and Liens are valid, enforceable, and non-avoidable and perfected <u>(or may be perfected pursuant to applicable non-bankruptcy law)</u>, including as permitted by section 546(b) of the Bankruptcy Code, and no term in this Final Order, including the granting of adequate protection liens, shall be deemed to have changed or modified the Objecting Creditors' Claims and Liens, all of which are hereby expressly preserved.  All of Objecting Creditors' rights to seek adequate protection and related relief in the future, are reserved.  No term in this Final Order shall be deemed or construed to change or otherwise modify the rights of Objecting Creditors as to property which is not part of the within estate under section 541 of the Bankruptcy Code.

18.     *Rights Preserved*.  Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the Pre-Petition Lender's right to seek any other or supplemental relief in respect of the Borrowing Debtors; (b) any of the rights of the Pre-Petition Lender's under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right, to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases or successor cases, conversion of any of the Chapter 11 Cases to cases under Chapter 7, or appointment of a Chapter 11 trustee or examiner with expanded powers, or (iii) propose a chapter 11 plan or plans; or (c) any other rights, claims or privileges (whether legal, equitable or otherwise) of the Pre-Petition Lender. To the extent not inconsistent with the terms of this Final Order, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the Borrowing

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

13

Active\112812251

Debtors' rights to seek any other or supplemental relief in respect of the Pre-Petition Lender; (b) any of the rights of the Borrowing Debtors under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to propose a chapter 11 plan or plans; or (c) any other rights, claims or privileges (whether legal, equitable or otherwise) of the Borrowing Debtors.

19. *No Waiver*. The failure of the Pre-Petition Lender to seek relief or otherwise exercise their rights and remedies under this Final Order, the Pre-Petition Loan Documents, or otherwise, as applicable, shall not constitute a waiver of any of the Pre-Petition Lender's rights hereunder, thereunder, or otherwise. Except as expressly provided herein, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair any of the rights, claims, privileges, objections, defenses or remedies of the Pre-Petition Lender under the Bankruptcy Code or under non-bankruptcy law against any other person or entity in any court. Except to the extent otherwise expressly provided in this Final Order or by law, neither the commencement of the Chapter 11 Cases nor the entry of this Final Order shall limit or otherwise modify the rights and remedies of the Pre-Petition Lender with respect to any affiliated non-Borrowing Debtor entities or their respective assets, whether such rights and remedies arise under the Pre-Petition Loan Documents, applicable law, or equity.

20. *Right to Credit Bid*. The Pre-Petition Lender's credit bid rights under section 363(k) under any auction/sale and under any plan of reorganization shall be preserved and not be impaired or limited by Court order in the event of a sale of all or any of the Pre-Petition Collateral or collateral secured by any liens granted in this Final Order.

21. *Limitation on Charging Expenses against Collateral*. No costs or expenses of administration of the Chapter 11 Cases incurred or shall be charged against or recovered from the Pre-Petition Lender, or any of its respective claims, or the Pre-Petition Collateral, as the case may be, pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Pre-Petition Lender, and no such consent shall be implied from any other action or inaction by the Pre-Petition Lender.

22. *Limitations under Section 552(b) of the Bankruptcy Code*. Subject to the entry of the this Final Order for any Adequate Protection Obligations, the Pre-Petition Lender shall be entitled to

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

14

all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Pre-Petition Lender with respect to (a) proceeds, products, or offspring of any of the Pre-Petition Collateral or (b) the extension of the Adequate Protection Liens to the proceeds, products or offspring of the Prepetition Collateral.

23. Borrowing Debtors shall be authorized to use the Pre-Petition Lender's Cash Collateral through the earliest of (a) August 30, 2020 , or as otherwise agreed to in writing by Borrowing Debtors and the Pre-Petition Lender (for which no Court approval will be required), (b) the date any chapter 11 plan confirmed in the Chapter 11 Cases becomes effective, or (c) the occurrence of an Event of Default (as hereinafter defined) that is no longer subject to cure (each, a "Termination Date").

