NVB 4001 (Rev. 12/15)

# * * § 362 INFORMATION SHEET * *

**DEBTOR:** TD Venture Fund, LLC
**BK-:** 20-12814-mkn
**MOTION #:**
**MOVANT:** ACF FinCo, 1 LP
**CHAPTER:** 11

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

**Date:** August 24, 2020
**Signature:** /s/ Teresa M. Pilatowicz
*Attorney for Movant*

**PROPERTY INVOLVED IN THIS MOTION:** 55 North Lauhoe Place, Lahaina HI 96761
**NOTICE SERVED ON:** Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ☐ ;
**DATE OF SERVICE:** August 21, 2020

### MOVING PARTY'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:
1st 3,500,000
2nd 28,543,854 plus fees & costs
3rd
4th
Other:
Total Encumbrances: $32,043,854+

APPRAISAL of OPINION as to VALUE:
N/A

### DEBTOR'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:
1st
2nd
3rd
4th
Other:
Total Encumbrances:

APPRAISAL of OPINION as to VALUE:

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S):

Amount of Note: 35,000,000
Interest Rate:
Duration:
Payment per Month: N/A
Date of Default: 2019
Amount in Arrears: 28,543,854+
Date of Notice of Default: November 2019
SPECIAL CIRCUMSTANCES:
Seeking emergency relief to access, take possession of, and secure property pending hearing on 9019 Motion.

SUBMITTED BY: Teresa M. Pilatowicz, Esq.
Counsel for ACF FinCo I, LP

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY:
SIGNATURE:

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
Email: wnoall@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No. 9605
Email: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Counsel for ACF FinCo I, LP*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>RED ROSE, INC.,<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☒ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☐ Affects All Debtors | CASE NO. BK-S-20-12814-MKN<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 11<br><br>Date:     OST PENDING<br>Time:     OST PENDING<br>Location: 300 South Las Vegas Boulevard<br>               Courtroom 2<br>               Las Vegas, Nevada 89101 |
|---|---|

**EMERGENCY MOTION FOR STAY RELIEF**
**PURSUANT TO 11 U.S.C. § 362(d)(1) and (f)**

ACF FinCo I, LP ("ACF"), by and through its counsel, the law firm of Garman Turner Gordon LLP, hereby requests entry of an emergency order, in the form attached hereto as

**Exhibit "1,"** modifying the automatic stay pursuant to Sections 362(d)(1) and (f) in order to permit ACF to protect its improved real estate collateral ("Hawaii Property") from immediate and irreparable harm in view of the September 17, 2020 hearing on *Debtors' Motion for Approval of Compromise, Pursuant to Fed. R. Bankr. P. 9019, By and Among TD Venture Fund, LLC, James P. Petersen, Tricia Yea Petersen and ACF FinCo I, LP* [ECF No. 739] ("9019 Motion") seeking approval of a settlement between ACF and TD Venture Fund, LLC ("TD Venture"), among others, in which the Hawaii Property would be transferred to ACF via a deed-in-lieu of foreclosure.

This Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings, papers, and other records on file with the clerk of the above-captioned Bankruptcy Court as cited herein, judicial notice of which is respectfully requested, the declarations of Andres Pinter (the "Pinter Decl."), filed at ECF No. 45 and herewith, and the attached 362 Information Sheet.

## MEMORANDUM OF POINTS AND AUTHORITIES
### I.
### INTRODUCTION[1]

TD Venture is the owner of a $7.5+ million sprawling, but secluded, estate located in Lahaina, Hawaii. Unable to pay the nearly $200,000 in annual costs associated with its maintenance, or the $136,000 annual loan obligations due to its first lienholder, TD Venture has essentially abandoned the Hawaii Property leaving it to be foreclosed upon. As of the time of this Motion, ACF is informed and believes that the Hawaii Property sits vacant and without electricity thereby putting it at substantial risk of irreparable harm through vandalism, theft, fire, and/or storm damage. Recently, through a settlement agreement that is currently scheduled for a hearing before this Court on September 17, 2020 via the 9019 Motion, TD Venture agreed to transfer the Hawaii Property to ACF via a deed-in-lieu of foreclosure in partial satisfaction of its more than $28 million second position deed of trust on the Hawaii Property. However, pending approval of the settlement, due to its abandonment of the Hawaii Property, TD Venture has failed to meet its obligations as a debtor in possession to adequately maintain and secure the

---

[1] Capitalized terms in this Section shall have meanings ascribed to them the Section III, herein.

