_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 31, 2020

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>RED ROSE, INC.,<br><br>☒ Affects Beachhead Roofing and Supply, Inc.<br>☒ Affects California Equipment Leasing Association, Inc.<br>☒ Affects Fences 4 America, Inc.<br>☒ Affects James Petersen Industries, Inc.<br>☒ Affects PD Solar, Inc.<br>☒ Affects Petersen Roofing and Solar LLC<br>☒ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☒ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☒ Affects PetersenDean Texas, Inc.<br>☒ Affects Red Rose, Inc.<br>☒ Affects Roofs 4 America, Inc.<br>☒ Affects Solar 4 America, Inc.<br>☒ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☒ Affects Tri-Valley Supply Inc.<br>☐ Affects All Debtors | Case No. BK-S-20-12814-mkn<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-mkn<br>Case No. BK-S-20-12816-mkn<br>Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn<br>Case No. BK-S-20-12820-mkn<br>Case No. BK-S-20-12821-mkn<br>Case No. BK-S-20-12822-mkn<br>Case No. BK-S-20-12823-mkn<br>Case No. BK-S-20-12824-mkn<br>Case No. BK-S-20-12825-mkn<br>Case No. BK-S-20-12826-mkn<br>Case No. BK-S-20-12827-mkn<br>Case No. BK-S-20-12829-mkn<br>Case No. BK-S-20-12831-mkn<br>Case No. BK-S-20-12833-mkn<br><br>Chapter 11<br><br>**RULING ON MOTION:**<br>**(I) AUTHORIZING DEBTORS TO**<br>**(A) OBTAIN POST-PETITION DIP**<br>**FACTORING, (B) GRANT PRIMING**<br>**LIENS AND SUPERPRIORITY CLAIMS,**<br>**AND (C) SELL ACCOUNTS FREE AND**<br>**CLEAR; AND (II) MODIFYING THE**<br>**AUTOMATIC STAY**[1]<br><br>Date: August 26, 2020<br>Time: 10:30 a.m. |

---

[1] In this Ruling, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court, unless otherwise noted.

On August 18, 2020, a final hearing was held on the Motion: (I) Authorizing Debtors to (A) Obtain Post-Petition DIP Factoring, (B) Grant Priming Liens and Superpriority Claims, and (C) Sell Accounts Free and Clear; and (II) Modifying the Automatic Stay ("DIP Factoring Motion") brought by the above-captioned Debtors. The hearing was continued to August 26, 2020, to allow interested parties to propose alternative language to include in a final order.

## PROCEDURAL SUMMARY[2]

1. On June 11, 2020, the above-captioned Debtors commenced separate Chapter 11 proceedings. Joint administration of the cases was ordered and Red Rose, Inc. ("DIP") designated as the lead debtor in possession (collectively "Debtors").
2. On July 27, 2020, the instant DIP Factoring Motion was filed and was heard on an emergency basis on July 29, 2020, pursuant to an order shortening time. (ECF Nos. 510 and 516). The motion seeks to approve the extension of post-petition financing to the DIP under an agreement with LS DE LLC and LSQ Funding Group, L.C. (collectively "LSQ") to factor the DIP's accounts receivables.
3. On July 28, 2020, ABC Supply ("ABC") opposition. (ECF No. 546).
4. On July 28, 2020, the Official Committee of Unsecured Creditors filed an objection. (ECF No. 563).
5. On July 29, 2020, Silfab Solar filed a joinder in the ABC objection. (ECF No. 565).
6. On July 31, 2020, an Interim Order Authorizing DIP Factoring under 363 and 364 entered ("Interim DIP Factoring Order"). (ECF No. 600). A final hearing to approve entry of a final order was scheduled for August 18, 2020.
7. On August 11, 2020, Beacon Sales filed a limited objection to entry of a final order. (ECF No. 682).
8. On August 11, 2020, Zions Bank filed limited response to entry of a final order. (ECF No. 685).
9. On August 11, 2020, Argonaut Insurance filed a limited objection to entry of a final order. (ECF No. 686).
10. On August 11, 2020, ABC filed an objection to entry of a final order. (ECF No. 689).
11. On August 14, 2020, LSQ filed a reply in support of entry of a final order. (ECF No. 707).
12. On August 14, 2020, Debtors filed a joinder in the LSQ reply. (ECF No. 712).

