Thomas H. Fell (NV Bar No. 3717)
**FENNEMORE CRAIG, P.C.**
300 S. 4th Street, Suite 1400
Las Vegas, NV 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: TFell@fclaw.com

Lori E. Eropkin, Esq. (*Admitted Pro Hac Vice*)
Steven N. Kurtz, Esq. (*Admitted Pro Hac Vice*)
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-Mail: leropkin@laklawyers.com
skurtz@laklawyers.com

Attorneys for LSQ Funding Group, L.C. and LS DE LLC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br><br>☒ Affects Beachhead Roofing and Supply, Inc.<br>☒ Affects California Equipment Leasing Association, Inc.<br>☒ Affects Fences 4 America, Inc.<br>☒ Affects James Petersen Industries, Inc.<br>☒ Affects PD Solar, Inc.<br>☒ Affects Petersen Roofing and Solar LLC<br>☒ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☒ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☒ Affects PetersenDean Texas, Inc.<br>☒ Affects Red Rose, Inc.<br>☒ Affects Roofs 4 America, Inc.<br>☒ Affects Solar 4 America, Inc.<br>☒ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☒ Affects Tri-Valley Supply, Inc.<br>☐ Affects All Debtors | Case No. BK-S-20-12814-mkn<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-mkn<br>Case No. BK-S-20-12816-mkn<br>Case No. BK-S-20-12818-mkn<br>Case No. BK-S-20-12819-mkn<br>Case No. BK-S-20-12820-mkn<br>Case No. BK-S-20-12821-mkn<br>Case No. BK-S-20-12822-mkn<br>Case No. BK-S-20-12823-mkn<br>Case No. BK-S-20-12824-mkn<br>Case No. BK-S-20-12825-mkn<br>Case No. BK-S-20-12826-mkn<br>Case No. BK-S-20-12827-mkn<br>Case No. BK-S-20-12829-mkn<br>Case No. BK-S-20-12831-mkn<br>Case No. BK-S-20-12833-mkn<br><br>Chapter 11<br><br>Hearing Date: December 22, 2020<br>Hearing Time: 9:30 a.m. |

**OMNIBUS REPLY TO RESPONSES REGARDING
DEBTORS' BRIEF IN SUPPORT OF SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
CONSUMER DIVISION ASSETS TO SPI ENERGY CO., LTD. (OR ITS DESIGNEE)**

1

LSQ Funding Group, L.C. and LS DE LLC (together herein, "LSQ"), by and through their counsel, the law firms of Levinson Arshonsky & Kurtz, LLP and Fennemore Craig, P.C., hereby submit the following omnibus reply to the responses of creditors, California Self-Insurers' Security Fund [ECF No. 1509], Independent Electric Supply, Inc. and OneSource Distributors, LLC [ECF No. 1512], and Washington Township [ECF No. 1507] regarding the hearing on the approval of the sale of substantially all of the Debtors' consumer division assets to SPI Energy Co., Ltd. (or its designee), as sought by Debtors' *Brief in Support of Sale of Substantially All of Debtors' Consumer Division Assets to SPI Energy Co., Ltd. (or its designee)* [ECF No. 1498] (the "Sale Brief"). Capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Sale Brief.

**A.     Reply to Limited Response by the California Self-Insurers' Security Fund [ECF No. 1509] and Limited Opposition of Independent Electric Supply, Inc. and OneSource Distributors, LLC [ECF No. 1512]**

1.     In response to the Sale Brief, creditors, California Self-Insurers' Security Fund (the "Fund") and Independent Electric Supply, Inc. and OneSource Distributors, LLC ("IES/OneSource"), raise concerns regarding the extent, validity, and priority of liens attaching to the Consumer Assets. Neither creditor appears to question the benefit to the estate in consummating the sale. Both are apparently looking ahead to a determination of proper distribution of the sale's proceeds.

2.     LSQ has consented to the sale of the Consumer Assets, and LSQ reserves its lien and claim as to the proceeds of the Consumer Assets under the *Interim Order (I) Authorizing Certain Debtors to (A) Obtain Post-Petition DIP Factoring Pursuant to 11 U.S.C. § 363 and 364; (2) Grant Priming Liens and Superpriority Claims Pursuant to 11 U.S.C. § 364, and (C) Sell Accounts Free and Clear; (II) Modifying the Automatic Stay; (III) Approving Notice; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [ECF No. 600] and the Final Order that followed [ECF No. 918] (together, the "DIP Factoring Order").

3.     LSQ is still reviewing, in particular, the claim of the Fund to proceeds of the Consumer Assets at issue in this sale, and LSQ reserves all rights, claims, and defenses in that regard.

2531-009/1111938

4. To avoid delay in approval of the sale that may thwart its consummation, the Order on the Sale Brief should provide as follows: (i) approve the sale of the Consumer Assets and overrule any objections to its consummation, (ii) provide for the attachment of liens of LSQ, ACF, and the Fund to the proceeds to the same extent, validity, and priority that such creditors' liens attached to the Consumer Assets as of the sale date, and (iii) requiring Debtors' segregation of the sale proceeds for later determination of the extent, validity, and priority of the liens of LSQ, ACF, and the Fund as to the proceeds, with each creditor reserving its rights, claims, and defenses with respect to such determination.

**B.     Reply to Conditional Objection by Washington Township [ECF No. 1507]**

5. Landlord Washington Township renews its objection to the conduct of the sale outside of a plan process, and the creditor restates its concern over the estate's payment of administrative expense claimants. Washington Township raised the same objections in its Conditional Objection to approval of the bidding procedures, filed October 28, 2020 as ECF No. 1223.

6. After a lengthy hearing on the approval of the bidding procedures in this matter, this Court overruled Washington Township's objections in its *Amended Order Pursuant to Sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007, 9008 AND 9014 of the Federal Rules of Bankruptcy Procedure Approving and Authorizing (A) Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets; (B) Form and Manner of Notice of the Sale Hearing; and (C) Related Relief* [ECF No. 1298, at p. 4, ¶ 2] (the "Amended Bidding Procedures Order"). Further, the Court expressly found that "[t]he proposed sale of the Assets is consistent with section 363 of the Bankruptcy Code." [ECF No. 1298, at p. 4, ¶ D]. The Amended Bidding Procedures Order is undisturbed, and the proposed sale remains the best method for maximizing recovery on the Consumer Assets. The sale of the Consumer Assets should be approved, as discussed above.

**RESERVATION OF RIGHTS; REQUEST TO APPROVE ORDER**

7. LSQ reserves all rights in connection with the foregoing and under the DIP Factoring Order. LSQ also requests an opportunity to review and approve the Order on the Sale Brief.

Dated: December 21, 2020

                                     */s/ Thomas H. Fell*
                                     Thomas H. Fell (NV Bar No. 3717)
                                     FENNEMORE CRAIG, P.C.
                                     300 S. 4th Street, Suite 1400
                                     Las Vegas, NV 89101

                                     Lori E. Eropkin, Esq. (*Admitted Pro Hac Vice*)
                                     Steven N. Kurtz, Esq. (*Admitted Pro Hac Vice*)
                                     LEVINSON ARSHONSKY & KURTZ, LLP
                                     15303 Ventura Blvd., Suite 1650
                                     Sherman Oaks, CA 91403

                                     *Attorneys for LSQ Funding Group, L.C. and LS DE LLC*

4

2531-009/1111938