GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@brg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@brg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 702-483-6126
*Counsel for ACF Finco I LP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RED ROSE, INC.,<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☒ Affects All Debtors | CASE NO. BK-S-20-12814-MKN<br><br>Jointly Administered with<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 11<br><br>Date:     August 6, 2021<br>Time:     9:30 a.m.<br>Location: 300 South Las Vegas Boulevard<br>          Courtroom 2<br>          Las Vegas, Nevada 89101 |

## MOTION FOR ORDER ESTABLISHING PROCEDURES GOVERNING ASSOCIATED ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 547 THROUGH 550

ACF Finco I, LP ("ACF"), by and through its counsel, Garman Turner Gordon LLP, hereby moves (the "Motion") for an order establishing procedures governing all adversary proceedings that will be brought by ACF seeking to avoid and recover transfers pursuant to sections 547

through 550 of the Bankruptcy Code from the defendants identified on **Exhibit A** hereto (collectively, the "Avoidance Actions").[1] In support of the Motion, ACF respectfully states:

## I.
## JURISDICTION AND BASIS FOR RELIEF

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O).

2. Venue is Proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in the Motion are sections 105(a), 105(d), 547, 548, 549, and 550 of the Bankruptcy Code, Rules 3003, 7004, 7012, 7016, 7026, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 5005, 7016, 7026, 9006, and 9019 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (the "Local Rules").

## II.
## BACKGROUND

4. On June 11, 2020 (the "Petition Date"), the above-captioned debtors (the "Debtors") commenced their Chapter 11 bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On October 28, 2020, the Debtors filed *Debtors' Motion for Approval of Settlement, Pursuant to Fed. R. Bankr. P. 9019, By and Among Debtors, ACF Finco I LP and the Official Committee of Unsecured Creditors* [ECF No. 1239] (the "9019 Motion") seeking approval of the Claims Settlement and 363 Sale Support Agreement and Releases dated October 28, 2020 (the "Settlement Agreement"). *See* ECF No. 1328.

6. The Settlement Agreement provided in pertinent part as follows:

5. Chapter 5 Claims.

(a) The Assets being purchased by Purchaser shall include the Chapter 5 Claims, which are inclusive of Debtors' commercial tort claims. The Parties agree that ACF shall have the right to commence and prosecute the Chapter 5 Claims (exclusive of the Petersen Claims) and relief

---

[1] ACF has endeavored to identify all potential defendants on Exhibit A; however, ACF reserves its right to supplement Exhibit A if additional defendants are identified.

associated therewith in Debtors' Bankruptcy Cases, and the Final Settlement and Sale Support order shall expressly preserve this right.

(b) In the event of an ACF 363 Sale transaction, any proceeds received by ACF or its assignee on the recovery of any of the Chapter 5 Claims exclusive of the Petersen Claims shall be allocated among ACF or its assignee, and the Debtors' estates or their successors, in accordance with the following waterfall:

(i) First, to the payment of all fees, costs and expenses incurred by or on behalf of ACF or its assignee for enforcement and collection of the Chapter 5 Claims;

(ii) Second, Two Hundred Fifty Thousand ($250,000) shall be repaid to ACF or its assignee to repay the Liquidation Trust Seed Loan, as defined in Section 7 below, to the extent such Liquidation Trust Seed Loan has not already been repaid from other sources of recovery as identified in this Agreement;

(iii) Third, One Million Five Hundred Thousand Dollars ($1,500,000) recovered shall be paid to ACF or its assignee; and

(iv) Fourth, all remaining recoveries over the amounts set forth in subsections (i), (ii) and (iii) above, shall be split 50/50, with fifty percent (50%) of the recovered amounts being paid to ACF or its assignee, and fifty percent (50%) of the recovered amounts being paid to the Debtors' estates or their successors.

