Jason A. Imes Esq., NV Bar No. 7030
Fox, Imes & Crosby, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br>Debtor.<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☒ Affects All Debtors | Case No. BK-S-20-12814-MKN **(Lead Case)**<br><br>**Jointly Administered with:**<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 7<br><br>**MOTION FOR SUBSTANTIVE CONSOLIDATION OF BANKRUPTCY ESTATES**<br><br>Hearing Date: May 8, 2024<br>Hearing Time: 2:30 p.m. |

TROY S. FOX (the "Chapter 7 Trustee"), Chapter 7 Trustee for the jointly administered bankruptcy estates of Beachhead Roofing & Supply, Inc.; California Equipment Leasing Association, Inc.; Fences 4 America, Inc.; James Petersen Industries, Inc.; PD Solar, Inc.; Petersen Roofing and Solar LLC; Petersen-Dean, Inc.; PetersenDean Hawaii LLC; PetersenDean Roofing

and Solar Systems, Inc.; PetersenDean Texas, Inc.; Red Rose, Inc.; Roofs 4 America, Inc.; Solar 4 America, Inc.; Sonoma Roofing Services, Inc.; TD Venture Fund, LLC; and Tri-Valley Supply, Inc. (collectively the "Debtors"), by and through his counsel, Fox, Imes & Crosby, LLC, respectfully moves this Court for an order substantively consolidating each of the Debtors' bankruptcy estates into the lead bankruptcy case (*In re Red Rose, Inc.*, Case No. 20-12814-MKN) pursuant to 11 U.S.C. §105, Fed.R.Bankr.P. 1015, and Local Rule 1015.

The Motion is based upon the following points and authorities, the pleadings and papers on file herein, any oral argument that may be heard on this Motion, and the *Declaration of Troy S. Fox* (the "Fox Declaration") filed concurrently with this Motion.

The Trustee has concluded these 16 related bankruptcy estates should be consolidated into a single estate with a single body of creditors, and that such action will best facilitate the expeditious post-conversion collection and distribution of assets to creditors.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  FACTUAL BACKGROUND

**A.   Procedural Case History**

1. On June 11, 2020 (the "Petition Date"), each of the Debtors filed a chapter 11 petition under Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court").

2. Following the Petition Date, the Debtors continued to operate their business as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On June 23, 2020, the Bankruptcy Court entered an *Order Directing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(B) and Local Rule 1015* [ECF No. 94] directing the joint administration of the chapter 11 cases of the Debtors pursuant to Federal Rule of Bankruptcy Procedure 1015(b).

4. The cases are currently being jointly administered under the lead case, *In re Red*

*Rose, Inc.*, Case No. BK-S-20-12814-MKN.

**B.     Overview of the Debtors' Business, Assets, and Post-Petition Activity**

5.     The Debtors were engaged in the business of selling and installing rooftop solar equipment for residential and commercial properties. It appears the Debtors' operations were headquartered in Fremont, California, but the business was primarily active as a solar contractor in five states: California, Arizona, Nevada, Texas, and Florida

6.      On August 28, 2020, this Court authorized the sale of PetersenDean Hawaii's assets [ECF No. 852] to Haleakala Solar, Inc. and James Whitcomb.

7.     On December 28, 2020, this Court authorized the sale of the Debtors' Consumer Division assets, including approximately 1,200 residential consumer solar contracts to SPI Energy Go., Ltd. ("SPI") [ECF No. 1532]. On February 23, 2021, this Court entered an order authorizing the sale of the Debtors' Commercial Division assets to SPI, with liens held by secured creditor ACF Finco I LP ("ACF") attaching to the proceeds [ECF No. 1704]. The sale of the Commercial Division assets closed on February 26, 2021.

8.     It appears that by the end of February 2021 the Debtors had no remaining operations and the estates' remaining assets consisted primarily of the estates' remaining rights to receive various percentages of certain real estate and promissory notes, and percentages of any recoveries for claims under Chapter 5 of the Bankruptcy Code that were transferred to ACF pursuant to various settlement agreements among the parties [ECF Nos. 1328 and 1416].