24. *Events of Default*. Upon written notice from the Pre-Petition Lender, any of the following shall be an event of default (each an "Event of Default"): (i) appointment of a chapter 11 trustee with respect to the Chapter 11 Cases; (ii) appointment of an examiner with expanded powers with respect to the Chapter 11 Cases; (iii) conversion of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; (iv) dismissal of the Chapter 11 Cases; (v) the Bankruptcy Court terminating the Borrowing Debtors' authority to operate their businesses; (vi) Debtors' failure to be in and operate within strict compliance with the Approved Budget in accordance with **Section 4** of this Final Order, (vii) Any use of Pre-Petition Lender's Cash Collateral to make a payment that is not in strict compliance with the Approved Budget in accordance with **Section 4** of this Final Order to or for the benefit of affiliated non-Borrowing Debtor or its creditors; (viii) Borrowing Debtors' failure to (a) instruct all Account Debtors to forward all payments of Receivables by check to the Lockbox and instruct all Account Debtors paying Receivables by wire transfer or other electronic payment to make such payments to the "Blocked Account" (as those terms are defined in the Loan Agreement), (b) deliver all proceeds of Pre-Petition Collateral, including cash, checks, drafts, notes, acceptances or other forms of payment, and whether Proceeds of Receivables, Inventory, insurance claims or other otherwise, in Borrowing Debtors' possession to the Blocked Account immediately after receipt, in precisely the form received (except for the endorsement or assignment of Borrower where necessary) (as those terms are defined in the Loan Agreement), or (c) cause Persons processing or collecting any credit card payments or Proceeds of Receivables on behalf of Borrowing Debtors' to deliver such

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

payments or Proceeds to the Blocked Account promptly, but not less frequently than once every week, as required by Section 2.6 of the Loan Agreement, or (ix) breach by any of the Borrowing Debtors of any other stipulation, agreement or provision of this Final Order, and, with respect only to subparagraphs (vi) through (ix) of this **Section 23**, such breach remains uncured for a period of two (2) Business Days  after written notice of such default has been provided by electronic mail (or other electronic means) to counsel to the Borrowing Debtors, counsel to a Committee (if appointed), and the U.S. Trustee.

25.    *Rights and Remedies Upon Event of Default*.  Immediately upon the occurrence and during the continuation of an Event of Default, notwithstanding the provisions of section 362 of the Bankruptcy Code, without any application, motion or notice to, hearing before, or order from the Court, but subject to the terms of this Final Order, the Pre-Petition Lender may declare (any such declaration shall be referred to herein as a "Termination Declaration") a termination, reduction or restriction on the ability of the Borrowing Debtors to use the Pre-Petition Lender's Cash Collateral The Termination Declaration shall not be effective until notice has been provided by electronic mail (or other electronic means) to counsel to the Borrowing Debtors, counsel to a Committee (if appointed), and the U.S. Trustee.  The automatic stay in the Chapter 11 Cases otherwise applicable to the Pre-Petition Lender is hereby modified so that two (2) Business Days after the date a Termination Declaration is delivered (the "Remedies Notice Period") the Pre-Petition Lender shall be entitled to exercise its rights and remedies to the extent available in accordance with the Pre-Petition Loan Documents and this Final Order with respect to the Borrowing Debtors' use of the Pre-Petition Lender's Cash Collateral.   During the Remedies Notice Period, the Borrowing Debtors, the Committee (if appointed) and/or any party in interest shall be entitled to seek an emergency hearing within the Remedies Notice Period with the Court for the sole purpose of contesting whether an Event of Default has occurred or is continuing.  Except as otherwise ordered by the Court prior to the expiration of the Remedies Notice Period, after the Remedies Notice Period, the Borrowing Debtors shall waive their right to and shall not be entitled to seek relief, including, without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of the Pre-Petition Lender under this Final Order.  Unless the Court has