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Hawaii Property. ACF therefore seeks, on an emergency basis pursuant to Section[2] 362(f), an order modifying the automatic stay for cause pursuant to Section 362(d)(2), permitting ACF to access, take possession of, and secure to preserve the Hawaii Property in view of timing of the September 17, 2020 hearing on the 9019 Motion.

## II.
## JURISIDCTION, VENUE AND BASIS FOR RELIEF

1. On June 11, 2020 (the "Petition Date"), Debtors[3] commenced jointly-administered bankruptcy cases under Chapter 11 of the Bankruptcy Code.

2. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The relief requested herein is premised on Sections 105 and 362, and FRBP 4001 and 9014

5. On June 29, 2020, an Official Committee of Unsecured Creditors Committee (the "Committee") was appointed. See ECF No. 151. No request for appointment of a trustee or examiner has been made.

6. Pursuant to Local Rule 9014.2, ACF consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## PERTINENT FACTS

**A.  The Pre-Petition Loan.**

1. Pursuant to that certain Loan and Security Agreement (the "Loan Agreement"),

---

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[3] Debtors are defined as Petersen-Dean, Inc. ("PDI"). PDI, Beachhead Roofing & Supply, Inc., California Equipment Leasing Association, Inc., Fences 4 America, Inc., James Petersen Industries, Inc., PD Solar, Inc., Petersen Roofing and Solar LLC, PetersenDean Hawaii LLC, PetersenDean Roofing and Solar Systems, Inc., PetersenDean Texas, Inc., Red Rose, Inc., Roofs 4 America, Inc., Solar 4 America, Inc., Sonoma Roofing Services, Inc., TD Venture Fund, LLC ("TD Venture"), and Tri-Valley Supply, Inc.

dated June 29, 2017, ACF extended loans to Debtors under a revolving credit facility in an aggregate principal sum of no greater than $30,000,000 (the "Revolving Credit Note"). See Pinter Decl., ¶ 4, Ex. 1.

2. A second amendment to the Loan Agreement (the "Second Amendment") was executed on November 21, 2018 that, among other things, increased the credit limit to $35,000,000. See Pinter Decl., ¶ 5, Ex. 2.

3. As of the Petition Date, the amount outstanding under the Revolving Credit Note was approximately $28,543,854, plus attorney's fees and cost and other costs and expenses incurred by ACF under the Pre-Petition Loan Documents (the "Prepetition Obligations"). See Pinter Decl. ¶ 6.

4. Debtors' obligations to ACF under or relating to the Revolving Credit Note are secured, or guaranteed as applicable, by, certain collateral (the "Collateral"), including a mortgage (the "Hawaii Mortgage") on real property located at 55 N. Lauhoe Place, Lahaina, Hawaii (the "Hawaii Property") (the Hawaii Mortgage, together with the Loan Agreement, Revolving Credit Note and all other loan documents related thereto, the "Pre-Petition Loan Documents"). See Pinter Decl., ¶ 7, Ex. 2.

5. ACF's security interest in the Hawaii Property is properly perfected. See id., ¶ 8.

**B.    The Hawaii Property.**

6. The Hawaii Property is a sprawling five-acre estate, secluded from normal public visibility. Photos of the Hawaii Property obtained from redfin.com are attached to the Pinter Decl. as Ex. 4, and a video of the Property as of 2018 is available by accessing the following link: https://www.redfin.com/HI/Lahaina/55-N-Lauhoe-Pl-96761/home/71648476

7. TD Venture admits that it has no revenue or other source of cash to pay the expenses required to own and maintain the Hawaii Property, including annual costs for insurance, property maintenance, taxes, and other expenses that exceed $200,000 nor the $136,000 payable in annual debt service for a $3.5 million mortgage loan secured by a first deed of trust the Hawaii Property. See ECF No. 740, *Declaration of Jeffrey Perea* (the "Perea Dec."), ¶ 15.