---

[2] Pursuant to FRE 201(b), the court takes judicial notice of all materials appearing on the docket in the Debtor's bankruptcy cases as well as the publicly filed documents referenced in those materials. See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). See also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

13. On August 14, 2020, Independent Electric Supply and Onesource Distributors ("Independent Electric") filed a limited response to entry of a final order. (ECF No. 713).
14. On August 17, 2020, LSQ filed a Notice of Proposed Final Order Authorizing DIP Factoring ("LSQ Proposed Final DIP Factoring Order"). (ECF No. 724).
15. On August 18, 2020, the hearing on approval of a final order was continued to allow counsel to submitted proposed revised or additional language.
16. On August 24, 2020, Thompson Thrift filed a Notice of Proposed Final Order Authorizing DIP Factoring ("Thompson Proposed Final DIP Factoring Order"). (ECF No. 775).
17. On August 24, 2020, Silfab Solar USA ("Silfab") filed a joinder in the Thompson Proposed Final DIP Factoring Order ("Silfab Joinder"). (ECF No. 791).
18. On August 25, 2020, Thompson Thrift filed an errata to its Notice of Proposed Final DIP Factoring Order. (ECF No. 802).

## DISCUSSION AND RULING[3]

The court previously found that issuance of the Interim DIP Factoring Order was in the best interest of the Debtors, their creditors and other parties in interest. That order authorizes the Debtors to enter into a DIP Factoring Agreement consisting of a variety of documents including a certain Invoice Purchase Agreement ("IPA").[4] Due to the cashflow needs of the Debtors, the

---

[3] ACF FinCo is the primary pre-petition lender in these Chapter 11 proceedings. On July 31, 2020, the court entered a Final Order (I) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Granting Adequate Protection Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, (III) Granting Liens and Superpriority Claims, and (IV) Modifying the Automatic Stay, and (V) Scheduling a Final Hearing ("Final Cash Collateral Order"). (ECF No. 601).

[4] A "DIP Addendum to Invoice Purchase Agreement" ("DIP Addendum") is incorporated in the IPA along with a "Construction Addendum to Invoice Purchase Agreement" ("Construction Addendum"). The IPA itself authorizes the Debtors to sell, and gives LSQ the discretion to purchase, certain invoices from the Debtors, and also provides a lien in favor of LSQ to secure various payment of various prepetition and postpetition payment obligations. Among other things, the DIP Addendum provides for certain prepetition payment obligations owed to LSQ to be afforded superpriority administrative expense priority status and lien priority junior only to the liens and encumbrances of ACF Finco. Among other things, the Construction Addendum assigns to LSQ the Debtors' rights under their construction contracts with their customers, including Debtors' ability to communicate with contractors and subcontractors, as well as a power of attorney that encompasses "the right of Purchaser to execute any documents any Contractor or subcontractor to a Construction Agreement reasonable (sic) requires to enable Purchaser to receive payment of amounts due Seller, sold and assigned to Purchaser pursuant to the IPA, as modified and supplemented or amended." The IPA, DIP Addendum, and Construction Addendum are to be executed on behalf of the Debtors and LSQ, but no others.

3

Interim DIP Factoring Order was entered on an emergency basis to work in conjunction with separate "Critical Vendor Procedures" that previously were approved on an interim basis.[5]

Objections were raised to the entry of a final order approving the DIP Factoring Motion and the LSQ Proposed Final DIP Factoring Order was submitted in response to those objections. The primary difference between the Interim DIP Factoring Order and the LSQ Proposed Final DIP Factoring Order is additional language addressing customer payments to the Debtors by issuance of joint checks in accordance with the Critical Vendor Procedures set forth in the Interim Critical Vendor Order. Final approval of the Critical Vendor Motion is the subject of a separate final order ("Final Critical Vendor Order") entered contemporaneously herewith. Various objections to the LSQ Proposed Final DIP Factoring Order were raised. The LSQ Proposed Final DIP Factoring Order includes additional language in Paragraph 36 allowing DIP customers to be directed to make payments directly to LSQ, except for those customers authorized by the Final Critical Vendor Order to make payments directly to the Debtors by joint check.[6] The Debtors as well as their principal lender, ACF FinCo, join in the LSQ Proposed

---

[5] On June 25, 2020, Debtors filed an Emergency Motion for Order Authorizing Payment of Critical Vendor Claims ("Critical Vendor Motion"). (ECF No. 130). On July 10, 2020, an Interim Order Authorizing Payment of Critical Vendor Claims and Scheduling a Final Hearing ("Interim Critical Vendor Order") was entered. (ECF No. 313). A hearing to approve entry of a final order in that matter was held contemporaneously with the hearing to approve a final order on the DIP Factoring Motion. The Critical Vendor Motion addresses the Debtors' continued relationship to certain vendors whose timely payment is determined to be "critical" to the continued operations of the Debtors under various construction contracts with its customers. According to the Debtors, "The Construction Contracts typically provide that the Customer's obligation to make the Completion Payments is dependent upon receipt of all lien waivers from all Vendors, and <u>reserve the right of the Customer to pay Vendors directly, by joint check or otherwise.</u> Depending on the Contract and size of the job, Customers may or may not provide partial payments along the way." Declaration of Jeffrey C. Perea in Support of Emergency Motion for an Order Authorizing Payment of Critical Vendor Claims at ¶ 6, filed June 25, 2020. (ECF No. 131).