7. On February 23, 2021, the Court entered its *Order: (A) Confirming Auction Results; (B) Approving the Sale of Substantially All of Debtors' Commercial Division Assets to Solarjuice American, Inc., Including But Not Limited to the Pahrump Property, Free and Clear of Liens, Claims, Encumbrances, and Other Interests as Provided in the Asset Purchase Agreement; (C) Authorizing the Assumption and Assignment of Certain of the Debtors' Executor Contracts and Unexpired Leases Related Thereto; and (D) Related Relief* [ECF No. 1704], thereby further confirming the transfer of the Chapter 5 Claims to ACF and the waterfall distribution provisions set forth in the Settlement Agreement. Specifically, Sections RR and SS of the Court's Order provided as follows:

RR. ACF's consent to the within Sale will not operate as a waiver of the operation of the ACF Adequate Protection Order with respect to the Excluded Assets. ACF's rights to, claims to, and liens against the Excluded Assets are expressly reserved according to the terms of the ACF Adequate

Protection Order, and the Excluded Assets and the Cash Bid will remain subject to ACF's liens and claims to the extent not satisfied, subject to the terms of that certain Claims Settlement and 363 Sale Support Agreement and Releases dated October 28, 2020, by and among ACF, the Debtors and the Committee (the 'Committee Claims Settlement Agreement') approved by the Court pursuant to that certain *Order Granting Debtors' Motion for Approval of Compromise, Pursuant to Fed. R. Bankr. P. 9019, By and Among Debtors, ACF Finco I, LP and the Official Committee of Unsecured Creditors* [ECF No. 1328] (the 'Committee Claims Settlement Order').

SS.    ACF's consent to the within Sale is further contingent upon the Debtors' transfer to ACF of the Chapter 5 Claims and commercial tort claims, as defined in and contemplated under the Committee Claims Settlement Agreement. While ACF is not the Purchaser of the Subject Assts, the ACF 363 Sale Transaction, as defined in the Committee Claims Settlement Agreement, has taken place under the Committee Claims Settlement Order and ACF's consent to the within Sale will not operate as a waiver of the operation of the Committee Claims Settlement Order, including the operation of the various waterfall distribution provisions in effect with respect to an ACF 363 Sale Transaction, which is operational thereunder.

8.    Accordingly, ACF is authorized to prosecute the Avoidance Actions, with collections to be paid in accordance with the terms of this Court's prior Orders.

### III.
### RELIEF REQUESTED

9.    ACF anticipates commencing more than one hundred Avoidance Actions to recover avoidable transfers pursuant to sections 547 through 550 of the Bankruptcy Code from the persons and entities identified on Exhibit A (each a "<u>Defendant</u>" and, collectively, the "<u>Defendants</u>").[2]

10.    By this Motion, ACF seeks an order, substantially in the form attached hereto as **Exhibit B** (the "<u>Proposed Order</u>") approving procedures for litigating, mediating, and settling the Avoidance Actions (collectively, the "<u>Proposed Procedures</u>"), which will be prosecuted by its counsel, the Bankruptcy Recovery Group, LLC, a subsidiary of Garman Turner Gordon. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties

---

[2] Since mid-March, ACF undertaken efforts to collect and/or resolve its claims against the Defendants identified on Exhibit A. Accordingly, the claims against certain of the Defendants identified on Exhibit A may be resolved prior to the commencement of an Adversary Proceeding.

and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

### IV.
### THE PROPOSED PROCEDURES

11. The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested parties should refer to the Proposed Order attached hereto as Exhibit B for a complete understanding of the Proposed Procedures.

**A.    Extension of Time to Respond to Complaints.**

12. The Proposed Procedures extend a Defendant's time to answer or otherwise respond to a complaint by thirty (30) calendar days after the Defendant's initial response time expires. This extension will help to maximize the number of Avoidance Actions that ACF is able to settle expeditiously, and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

**B.    Waiver of Pretrial and Scheduling Conferences; Stay of Discovery Until Conclusion of the Mediation Process.**

13. ACF also requests that the Court: (a) continue the initial pretrial conference until after mediation pursuant to Fed. R. Civ. P. 16, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016; (b) except as otherwise provided below, waive and extend the requirements of Fed. R. Civ. P. 26, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 and Local Rule 7026; and (c) stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below). Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

14. ACF proposes to apply these procedures to all Avoidance Actions because referral to early mediation – with discovery to follow only if mediation is unsuccessful – benefits all parties by potentially obviating the need for incurring the burdens and costs associated with formal discovery and, thereafter, trial. At the same time, the stay of discovery will not limit the informal

exchange of documents or information at any time during settlement discussions or in mediation in an attempt to resolve the Avoidance Actions.