9.     By June 2023, Debtors determined that the remaining stream of recoveries from the Chapter 5 claims and other sources would be insufficient to pay the aggregate amount of Chapter 11 administrative and priority claims (estimated at over $5,000,000), so they were unable to confirm a plan of reorganization. Additionally, the Debtors were defendants in over 100 active litigation cases at that time.

10.     The Debtor's sought to dismiss the bankruptcy case [ECF No. 2676] but, after consideration of objections raised by other interested parties, the Bankruptcy Court entered an *Order Regarding Debtor's Motion to Dismiss Chapter 11 Cases* [ECF No. 2732] on September 5, 2023, which denied the Debtors' motion to dismiss the cases and converted the jointly

administered Chapter 11 cases to Chapter 7 (the "Conversion Order"). Following entry of the Conversion Order, Troy S. Fox (the "Trustee") was duly qualified and appointed as the Chapter 7 Trustee for this case [ECF No. 2733].

**C.    Estates are Administratively Insolvent**

11.    After entry of the Conversion Order, the Trustee has been marshalling the remaining assets and administering the respective bankruptcy estates.

12.    The Trustee received and is holding **$10,128.14** for the Red Rose, Inc. bankruptcy estate (20-12814-MKN). These funds were received from a secured creditor post-conversion following its sale of certain foreclosed equipment.

13.    The Trustee also received and is holding **$207,089.04** under the Petersen-Dean, Inc. estate (20-12821-MKN) consisting of a $7,500.00 retainer balance refund, and $201,335.68 from the sole Chapter 11 debtor-in-possession checking account. The Trustee has not received and is not holding any other funds for any of these bankruptcy estates.

14.    After the Conversion Order, this Court granted final approval of compensation to counsel for the Official Committee of Unsecured Creditors (the "Committee") in the sum of $228,068.66 [ECF No. 2790], and local counsel for the Committee in the sum of $159,149.21, [ECF No.2791], as allowed Chapter 11 administrative expenses. These two compensation awards to Committee counsel (which are not allocated or apportioned among the 16 related Debtors) are enough to render the estates administratively insolvent.

15.    A deadline for submission of final applications for the other Chapter 11 professionals will need to be set, and the monthly fee statements submitted during the Chapter 11 phase of the case do not indicate what was and was not paid to professionals, but the Trustee is aware that (at the time of conversion) the Debtors represented that the unpaid Chapter 11 administrative and priority claims exceed $5 million. *See* [ECF No. 2676], p.8:5-9.

16.    Even with a maximum recovery from the estates' interest in the remaining Chapter 5 litigation claims, the estate funds will be insufficient to pay the allowed Chapter 11 administrative claims in full, and there are no other known assets for the Trustee to liquidate, so these estates will be administratively insolvent.

17. There are 16 bankruptcy estates jointly administered under the lead case, but it appears the work performed and the compensation sought by the Chapter 11 professionals was not apportioned or allocated among the 16 bankruptcy estates in the related fee applications or orders.

18. The Global Settlement Agreement [ECF No. 1328] approved during the Chapter 11 phase of the case does not indicate any division of the future funds recovered among the 16 bankruptcy estates, and the asset sale orders [ECF Nos. 1281, 1532, and 1704] do not apportion or allocate the sales proceeds among the 16 bankruptcy estates.

19. It also appears that all funds collected during the Chapter 11 phase of the case, including funds received as a percentage of the Chapter 5 litigation, were placed in the sole debtor-in-possession bank account controlled by the debtors in possession, and this single account was used to pay ongoing Chapter 11 expenses of the jointly administered estates without any apportionment or allocation among the 16 bankruptcy estates.

20. It appears that the remaining estate funds that were turned over to the Chapter 7 Trustee after entry of the Conversion Order had been handled prior to conversion as if the bankruptcy estates were one estate with one group of creditors, so there is no practical way for the Chapter 7 Trustee to now retroactively divide or apportion the funds among the 16 bankruptcy estates and their respective creditors groups.

21. Based on the status of these estates and the assets and available information, and since the estates are administratively insolvent, the Trustee has concluded that the most economical solution is to substantively consolidate the 16 bankruptcy estates into a single estate with a single body of creditors, and that such action will best facilitate the post-conversion collection and distribution of assets.