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

determined that an Event of Default has not occurred and/or is not continuing or the Court orders otherwise, the automatic stay, as to the Pre-Petition Lender (solely with respect to the use of the Pre-Petition Lender's Cash Collateral to the extent permitted hereunder) shall automatically be terminated at the end of the Remedies Notice Period without further notice or order.  Upon expiration of the Remedies Notice Period, the Pre-Petition Lender shall be permitted to exercise all remedies set forth herein, and as otherwise available at law without further order of or application or motion to this Court consistent with this Final Order; provided, that the Pre-Petition Lender shall be permitted to exercise remedies to the extent available solely with respect to the Borrowing Debtors' use of the Pre-Petition Lender's Cash Collateral.

26.    The Pre-Petition Collateral, including, without limitation, the Adequate Protection Liens and the Adequate Protection Claims, shall be subject to a carve-out (the "Carve-Out"), for (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 § U.S.C. 1930, and (ii) only to the extent the amounts are not available under the Approved Budget from other property of the estate that is not avail, an amount not exceeding Three Hundred Thousand Dollars ($300,000) in the aggregate, which amount may be used after the occurrence and during the continuation of an Event of Default, to pay the fees and expenses of professionals retained by Borrowing Debtors and any Committee and allowed (or allowable) by the Bankruptcy Court; provided, however, that (x) Borrowing Debtors shall be permitted to pay compensation and reimbursement of expenses allowed, allowable or otherwise authorized by the Bankruptcy Court and payable under Bankruptcy Code sections 330 and 331 in accordance with the Approved Budget; and (y) the Carve-Out shall not be reduced by the amount of any compensation and reimbursement of expenses paid or incurred (to the extent ultimately allowed or allowable by the Bankruptcy Court) prior to the occurrence of an Event of Default in respect of which the Carve-Out is invoked; and provided, further, that nothing herein shall be construed to impair the ability of the Pre-Petition Lender to object to the reasonableness of any of the fees, expenses, reimbursement or compensation sought by the professionals retained by Borrowing Debtors or any statutory committee.

27.    The Pre-Petition Lender shall not be required to file or serve financing statements, notices of lien or similar instruments that otherwise may be required under federal or state law in any

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

jurisdiction, or take any action, including taking possession, to validate and perfect the replacement liens; and the failure by Borrowing Debtors to execute any documentation relating to the replacement liens shall in no way affect the validity, perfection or priority of such replacement liens.

28.    Notwithstanding an Event of Default, any amounts that have been disbursed in accordance with the Approved Budget shall not be subject to disgorgement in favor of the Pre-Petition Lender.

29.    The Borrowing Debtors shall use its commercially reasonable best efforts to cause the owner-builders (customers) to pay directly for the Borrowing Debtors' post-petition materials/supplies purchased during the Final Period, with such written reporting as the Pre-Petition Lender may request, and if a supplier or owner builder is unwilling to directly pay or accept or finance such direct purchase for such post-petition materials/supplies, then the Borrowing Debtors and the Pre-Petition Lender will negotiate with the Borrowing Debtors to put a joint check process in place with such Borrowing Debtors' suppliers to provide post-petition acquisitions on terms agreed to by the Borrowing Debtors and the Pre-Petition Lender or if necessary, as determined by the Court after notice and a hearing.