8. TD Venture further admits that payments are not being made to the senior lienholder of the first deed of trust on the Hawaii Property. Id.

9. TD Venture has advised ACF that the Hawaii Property has been left vacant and without electricity and that the Hawaii property, its gardens, pools, and other facilities are not being maintained. See Pinter Decl. ¶ 10.

10. ACF is stayed from exercising remedies concerning the Hawaii Property including to secure and maintain the property and advance the approximately $28,000 in required monthly maintenance. Without checking utilities and maintenance, the Hawaii Property will fall into disrepair, thereby impairing its value. Furthermore, without access to the Hawaii Property and due to its secluded nature, ACF has grave concerns that the Hawaii Property is not being properly protected from theft, vandalism, fire danger, and/or storm damage, each of which places the Hawaii Property at severe risk for immediate and irreparable harm. See Pinter Decl. ¶ 11.

**C.     The Settlement and 9019 Motion.**

11. On August 19, 2020, Debtors filed the 9019 Motion [ECF No. 739], which seeks to approve a settlement agreement (the "Settlement") by and between ACF, TD Venture, and the Petersens. A copy of the Settlement is attached to the Perea Decl. as Ex. "1."

12. Among other things, the Settlement provides that TD Venture will transfer the Hawaii Property to ACF via a deed-in-lieu of foreclosure. See Settlement, § 2(a)(i).

13. The 9019 Motion is not scheduled for hearing until on September 17, 2020 (the "9019 Hearing") to allow ample time for the Court and creditors to review and respond to the 9019 Motion and underlying Settlement. See ECF No. 741.

14. Absent approval by this Court, unless and until the Hawaii Property is transferred to ACF, ACF is stayed from exercising its remedies to access and monitor the Hawaii Property, or taking action to maintain the Hawaii Property. However, ACF does know that Debtor does not have the ability of meeting its obligations to protect the Hawaii Property. See Pinter Decl. ¶ 12.

# IV.
# LEGAL ARGUMENT

**A.    ACF IS ENTITLED TO IMMEDIATE AND EMERGECY RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(f) TO AVOID IRREPERABLE DAMAGE TO THE HAWAII PROPERTY.**

Bankruptcy Code Section 362(f) provides for a summary remedy relieving a creditor of the automatic stay without need of any hearing, as follows:

> Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

11 U.S.C. § 362(f).

Such a request has been held justified in circumstances such as this. *See Gen. Elec. Credit Corp. v. Montgomery Mall Ltd. P'Ship (In re Montgomery Mall Ltd. P'Ship)*, 704 F. 2d 1173, 1176 (10th Cir. 1983) (holding that irreparable harm would ensue where debtor was unable to pay its expenses and make structural repairs and that stay relief on a summary basis under Section 362(f) was properly granted). Specifically, in *Gen.Elec. Credit. Corp*, the Tenth Circuit Court of Appeals upheld the Bankruptcy Court's grant of summary relief in just one day of lender's request finding that the debtor did not intend to meet operating responses which were then due, and that immediate structural repairs were required to preserve the safety of the structure, and that irreparable harm to the lender would ensue absent the requested relief. *Id*. at 1174.