[6] The LSQ Proposed Final Critical Vendor Order includes the following additional language: "Any joint check payment by an Objecting Customer on account of an Approved Critical Vendor Claim shall be held by Debtor in trust for such Vendor to the extent of the Vendor's outstanding Approved Critical Vendor Claim, and provided that such remittance is subject to trust under applicable state law." At the final hearing, the court was not provided a satisfactory explanation why this additional language in the LSQ Proposed Final Critical Vendor Order was not included at the end of Paragraph 36 of the LSQ Proposed Final DIP Lending Order.

Final Critical Vendor Order.  An alternative proposed final DIP Financing Order was submitted by Thompson Thrift,[7] with a modified joinder by Silfab.[8]

The court has considered the language of the LSQ Proposed Final DIP Factoring Order, supported by the Debtors and ACF FinCo, and concludes that its entry is appropriate, subject to the revisions set forth below.  Like the Interim DIP Factoring Order, the court finds that entry of a final order granting the DIP Factoring Motion fulfills an immediate need for additional funds to continue operations of the business.  Similarly, the court finds that the proposed financing on a postpetition basis is not available on more favorable terms and the use of additional cash collateral is not otherwise available.  Moreover, the prepetition lender, ACF FinCo, has consented to the terms of the proposed DIP factoring on a final basis.  These findings are further supported by the entry of a Final Critical Vendor Order which includes express findings that a program to pay prepetition claims of certain critical vendors is in the best interests of the Debtors' estate, the creditors, and other parties in interest.  The findings in connection with a final order on the DIP Factoring Motion, as well as in the final order on the Critical Vendor Motion, are further supported by the express findings in the Final Cash Collateral Order.

The objections raised by Thompson Thrift, joined and amplified by Silfab, also have been considered.  Inclusion of the additional language suggested by Thompson Thrift for the end of Paragraph 36 will not be required in light of the additional language to be included in the Final Critical Vendor Order preserving the trust requirements for payments made by customers to the

---

[7] Thompson Thrift proposes the following alternative language be inserted at the end of Paragraph 36 of the LSQ Proposed Final DIP Financing Order:  "Any payment by an Objecting Customer shall only be made subject to and in accordance with the underlying contract between the Objecting Customer and the Debtors, and any payment made by an Objecting Customer on account of an Approved Critical Vendor Claim or other supplier claim, <u>whether by joint check or otherwise, shall be held in trust for such vendor/supplier</u> and shall not be used or disbursed for any other purpose."  Thompson Proposed Final DIP Financing Order at 19:4-8 (emphasis added).

[8] Silfab proposes that the following language be added to the end of Paragraph 34 of the LSQ Proposed Final DIP Financing Order: "For the avoidance of doubt and as clarified on the record during the August 18, 2020 hearing on the DIP Factoring Motion, all vendors connected to an acceptable, purchased receivable by LSDE will be treated as Critical Vendors under the Critical Vendor Order; all outstanding Prepetition Mechanics' liens connected to such receivable will be satisfied before a project owner is required to make payment; and proper noticing will be made available that all liens have been satisfied."  <u>See</u> Silfab Joinder at 2:8-18.

5

1 DIP by joint check.  Moreover, the additional language suggested by Thompson, see note 7, supra, may impose a requirement on the Debtors to hold customer payments in trust, even if no such requirement currently exists and even if such payments are not made by joint check.

By contrast, Paragraph 36 that addresses Critical Vendors should be harmonized with the language proposed to be included in the Final Critical Vendor Order.  That proposed language includes a specific provision addressing authorized customer payments by joint check and the protections afforded by applicable State law.  See note 6, supra.  Identical language is appropriate in connection with the DIP Factoring Motion.

Similarly, the additional language suggested by Silfab for the end of Paragraph 34, see note 8, supra, is consistent with the preceding language in that Paragraph, and also is consistent with the explanation and clarification of the treatment of certain mechanics' liens and statutory liens presented by LSQ in open court.  Inclusion of the language proposed by Silfab is appropriate.

Based on the foregoing, the court will require that the aforementioned additions be made to the LSQ Proposed Final Critical Vendor Order.  All other objections raised to entry of a final order on the DIP Financing Motion are overruled.

## CONCLUSION

No later than two court days from entry of this Ruling, a Final DIP Financing Order consistent herewith must be submitted by the Debtors for entry in these proceedings.

Copies sent via CM/ECF ELECTRONIC FILING

Copy sent via BNC to:

LORI E. EROPKIN on behalf of Creditor LS DE, LLC
15303 VENTURA BLVD., STE 1650
SHERMAN OAKS, CA 91403

LORI E. EROPKIN on behalf of Creditor LSQ FUNDING GROUP L.C.
15303 VENTURA BLVD., STE 1650
SHERMAN OAKS, CA 91403

# # #