15. Moreover, the proposed stay will not preclude either party from requesting pre-mediation formal discovery. Should the non-requesting party consent to formal discovery in advance of mediation, the parties will conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact discovery before the Mediation Process. The Proposed Procedures provide that, if the non-requesting party does not consent to pre-mediation formal discovery, the requesting party may request relief from the stay of discovery by filing a motion on shortened time to commence formal discovery that outlines the dispute.

16. Following the conclusion of the Mediation Process, if mediation is unsuccessful, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact discovery and expert discovery. In light of the number of Avoidance Actions, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics, and eases of the administrative burden on the Court.

**C.    The Mediation Process.**

17. Mandatory Mediation. The Proposed Procedures provide that, unless otherwise agreed by ACF and a Defendant, any Avoidance Action that has not settled within sixty (60) days after the complaint is filed will be referred to mediation (the "Mediation Process"). Mediation will be privileged and confidential, and proceedings, discussions, and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing, or responsibility.

18. Mediators. Mediators will be chosen by Defendants from the list of mediators attached to the Proposed Order (the "Mediators"). Unless extended by written agreement with

ACF, Defendants must select a mediator in writing within two (2) weeks from commencement of the Mediation Process. If a Defendant does not timely choose a Mediator, ACF will assign a Mediator. Limiting the number of Mediators assigned to Avoidance Actions will, among other things, (a) minimize the time and expense of negotiating with Defendants over the Mediator, and (b) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the Avoidance Actions.

19. <u>Time/Place of Mediation</u>. Avoidance Actions will be mediated in Las Vegas, Nevada, unless the parties and the Mediator agree to another location. Each Mediator will provide ACF with dates on which he or she is available. ACF's counsel will contact Defendant or Defendant's counsel with a list of proposed dates for mediation as provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis, and Defendants will receive at least twenty-one (21) calendar days' written notice of the date and time of mediation.

20. <u>Position Papers/Presentations</u>. At least seven (7) calendar days before mediation, ACF and the applicable Defendant will be required to exchange position statements including a settlement proposal and provide such statements to the Mediator. Unless agreed otherwise, the Proposed Procedures contemplate that position statements will be limited to no more than ten (10) double-spaced pages, excluding exhibits and schedules. The Mediator, however, may require the parties to provide additional papers and exhibits. The Mediator will have full authority to determine the nature and order of the parties' presentations, and he/she may implement additional procedures as are reasonable and practical under the circumstances. If any party fails to make required submissions or attend mediation, the non-defaulting party may file a motion for default judgment or to dismiss the Avoidance Action.

21. <u>Attendance at Mediation</u>. Consistent with the spirit of the Local Rules, the Proposed Procedures anticipate that parties will participate in mediation in good faith with a view towards settling the Avoidance Actions. Accordingly, at least one counsel for each party and a representative of each party with full settlement authority must attend the mediation in person, unless the Mediator authorizes any party to appear by video.

22. <u>Fees</u>. ACF is required to pay the Mediator's fees and costs. The Proposed Procedures provide for a fixed fee payable to the Mediator depending on the size of the action.

23. <u>Conflicts of Interest</u>. No Mediator will mediate an Avoidance Action in which his/her law firm represents a party. If a Mediator's law firm represents a Defendant in another Avoidance Action, the Mediator will take all steps necessary to establish an ethical wall as required by the Nevada Rules of Professional Conduct. So long as the ethical wall is effectively established and maintained, the Mediator's participation in the Mediation Process will not create a conflict of interest regarding the Mediator's law firm's representation of a Defendant in another Avoidance Action.

**D.     Motions/Omnibus Hearings.**

24. Motions generally affecting Defendants in all Avoidance Actions will be filed on the *Red Rose, Inc.* docket, Case No. 20-12814-MKN, and will not be filed in each individual Avoidance Action. Motions specific to a single Defendant shall be filed in the applicable Avoidance Action. If a Defendant files a motion to dismiss an Avoidance Action based upon the alleged technical insufficiency of the complaint, the Defendant automatically will be deemed to consent to allowing ACF to amend the applicable complaint.