22. The Trustee is not seeking to consolidate any non-debtor entites.

### III.  MEMORANDUM OF LAW

**A. Standard for Substantive Consolidation Under § 105(a).**

Although the Bankruptcy Code does not specifically authorize bankruptcy courts to substantively consolidate entities, the power to enter substantive consolidation orders has been considered part of the bankruptcy court's equitable powers since the passage of the Bankruptcy

Act in 1898, and 11 U.S.C. § 105(a) has been recognized as the basis for such relief. *See* Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 219 (1941); Alexander v Compton (In re Bonham), 229 F.3d 750 (9th Cir. 2000); In re Augie/Restivo Baking Company, Ltd., 860 F.2d 515, 518 (2d. Cir. 1988).

When substantive consolidation is granted, the assets and liabilities of two or more related entities are pooled to create a single fund from which the creditors of the combined estate may be paid. Bonham, 229 F.3d at 764. Substantive consolidation "enabl[es] a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation." James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.), 517 F.2d 997, 1000 (2d Cir. 1975). The policy underlying this doctrine "is to ensure the equitable treatment of all creditors." Bonham, 229 F.3d 764. The Ninth Circuit has noted that although the essential purpose of the doctrine is to ensure fairness to all creditors, it must be used sparingly. Id. at 764 and 768.

The impact of substantive consolidation is significant because the consolidated assets are used to create "a single fund from which all claims against the consolidated debtors are satisfied," and "duplicate and inter-company claims are extinguished." Bonham, 229 F.3d 764.

Various circumstances regarding the related entities form a basis on which substantive consolidation has been allowed, including entanglement of financial affairs, commingling of funds, and/or the finding that the debtor is an alter ego of the entities. Id. Substantive consolidation is similar to the state law remedy of piercing the corporate veil based on a finding that the entities are alter egos. In re Cooper, 147 B.R. 678, 683-84 (Bankr. D. N.J. 1992). Piercing the corporate veil, however, is not a pre-requisite to the utilization of the bankruptcy law remedy of substantive consolidation. In re Snider, Inc., 18 B.R. 230, 234 (Bankr. D. Mass. 1982). The bankruptcy remedy of substantive consolidation ensures the equitable distribution of property to all creditors. Piercing the corporate veil, by contrast, is a limited merger for the benefit of a particular creditor. In re Cooper, 147 B.R. at 683-84.

The primary case in the Ninth Circuit supporting substantive consolidation is In re Bonham, 229 F.3d 750 (9th Cir. 2000). In Bonham, the bankruptcy court allowed substantive consolidation

of the debtor with the estates of two closely held corporations to enable the trustee to pursue avoidance claims in bankruptcy. Id. The bankruptcy court also granted the consolidation of the non-debtor entities effective as of the date of the filing of the bankruptcy petition so that the trustee could utilize the time frame for filing avoidance actions on behalf of the debtor's creditors. Defendants in the related adversary proceedings appealed the bankruptcy court's order, but the Ninth Circuit affirmed the bankruptcy court's decision, and engaged in an extensive evaluation of the doctrine of substantive consolidation.

**B.      Analysis of "Bonham" Factors for Substantive Consolidation**

Most notably, in determining if substantive consolidation was appropriate, the Ninth Circuit adopted the two-factor test articulated by the Second Circuit in the case In re Augie/Restivo Baking Co., Ltd., 860 F.2d 515 (2d. Cir. 1988). This test focuses on the course of dealing and the expectation of creditors, and requires the consideration of two factors:

(1)     whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; **or**

(2)     whether the affairs of the debtor are so entangled that consolidation will benefit all creditors.

Id. at 766. The Bonham court noted, "The presence of either factor is a sufficient basis to order substantive consolidation." Id. at 766.