30.    All rights of the Director as of the Petition Date are hereby reserved.

31.    31.    No term in this Final Order shall be deemed to have changed or modified those liens of LEAF Capital Funding, LLC as to certain licenses for enterprise software from Microsoft described by Microsoft Part Numbers (a) 7R7-00002, Quantity of 60, (b) AAA-10758, Quantity of 454, (c) T6A-00024, Quantity of 90 and (d) AAA-10842, Quantity of 360, including all parts, accessories, accessions and attachments thereto, and all replacements, substitutions and exchanges (including trade-ins) (collectively the "LEAF Collateral"), to the extent those liens and setoff rights are valid, enforceable, non-avoidable and perfected, including as permitted by section 546(b) of the Bankruptcy Code, all of which are expressly reserved.  Nothing contained in this Final Order shall operate to prime LEAF's liens on the LEAF Collateral or alter the priority of LEAF's liens on the LEAF Collateral.  LEAF's rights to seek adequate protection and related relief in the future are reserved.  No term in this Final Order shall be deemed a waiver of the claims of Silfab, Durable,OES or IES, as they existed as of the Petition Date, for reclamation of goods under Uniform Commercial

18

Code section 2-702, to the extent those claims are valid, enforceable, non-avoidable and perfected, including as permitted by section 546(b) of the Bankruptcy Code, all of which claims are expressly reserved.

32. *Vendors' Reservation of Right*. Nothing in this Final Order shall prejudice the rights of Borrowing Debtors' vendors to assert that funds payable on Borrowing Debtors' projects are not property of Borrowing Debtors' estates pursuant to applicable non-bankruptcy law.

33. Nothing in this Final Order shall prejudice the rights of Borrowing Debtors' creditors who properly asserted their reclamation rights under section 546(c) of the Bankruptcy Code.

34. *Survival*. The Pre-Petition Lender's rights and remedies under this Final Order shall survive the Termination Date.

35. To the extent applicable, this Final Order is not subject to the 14-day stay provision of Bankruptcy Rules 4001(a)(3) or 6003.

DATED: July 31, 2020

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By: /s/ Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
    *Counsel for Borrowing Debtors*

**APPROVED**/~~DISAPPROVED~~:

**GARMAN TURNER GORDON LLP**

By: /s/Gregory E. Garman
    GREGORY E. GARMAN, ESQ.
    Nevada Bar No. 6654
    WILLIAM M. NOALL, ESQ.
    Nevada Bar No. 3549
    MARK M. WEISENMILLER
    Nevada Bar No. 12128
    7251 Amigo Street, Suite 210
    Las Vegas, NV 89119
    *Counsel for ACF Finco I LP*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

19

Active\112812251

**APPROVED**/~~DISAPPROVED~~:

**OFFICE OF THE UNITED STATES TRUSTEE**

By___*/s/Edward M. McDonald, Jr.*
    Edward M. McDonald, Jr.,
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

**APPROVED**/~~DISAPPROVED~~:

**BROWN RUDNICK LLP**

By___*/s/Catherine M. Castaldi*
    Cathrine M. Castaldi, Esq.
    Max D. Schlan, Esq.
    2211 Michelson Drive Seventh Floor
    Irvine, California 92612

    Samuel A. Schwartz, Esq.
    **SCHWARTZ LAW, PLLC**
    601 East Bridger Avenue
    Las Vegas, NV 89101
    *[Proposed] Counsel of the Official Committee*
    *of Unsecured Creditors*

**APPROVED**/~~DISAPPROVED~~:

**LEVINSON ARSHONSKY & KURTZ, LLP**
By:___*/s/Steven N. Kurtz*
    STEVEN N. KURTZ, ESQ.
    Application Pro Hac Vice to be Submitted
    15303 Ventura Blvd., Suite 1650
    Sherman Oaks, CA 91403
    *Counsel for LS DE LLC and LSQ Funding Group, LC*

/ / /

/ / /

/ / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

20

Active\112812251

**APPROVED**/~~DISAPPROVED~~:

**NIXON PEABODY LLP**

By: ___/s/Louis J. Cisz, III___
    LOUIS J. CISZ, III
    *Counsel for California Self-Insurers' Security Fund*

**APPROVED**/~~DISAPPROVED~~:

**HOPKINS & CARLEY, A LAW CORPORATION**

By: ___/s/Monique D. Jewett-Brewster___
    Monique D. Jewett-Brewster, Esq.
    70 South First Street
    San Jose, CA 95113
    *Counsel for Independent Electric Supply, One Source*
*Distributors, LLC*