An exigent situation exists because of TD Venture's inability to satisfy its duties as a debtor in possession to maintain the Hawaii Property, which constitutes ACF's Collateral. The absence of electricity running to the Hawaii Property and the failure to otherwise maintain or secure the Hawaii Property, its gardens, pools, and other facilities post-petition, including leaving it vacant, supports ACF's valid concerns that critical systems could fall into disrepair. There is also significant concern, given the secluded nature of the Hawaii Property, that the Hawaii Property is not being protected from vandalism, theft, fire, or storm damage, which puts ACF's interest in the Hawaii Property at a substantial risk of irreparable harm. ACF cannot wait

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

until this Court can schedule a hearing on stay relief in the normal course because each day of delay puts ACF at greater risk. Furthermore, there is no prejudice to any party as ACF merely seeks a modification of the stay to access, take possession of, and secure to protect the Hawaii Property in view of the timing of the 9019 Hearing. Thus, immediate relief is appropriate here. accessing, taking possession of, and securing to preserve the Hawaii Property

B.  **ACF Is Entitled to Stay Relief Under Section 362(d)(1) for Cause as a Result of TD Venture's Failure to Maintain the Hawaii Property, Including Intentionally Leaving It Exposed to Threats of Vandalism, Theft, Fire, and/or Storm Damage By Abandoning It and Disconnecting the Utilities.**

Section 362(d)(1) provides that the court may grant relief from the automatic stay "[f]or cause, including the lack of adequate protection of an interest in property of such party in interest." See 11 U.S.C. § 362(d)(1). While "'[c]ause' has no clear definition and is determined on a case-by-case basis," not only does a lack of adequate protection constitute the requisite "cause," a debtor's failure to make its regular monthly payments to a creditor also constitutes "cause." *See In re Delaney-Morin,* 304 B.R. 365, 370 (B.A.P. 9th Cir. 2003). A secured creditor lacks adequate protection if there is a threat of a decline in the value of the property. *Id.*, citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994).

There are currently at least two liens on the Hawaii Property, a $3.5 million first-position lien and the ACF's second lien, currently exceeding $28 million. These are significantly greater than the value of the Hawaii Property, which no party in interest will contend is anywhere close to $31.5 million. Furthermore, the Hawaii Property, which pre-Petition Date required $28,000 in monthly maintenance, currently sits vacant without any electricity and without any maintenance whatsoever. There is no mechanism for monitoring the Hawaii Property given its seclusion from public visibility and there is no way to know if the Hawaii Property has been accessed or is currently safe. Furthermore, TD Venture admits that it does not have the funds to pay the necessary monthly amounts necessary to protect the Hawaii Property or pay the first-position lender. Accordingly, the automatic stay of section 362(a) should be modified for cause to allow ACF to access, take possession of, and secure the Hawaii Property.

. . .

**C.    The Court Should Waive the Fourteen Day Stay Imposed by Bankruptcy Rule 4001(a)(3).**

Bankruptcy Rule 4001(a)(3) stays orders granting relief from the automatic stay for 14-days following the entry of such orders.  In this case, the Bankruptcy Court should waive the 14-day requirement for all the same reasons that form the basis for ACF's emergency relief, *i.e.*, that absent emergency action by this Court, the Hawaii Property is at risk of irreparable damage.  A 14-day stay would negate the entire purpose of Section 362(f) relief and would prejudice and harm ACF whose Collateral, the Hawaii Property, is at substantial risk of irreparable damage as a result of TD Venture's inability and willful actions to not maintain or protect it.  Accordingly, the Bankruptcy Court should waive the requirements of Bankruptcy Rule 4001(a)(3).

. . .

. . .

.. . .

. . .

. . .

. . .

. . .

. . .

## V.
## CONCLUSION

WHEREFORE, ACF respectfully requests that the Bankruptcy Court:

1. Modify or grant relief from the stay on an emergency basis to allow ACF to take possession of the Hawaii Property for the sole purpose of accessing, taking possession of, and securing to preserve the Hawaii Property;

2. To the extent appliable, waive the 14-day stay set forth under Rule 4001(a)(3);

3. Grant ACF such other and further relief as is just and proper.

Dated this 24th day of August, 2020.

GARMAN TURNER GORDON LLP

/s/ Teresa M. Pilatowicz
GREGORY E. GARMAN
Nevada Bar No. 6654
WILLIAM M. NOALL
Nevada Bar No. 3549
TERESA PILATOWICZ
Nevada Bar No. 9605
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Counsel for ACF FinCo I, LP*

4812-7977-9784, v. 5