25. ACF will schedule Avoidance Actions Omnibus Hearings approximately every sixty (60) calendar days at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings. ACF will file a report one (1) week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions.

**E.     Electronic Service.**

26. ACF will serve each summons and complaint and a copy of the Proposed Procedures on each Defendant by U.S. Mail, postage prepaid. ACF may elect to serve all other motions, pleadings, and notices by e-mail. To facilitate electronic service of documents, ACF will

send a notice and information form (the "Information Form") in the form attached to the Proposed Order to all Defendants listed on Exhibit A, along with a pre-addressed, postage paid return envelope. Defendants must complete the Information Form within thirty (30) calendar days, providing among other things, a valid email address and designated notice party. Only those parties designated in the Information Forms will receive notice of pleadings, conference, and other information regarding the Avoidance Actions.

**F.    Settlement Authority.**

27.    ACF is authorized to settle the Avoidance Actions. Accordingly, ACF is not required to seek Court approval or further Order under Bankruptcy Rule 9019 to consummate a settlement and/or to dismiss any Avoidance Action.

## V.
## ARGUMENT

28.    There is ample authority for the Court to approve the Proposed Procedures. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. *See, e.g.,* Fed. R. Bankr. P. 7016(b)(3)(B). Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

29. The Proposed Procedures are also consistent with the Local Rules that provide this Court great latitude in establishing procedures for adversary proceedings and the parties participation in mediation. Among other provisions:

(i) Local Rule 7016(e) expressly states that the "court may set any adversary proceeding for settlement conference or other alternative method of dispute resolution";

(ii) Local Rule 7016(b) provides that the court may excuse appearance at any scheduling conference, stating: "[u]nless excused by the court, the parties or their counsel must appear at any scheduling conference";

(iii) Local Rule 7016(d)(2) authorizes this court to "enter any other orders regarding pretrial and trial matters as appropriate";

(vi) Local Rule 7026(a)(1) authorizes parties to seek exception from Fed. R. Civ. P. 26(f); and

(v) Local Rule 7026(b) provides that this Court may order alternative discovery periods and expert disclosure deadlines.

30. Moreover, the Proposed Procedures are similar to procedures adopted in other jurisdictions. *See, e.g., In re WP Steel Venture LLC, et al.*, Case No. 12-11661 (KJC) (Bankr. D. Del.); *In re VeraSun Energy Corporation et al.*, Case No. 08-12606 (BLS) (Bankr. D. Del.); *In re Semcrude, L.P., et al.,* Case No. 08-11525 (BLS) (Bankr. D. Del.); *In re Fleming Companies, Inc.,* Case No. 03-10945 (MFW) (Bankr. D. Del.); *In re Quebecor World (USA), Inc., et al.,* Case No. 08-10152 (JMP) (Bankr. S.D.N.Y.); *In re Tower Automotive, Inc., et al.,* Case No. 05-10578 (ALG) (Bankr. S.D.N.Y.).

31. The Proposed Procedures will: (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant; (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions; (c) minimize the Court's administrative burden, furthering

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

10

the goals of judicial economy and the conservation of judicial resources; and (d) maximize the recovery of funds for the Debtors' estates. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, ACF submits that such variations are warranted in light of the number of Avoidance Actions associated with these cases, absent which it may be difficult for this Court to administer these matters. Accordingly, ACF believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of ACF, the Debtors' estates and creditors, and the other parties to the Avoidance Actions, and should be approved.

## VI.
## NOTICE

32. Notice of this Motion has been provided to: (i) the United States Trustee for the District of Nevada; (ii) all entities persons and entities identified on Exhibit A; (iii) counsel for the Debtors; and (iv) all other persons who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. ACF respectfully submits that such notice is adequate and that no other or further notice need be provided.

## VII.
## CONCLUSION

WHEREFORE, ACF respectfully requests that the Court grant the Motion, enter the Proposed Order in the form attached hereto as **Exhibit B,** and grant such other and further relief as the Court deems just and proper.

Dated this 1st day of July, 2021.

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
GREGORY GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Counsel for ACF FINCO I, LP*