**1.     First Bonham Factor – Creditors Rely on Single Economic Unit**

The first factor, reliance on the separate credit of the entity, is based on the consideration that lenders "structure their loans according to their expectations regarding the borrower and do not anticipate either having the assets of a more sound company available in the case of insolvency or having the creditors of a less sound debtor compete for the borrower's assets." Id. (quoting Augie/Restivo, 860 F.2d at 518-19). This first factor focuses on the expectations of the parties:

> With regard to the first factor, creditors who make loans on the basis of the financial status of a separate entity expect to be able to look to the assets of their particular borrower for satisfaction of that loan. Such lenders structure their loans according to their expectations regarding that borrower and do not anticipate either having the assets of a more sound company available in the case of insolvency

> or having the creditors of a less sound debtor compete for the borrower's assets. Such expectations create significant equities. Moreover, lenders' expectations are central to the calculation of interest rates and other terms of loans, and fulfilling those expectations is therefore important to the efficiency of credit markets. Such efficiency will be undermined by imposing substantive consolidation in circumstances in which creditors believed they were dealing with separate entities.

Augie/Restivo, 860 F.2d at 518-519. *See also* Bonham, 229 F.3d at 766. Once the proponent of substantive consolidation makes his prima facie showing for consolidation, the burden shifts to opposing creditors, if any, who have the burden to overcome the presumption that they did not rely on the separate credit of the putative consolidated entities. Bonham, 229 F.3d at 767; Leslie v. Mihranian (In re Mihranian), 937 F.3d 1214, 1218 (9th Cir. 2019)

In this case, 11 of the 16 debtors were borrowers from secured creditor ACF and provided a blanket pledge of their assets as security for said loans. *See* Debtor's initial emergency motion and declaration to use cash collateral at [ECF Nos. 16 and 20]. It appears the primary lender ACF considered most if not all of these debtors as a single interconnected enterprise for purposes of lending and security, and this is reflected in the eventual settlement agreements [ECF Nos. 1416 and 1328] that do not apportion or allocate litigation recoveries among the debtors' estates in any particular percentages.

It appears lenders, in particular the primary lender ACF, considered the Debtors a unified enterprise for purposes of lending money and collateral, and this satisfies the first factor for substantive consolidation pursuant to Bonham.

### 2. Second Bonham Factor – Entanglement of Financial Affairs

Consolidation under the second factor, entanglement of the debtor's affairs, is justified when "the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all the creditors" or where no accurate identification

Motion Substantive Consolidation                                                                                           Page 8 of 12

and allocation of assets is possible. Id. (quoting In re Augie/Restivo, 860 F.2d at 519).[1] The Ninth Circuit further noted that "without the doctrine of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity." Id. at 764. The primary purpose of substantive consolidation "is to ensure the equitable treatment of all creditors." Id. at 518.

The issue of entanglement in this case is more pragmatic. During the Chapter 11 phase, it does not appear there was any attempt to allocate or apportion recovered proceeds or administrative expenses between the 16 bankruptcy estates.

For example, the motion to approve the TD Venture settlement was intended "to reduce the balance of the Loan for the collective benefit of the Borrowing Debtors' estates." [ECF No. 739], p.14:11-12. Likewise, the global settlement agreement contemplates that the Chapter 5 litigation recoveries will be split with a percentage to ACF, and a percentage will be paid generally to the "Debtors' estates." [ECF No. 1239], p.14:7, p.14:13, and p.14:19. The settlements were proposed and funds recovered for the benefit of all the estates generally, without any discussion of apportionment or allocation of the recovered proceeds among the 16 bankruptcy estates.

If these estates are not substantively consolidated, there is no practical or economical way for the Chapter 7 Trustee to determine which funds are allocable to which estate, and how the Chapter 11 administrative claimants should be paid from each estate. The best practical solution is to take the funds that were all placed into a single operating account during the Chapter 11, and place all similarly situated administrative claims (since the estate is administratively insolvent) into a single pool to be paid from the single source of funds, rather than try and untangle the funds and to allocate the Chapter 11 professional compensation among the 16 separate estates. This will allow the assets of the 16 estates to be marshalled and distributed directly to a single creditor pool.