**APPROVED**/~~DISAPPROVED~~:

**SCHOLEFIELD, P.C**

By: ___/s/Pamela J. Scholefield___
    Pamela (Pam) J. Scholefield, Esq.
    13475 Danielson Street, Suite 100
    Poway, CA 92064
 *Counsel for Independent Electric Supply, One Source*
 *Distributors, LLC*

~~APPROVED~~/**DISAPPROVED**:

**LARSON & ZIRZOW**

By: ___/s/ Matthew C. Zirzow___
    Matthew C. Zirzow, Esq.
    850 E. Bonneville Ave,
    Las Vegas, Nevada 89101
    *Counsel for American Builders & Contractors Supply Co,*
*Inc., dba ABS Supply Co., Inc.*

*/ / /*

*/ / /*

*/ / /*

21

Active\112812251

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2    **APPROVED**/~~DISAPPROVED~~:

3    **OFFIT KURMAN, P.A.**

4

5    By:    */s/Stephen A. Metz*
          Stephen A. Metz, Esq.

6          4800 Montgomery Lane, 9th Floor
          Bethesda, MD 20814

7          *Counsel for Beacon Sales Acquisition, Inc.*

8    **APPROVED**/~~DISAPPROVED~~:

9    **SHEA LARSON**

10

11   By:    */s/James Patrick Shea*
          James Patrick Shea, Esq.

12         Bart Larsen, Esq.
          1731 Village Center Circle, Suite 150

13         Las Vegas, Nevada 89134

14         *Counsel for Silfab Solar USA Inc.*

15   **APPROVED**/~~DISAPPROVED~~:

16   **MCDONALD CARANO**

17

18   By:    */s/Amanda M. Perach*
          Amanda M. Perach, Esq.

19         2300 West Sahara Avenue
          Suite 1200

20         Las Vegas, Nevada 89102

21         *Counsel for Leaf Capital Funding, LLC*

22

23

24

25

26

27

28

22

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1

2

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

3      ☐  The Court has waived the requirement of approval in LR 9021(b)(1).

4

5      ☐  No party appeared at the hearing or filed an objection to the motion

6      ☒  I have delivered a copy of this proposed order to all counsel who appeared
          at the hearing, any unrepresented parties who appeared at the hearing, and
7          each has approved or disapproved the order, or failed to respond, as
          indicated below:

8

9          Edward M. McDonald, Jr.                  Approved / ~~Disapproved~~
           Trial Attorney
10         Office of the United States Trustee

11         Cathrine M. Castaldi, Esq.               Approved / ~~Disapproved~~
           Max D. Schlan, Esq.
12         BROWN RUDNICK LLP

13         Samuel A. Schwartz, Esq.
           SCHWARTZ LAW, PLLC
14         *[Proposed] Counsel of The Official*
           *Committee of Unsecured Creditors*

15

16         William M. Noall, Esq.                   Approved / ~~Disapproved~~
           GARMAN TURNER GORDON
17         *Counsel for ACF FinCo I LP*

18         Pamela (Pam) J. Scholefield, Esq.,       Approved / ~~Disapproved~~
           SCHOLEFIELD, P.C

19

20         Monique D. Jewett-Brewster, Esq.
           HOPKINS & CARLEY
21         *Counsel for Independent Electric*
           *Supply and One Source Distributors,*
22         *LLC*

23         Louis J. Cisz, III, Esq.                 Approved / ~~Disapproved~~
           NIXON PEABODY LLP
24         *Counsel for California Self-Insurers'*
           *Security Fund*

25

26         Steven N. Kurtz, Esq                     Approved / ~~Disapproved~~
           Lori E. Eropkin, Esq.
27         LEVINSON ARSHONSKY &
           KURTZ, LLP
28         *Counsel for LS DE LLC and LSQ*