---

[1] The United States Bankruptcy Court in In re Vecco Construction Industries, Inc., 4 B.R. 407, 410 (Bankr. E.D. Va. 1980) compiled a series of factors from several district and appellate court decisions that may be used to determine whether substantive consolidation is warranted: (1) degree of difficulty in segregating and ascertaining individual assets and liabilities; (2) presence or absence of consolidated financial statements; (3) profitability of consolidation at a single physical location; (4) commingling of assets and business functions; (5) unity of interests and ownership between the various corporate entities; (6) existence of parent and inter-corporate guarantees on loans; and (7) transfer of assets without form observance of corporate formalities. Id. at 410.

**C.     Substantive Consolidation Will Result in Equitable Treatment of all Creditors**

In this case, both <u>Bonham</u> factors are satisfied, either of which is sufficient to justify substantive consolidation, so the remaining consideration is equitable treatment of creditors. The Trustee has balanced the benefits of substantive consolidation against the harms it may cause and concluded that substantive consolidation is consistent with the expectation of creditors and judicial economy, and is appropriate due to the lack of allocation and apportionment of the funds collected and the administrative claims allowed.

The Trustee has concluded it will be detrimental to the creditors, namely Chapter 11 administrative claimants, if the estates are not consolidated. The best way for the creditors to recover their money with the least delay and expense is if the estates' assets are collected into a consolidated estate and then distributed to the consolidated pool of creditors on a pro rata basis.

While it does not appear to be an issue in these cases, the Trustee proposes that no secured creditor's claim be elevated or improved as a result of consolidation, and the absolute priority of secured creditors to specific assets pledged to the lenders in connection with loans made to any of the debtors should be preserved.

**D.     Notice of this Motion, and Opportunity to Be Heard**

A noticed motion is an appropriate procedure for substantive consolidation. <u>In re Bonham</u>, 229 F.3d at 760.  Courts have ordered substantive consolidation in numerous procedural contexts. <u>Id</u>. at 765, n. 9.  A bankruptcy court may order substantive consolidation via a motion, as was done in <u>In re Bonham</u>, or via an adversary proceeding or other procedural device, so long as there is notice and an opportunity to be heard. <u>Id</u>. (emphasis added); *see also* <u>In re Reider</u>, 31 F.3d at 1108; <u>Federal Deposit Insurance Corp. v. Colonial Realty Co.</u>, 966 F.2d 57, 58 (2d Cir. 1992); <u>First Nat'l Bank of El Dorado v. Giller (In re Giller)</u>, 962 F.2d 796, 798 (8th Cir. 1992).

Notice is required to be given to the actual parties whose substantive rights will be "seriously affected" by the order so that they have an opportunity to be heard. <u>Leslie v. Mihranian (In re Mihranian)</u>, 937 F.3d 1214, 1217 (9th Cir. 2019). This includes notice to "creditors of the putative consolidated parties – whose claims would be equitably distributed under the consolidation order – and not just to the consolidated parties themselves." <u>Id</u>

The Trustee is requesting that the 16 Bankruptcy Estates be substantively consolidated. Since the converted estate is administratively insolvent, no unsecured creditors will receive a distribution from the substantively consolidated bankruptcy estate. As such, the Trustee is giving notice of this Motion pursuant to the Limited Notice Procedure approved by this Court [ECF No. 661], rather than to the entire unsecured creditor pool. See *Certificate of Service* filed contemporaneously herewith. The Trustee is duly complying with the requirement of due process by giving affected parties notice and an opportunity to be heard.

## IV. CONCLUSION

For these reasons, the Trustee respectfully requests that the Court enter an order:

1) Ordering the substantive consolidation of the following bankruptcy estates pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P. 1015:

> Beachhead Roofing & Supply, Inc. (20-12815-MKN);
> California Equipment Leasing Association, Inc. (20-12816-MKN);
> Fences 4 America, Inc. (20-12818-MKN);
> James Petersen Industries, Inc. (20-12819-MKN);
> PD Solar, Inc. (20-12820-MKN);
> Petersen Roofing and Solar LLC (20-12822-MKN);
> Petersen-Dean, Inc. (20-12821-MKN);
> PetersenDean Hawaii LLC (20-12823-MKN);
> PetersenDean Roofing and Solar Systems, Inc. (20-12824-MKN);
> PetersenDean Texas, Inc. (20-12825-MKN);
> Red Rose, Inc. (20-12814-MKN);
> Roofs 4 America, Inc. (20-12826-MKN);
> Solar 4 America, Inc. (20-12827-MKN);
> Sonoma Roofing Services, Inc. (20-12829-MKN);
> TD Venture Fund, LLC (20-12833-MKN); and
> Tri-Valley Supply, Inc. (20-12831-MKN)