23

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

Active\112812251

*Funding Group, LC*

Matthew C. Zirzow, Esq.                     ~~Approved~~ / Disapproved
LARSON & ZIRZOW
*Counsel for American Builders &*
*Contractors Supply Co., Inc., dba*
*ABS Supply Co., Inc.*

Stephen A. Metz, Esq.                       Approved / ~~Disapproved~~
OFFIT KURMAN, P.A.
*Counsel for Beacon Sales*
*Acquisition, Inc.*

James Patrick Shea, Esq.                    Approved / ~~Disapproved~~
SHEA LARSON
*Counsel for Silfab Solar USA Inc.*

Amanda M. Perach, Esq.                      Approved / ~~Disapproved~~
MCDONALD CARANO
*Counsel for Leaf Capital Funding,*
*LLC*

☐   I certify that this is a case under Chapter 7 or 13, that I have served a
copy of this order with the motion pursuant to LR 9014(g), and that no
party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Active\112812251

**EXHIBIT 1**

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

3

**PetersenDean, Inc. & Affiliates**

*All $ in 000s*

PRELIMINARY DRAFT – SUBJECT TO CHANGE

| CF Week / Week Ending | Forecast 1 7/31/2020 | Forecast 2 8/7/2020 | Forecast 3 8/14/2020 | Forecast 4 8/21/2020 | Forecast 5 8/28/2020 | Forecast 6 9/4/2020 | Forecast 7 9/11/2020 | Forecast 8 9/18/2020 | Forecast 9 9/25/2020 | Forecast 10 10/2/2020 | Forecast 11 10/9/2020 | Forecast 12 10/16/2020 | Forecast 13 10/23/2020 | 13 Weeks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Receipts** | 845 | 1,418 | 1,296 | 1,304 | 1,319 | 2,051 | 2,746 | 2,811 | 3,052 | 3,779 | 3,973 | 4,267 | 4,267 | 33,129 |
| **Payroll**[1] | | | | | | | | | | | | | | |
| Payroll[1] | 944 | 807 | 833 | 833 | 933 | 883 | 933 | 933 | 1,053 | 1,003 | 1,003 | 1,003 | 1,053 | 12,220 |
| **Operational Disbursements**[1] | | | | | | | | | | | | | | |
| Material Vendors, Other Suppliers | 750 | 750 | 1,118 | 1,235 | 1,235 | 1,353 | 1,353 | 1,471 | 1,471 | 1,680 | 1,680 | 1,680 | 1,680 | 17,455 |
| Fuel | 40 | 40 | 40 | 40 | 40 | 45 | 45 | 45 | 45 | 59 | 59 | 46 | 46 | 588 |
| Transportation & Equipment Rentals | 150 | 20 | 20 | 20 | 140 | 20 | 20 | 20 | 140 | 20 | 20 | 20 | 140 | 750 |
| Insurance / Benefits | 85 | 212 | 95 | 95 | 95 | 222 | 95 | 105 | 105 | 232 | 105 | 105 | 105 | 1,656 |
| Utilities / Rent / Leases | 120 | 352 | 2 | 2 | 120 | 2 | 10 | 2 | 120 | 2 | 2 | 2 | 2 | 729 |
| Subscriptions | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 130 |
| Professional Services (Ordinary Course) | 10 | 23 | 22 | - | 10 | 23 | 22 | - | 10 | 23 | 22 | - | 10 | 174 |
| Employee Reimbursement | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 26 |
| Tax (Local) | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 26 |
| Subcontractors & Employee Related | 125 | 135 | 135 | 135 | 148 | 148 | 148 | 148 | 148 | 196 | 196 | 196 | 196 | 2,054 |
| Other Payables | 450 | 334 | 334 | 334 | 324 | 324 | 324 | 324 | 324 | 421 | 421 | 421 | 421 | 4,756 |
| **Operational Disbursements** | 1,743 | 1,880 | 1,780 | 1,875 | 2,125 | 2,150 | 2,022 | 2,128 | 2,376 | 2,647 | 2,549 | 2,515 | 2,645 | 28,433 |
| **Net Cash Flow** | (1,842) | (1,269) | (1,318) | (1,404) | (1,739) | (983) | (210) | (250) | (377) | 128 | 421 | 749 | 569 | (7,524) |
| **DIP Funding before Restructuring Fees**[4] | 2,280 | 1,269 | 1,318 | 1,404 | 1,739 | 983 | 210 | 322 | 377 | (128) | (421) | (641) | (569) | 8,143 |
| DIP Interest payment | | | | | | | (72) | | | | (109) | | | (181) |
| **Total Net Cash Flow**[4] | 438 | - | - | - | - | - | (72) | 72 | - | - | (109) | 109 | - | 438 |
| Beginning Book Cash before Restructuring Fees[1][4] | 62 | 500 | 500 | 500 | 500 | 500 | 500 | 428 | 500 | 500 | 500 | 391 | 500 | 62 |
| Total Net Cash Flow | 438 | - | - | - | - | - | (72) | 72 | - | - | (109) | 109 | - | 438 |
| Ending Book Cash before Restructuring Fees[1][2][4] | 500 | 500 | 500 | 500 | 500 | 500 | 428 | 500 | 500 | 500 | 391 | 500 | 500 | 500 |