2) Deeming any entire inter-company loans between these bankruptcy estates, along with any inter-company security interest therein that may exist, as well as any inter-company guarantees, to be extinguished for the purposes of bankruptcy case administration; and

3) That no secured creditor's claim (excluding any inter-company loans) shall be elevated or improved as a result of consolidation, and the absolute priority of secured creditors to specific assets pledged to any lender in connection with any secured loan made to any Debtor shall be preserved; and

1  4) That the assets of the substantively consolidated bankruptcy estates shall be treated as being a single estate, and that all claims against any of the Debtors' bankruptcy estates shall be treated (regardless of which of the entities the claim is against) as being a claim against the consolidated single bankruptcy estate; and

5) That the Trustee shall be allowed to submit a plan of distribution treating all creditors of the consolidated bankruptcy estates as if they were creditors of the single consolidated estate; and

6) Authorizing the Trustee to consolidate the claims registers of the estates if appropriate; and

7) Ordering that any duplicate claims filed against any of the substantively consolidated bankruptcy estates shall be deemed eliminated; and

8) That pursuant to Local Rule 1015(h), these substantively consolidated cases will be assigned to (*In re Red Rose, Inc.,* 20-12814-MKN) as the lead case, and all subsequent filings must be filed only in the lead case (i.e., the docket of *In re Red Rose, Inc.,* continuing to be the surviving docket); and

9) That the caption for these consolidated cases shall comply with Local Rule 1015(i) in substantially the form set forth in **Exhibit "1"** to this Motion; and

10) For such other and further relief as is just and proper.

Pursuant to LR 9021, a proposed form of order is attached hereto as **Exhibit "2."**

DATED: April 3, 2024.

          /s/ Jason A. Imes
          Jason A. Imes, Esq.
          FOX, IMES & CROSBY LLC
          601 S. 10th Street, Suite 202
          Las Vegas, Nevada 89101
          *Attorneys for Troy S. Fox, Chapter 7 Trustee*

# EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | LEAD CASE NO. BK-S-20-12814-MKN |
|---|---|
| RED ROSE, INC., | Substantively Consolidated with: |
| ☐ Affects Beachhead Roofing and Supply, Inc. | Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN |
| ☐ Affects California Equipment Leasing Association, Inc. | Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN |
| ☐ Affects Fences 4 America, Inc. | Case No. BK-S-20-12821-MKN |
| ☐ Affects James Petersen Industries, Inc. | Case No. BK-S-20-12822-MKN |
| ☐ Affects PD Solar, Inc. | Case No. BK-S-20-12823-MKN |
| ☐ Affects Petersen Roofing and Solar LLC | Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN |
| ☐ Affects Petersen-Dean, Inc. | Case No. BK-S-20-12826-MKN |
| ☐ Affects PetersenDean Hawaii LLC | Case No. BK-S-20-12827-MKN |
| ☐ Affects PetersenDean Roofing and Solar Systems, Inc. | Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN |
| ☐ Affects PetersenDean Texas, Inc. | Case No. BK-S-20-12833-MKN |
| ☐ Affects Red Rose, Inc. | |
| ☐ Affects Roofs 4 America, Inc. | Chapter 7 |
| ☐ Affects Solar 4 America, Inc. | |
| ☐ Affects Sonoma Roofing Services, Inc. | |
| ☐ Affects TD Venture Fund, LLC | |
| ☐ Affects Tri-Valley Supply, Inc. | |
| ☐ Affects All Debtors | |

# EXHIBIT "2"

Jason A. Imes Esq., NV Bar No. 7030
Fox, Imes & Crosby, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re<br><br>RED ROSE, INC.,<br><br>Debtor.<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc. | Case No. BK-S-20-12814-MKN **(Lead Case)**<br><br>**Jointly Administered with:**<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING MOTION FOR SUBSTANTIVE CONSOLIDATION OF BANKRUPTCY ESTATES** |