**Notes**

1. Book cash balances subject to material change as new information and/or access to bank accounts become available
2. Actual amounts per Company books and records as of 7.17.20. Additionally, there is a ~$15M adjustment being contemplated to reduce A/R by consumer and uncollectible amounts
3. Forecast amounts according to management's estimates
4. Restructuring fees and expenses and Adequate Protection Payments are not included in the draft 13-week forecast period. The Debtors' restructuring professionals have submitted projections for such fees and these will be finalized pursuant to negotiation with the DIP Lender, Secured Party, and other professionals in the case prior to the final hearing to approve the DIP financing

**PetersenDean, Inc. & Affiliates**

*All $ in 000s*

PRELIMINARY DRAFT – SUBJECT TO CHANGE

| CF Week | Forecast 1 | Forecast 2 | Forecast 3 | Forecast 4 | Forecast 5 | Forecast 6 | Forecast 7 | Forecast 8 | Forecast 9 | Forecast 10 | Forecast 11 | Forecast 12 | Forecast 13 | 13 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Week Ending | 7/31/2020 | 8/7/2020 | 8/14/2020 | 8/21/2020 | 8/28/2020 | 9/4/2020 | 9/11/2020 | 9/18/2020 | 9/25/2020 | 10/2/2020 | 10/9/2020 | 10/16/2020 | 10/23/2020 | Weeks |
| **Supplemental Schedule:** | | | | | | | | | | | | | | |
| **A/R Roll** | | | | | | | | | | | | | | |
| Beginning A/R Balance | 47,912 | 48,129 | 47,931 | 48,501 | 49,665 | 51,289 | 51,787 | 52,122 | 52,560 | 53,074 | 52,781 | 52,937 | 52,800 | 47,912 |
| +Net Billings | 1,516 | 1,795 | 2,375 | 2,794 | 3,088 | 3,088 | 3,382 | 3,382 | 3,676 | 3,676 | 3,676 | 4,200 | 4,200 | 41,375 |
| -Collections | (1,300) | (1,993) | (1,805) | (1,630) | (1,465) | (2,590) | (3,048) | (2,944) | (3,163) | (3,970) | (4,943) | (4,337) | (4,337) | (36,625) |
| Ending A/R Balance[1] | 48,129 | 47,931 | 48,501 | 49,665 | 51,289 | 51,787 | 52,122 | 52,560 | 53,074 | 52,781 | 52,937 | 52,800 | 52,662 | 52,662 |
| *DSO (based on 6-weeks)* | 266 | 220 | 184 | 164 | 141 | 124 | 116 | 102 | 96 | 91 | 87 | 82 | 79 | 79 |
| Ineligible A/R - Consumer | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) | (11,426) |
| Ineligible A/R - Intercompany | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) | (890) |
| Ineligible A/R - Retention | (3,467) | (3,448) | (3,503) | (3,616) | (3,773) | (3,822) | (3,184) | (3,220) | (3,261) | (3,237) | (3,250) | (3,239) | (3,228) | (3,228) |