EX 2 PROPOSED Order Motion Substantive Consolidation                                              Page 1 of 4

☒ Affects All Debtors

Hearing Date:
Hearing Time:

The Chapter 7 Trustee's Motion for Substantive Consolidation of Bankruptcy Estates (the "Motion") [ECF No. ___] having come before this Court on the ___ day of May, 2024; TROYS S. FOX (the "Trustee"), Chapter 7 Trustee for the above referenced bankruptcy estates, appearing by and through his general counsel, Jason A. Imes, Esq., of Fox, Imes & Crosby, LLC; other appearances being duly noted upon the record; the Court having reviewed the Motion and all matters submitted therewith, and having considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper; the Court having stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion for substantive consolidation is GRANTED; and

**IT IS FURTHER ORDERED** that the following bankruptcy estates are substantively consolidated effective upon entry of this Order pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P. 1015:

| | |
|---|---|
| Beachhead Roofing & Supply, Inc. | (20-12815-MKN); |
| California Equipment Leasing Association, Inc. | (20-12816-MKN); |
| Fences 4 America, Inc. | (20-12818-MKN); |
| James Petersen Industries, Inc. | (20-12819-MKN); |
| PD Solar, Inc. | (20-12820-MKN); |
| Petersen Roofing and Solar LLC | (20-12822-MKN); |
| Petersen-Dean, Inc. | (20-12821-MKN); |
| PetersenDean Hawaii LLC | (20-12823-MKN); |
| PetersenDean Roofing and Solar Systems, Inc. | (20-12824-MKN); |

///

///

| | |
|---|---|
| PetersenDean Texas, Inc. | (20-12825-MKN); |
| Red Rose, Inc. | (20-12814-MKN); |
| Roofs 4 America, Inc. | (20-12826-MKN); |
| Solar 4 America, Inc. | (20-12827-MKN); |
| Sonoma Roofing Services, Inc. | (20-12829-MKN); |
| TD Venture Fund, LLC | (20-12833-MKN); and |
| Tri-Valley Supply, Inc. | (20-12831-MKN) |

**IT IS FURTHER ORDERED** that any inter-company loans between these bankruptcy estates, along with any inter-company security interest therein that may exist, as well as any inter-company guarantees, are deemed extinguished for purposes of bankruptcy case administration; and

**IT IS FURTHER ORDERED** that no secured creditor's claim (excluding any inter-company loans) shall be elevated or improved as a result of consolidation, and the absolute priority of secured creditors to specific assets pledged to any lender in connection with any secured loan made to any Debtor shall be preserved; and

**IT IS FURTHER ORDERED** that the assets of the substantively consolidated bankruptcy estates shall be treated as being a single estate, and that all claims against any of the Debtors' bankruptcy estates shall be treated (regardless of which of the entities the claim is against) as being a claim against the consolidated single bankruptcy estate; and

**IT IS FURTHER ORDERED** that the Trustee shall be allowed to submit a plan of distribution treating all creditors of the consolidated bankruptcy estates as if they were creditors of the single consolidated estate; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to consolidate the claims registers of the estates if appropriate; and

**IT IS FURTHER ORDERED** that any duplicate claims filed against any of the substantively consolidated bankruptcy estates shall be deemed eliminated; and

**IT IS FURTHER ORDERED** that pursuant to Local Rule 1015(h), these substantively consolidated cases will be assigned to *In re Red Rose, Inc.,* (20-12814-MKN) as the lead case, and all subsequent filings must be filed only in the lead case (i.e., the docket of *In re Red Rose, Inc.,* continuing to be the surviving docket); and

**IT IS FURTHER ORDERED** that the caption for these consolidated cases shall comply with Local Rule 1015(i) in substantially the form set forth in **Exhibit "1"** to the Motion.

**IT IS SO ORDERED.**

Submitted by:

_____
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*General Counsel for*
*Troy Fox, Chapter 7 Trustee*

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC

###