| Ineligible A/R - Aged | (13,327) | (13,254) | (10,856) | (11,265) | (11,692) | (11,841) | (7,961) | (8,049) | (8,152) | (8,093) | (8,124) | (8,097) | (10,894) | (10,894) |
| Eligible A/R | 19,018 | 18,913 | 21,826 | 22,528 | 23,508 | 23,808 | 28,660 | 28,976 | 29,346 | 29,135 | 29,248 | 29,149 | 26,225 | 26,225 |
| **DIP Borrowing Base** | | | | | | | | | | | | | | |
| Eligible A/R | 13,232 | 13,313 | 13,239 | 15,278 | 15,770 | 16,455 | 16,666 | 20,062 | 20,283 | 20,542 | 20,394 | 20,473 | 20,404 | 13,232 |
| Borrowing Limit | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Borrowing Allowed | 13,232 | 13,313 | 13,239 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Current DIP Balance | - | 2,286 | 3,566 | 4,897 | 6,320 | 8,082 | 9,018 | 9,255 | 9,605 | 10,011 | 9,802 | 9,408 | 8,793 | 8,793 |
| Availability/Overadvance | 13,232 | 11,026 | 9,674 | 10,103 | 8,680 | 6,918 | 5,982 | 5,745 | 5,395 | 4,989 | 5,198 | 5,592 | 6,207 | 6,207 |
| Ending Book Cash | 500 | 500 | 500 | 500 | 500 | 500 | 428 | 500 | 500 | 500 | 391 | 500 | 500 | 500 |
| Total Liquidity[3] | 13,732 | 11,526 | 10,174 | 10,603 | 9,180 | 7,418 | 6,409 | 6,245 | 5,895 | 5,489 | 5,589 | 6,092 | 6,707 | 6,707 |
| **DIP Roll** | | | | | | | | | | | | | | |
| Beginning DIP Balance | - | 2,280 | 3,555 | 4,883 | 6,302 | 8,059 | 9,065 | 9,228 | 9,577 | 9,982 | 9,883 | 9,381 | 8,768 | - |
| + Additions/(Paydowns) | 2,280 | 1,269 | 1,318 | 1,404 | 1,739 | 983 | 210 | 322 | 377 | (128) | (421) | (641) | (560) | 8,143 |
| + PIK Interest | - | 7 | 10 | 14 | 18 | 23 | 26 | 27 | 28 | 29 | 28 | 27 | 25 | 262 |
| - Interest Payment | - | - | - | - | - | - | (72) | - | - | (109) | - | - | - | (181) |
| Ending DIP Balance[4] | 2,280 | 3,555 | 4,883 | 6,302 | 8,059 | 9,065 | 9,228 | 9,577 | 9,982 | 9,883 | 9,381 | 8,768 | 8,224 | 8,224 |

**Notes**

1. Book cash balances subject to material change as new information and/or access to bank accounts become available
2. Actual amounts per Company books and records as of 7.17.20. Additionally, there is a ~$15M adjustment being contemplated to reduce A/R by consumer and uncollectible amounts
3. Forecast amounts according to management's estimates
4. Restructuring fees and expenses and Adequate Protection Payments are not included in the draft 13-week forecast period. The Debtors' restructuring professionals have submitted projections for such fees and these will be finalized pursuant to negotiation with the DIP Lender, Secured Party, and other professionals in the case prior to the final hearing to approve the DIP financing