Jason A. Imes Esq., NV Bar No. 7030
Fox, Imes & Crosby, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone:   (702) 382-1007
Facsimile:    (702) 382-1921
E-Mail:        JImes@FICLegal.com
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br>Debtor.<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC<br>☐ Affects Tri-Valley Supply, Inc.<br>☒ Affects All Debtors | Case No. BK-S-20-12814-MKN **(Lead Case)**<br><br>**Substantively Consolidated with:**<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF REMNANT ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND RELATED RELIEF (11 U.S.C. §§ 105 and 363)**<br><br>Hearing Date:   March 11, 2026<br>Hearing Time:   2:30 p.m. |

TROY S. FOX, Chapter 7 Trustee appointed in the above-captioned bankruptcy case (the "Chapter 7 Case"), by and through his counsel, Fox, Imes & Crosby, LLC, respectfully submits this *Motion to Approve Sale of Remnant Assets Free and Clear of Liens, Claims, Interests, and*

*Encumbrances, and Related Relief (11 U.S.C. §§ 105 and 363 )* (the "Motion") requesting entry of an order approving the sale of certain "remnant assets" of the bankruptcy estate to OAK POINT PARTNERS, LLC ("Oak Point") for the sum of Seven Thousand Five Hundred Dollars **($7,500.00), or such higher qualified bid as he may receive prior to approval of the proposed sale,** free and clear of any liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363, and related relief.

The terms of the proposed sale are set forth in this Motion and in the *Asset Purchase Agreement* attached to this Motion as **Exhibit "1"** (the "Purchase Agreement").

To maximize the net benefit to the estate, parties interested in overbidding may offer qualifying overbids, subject to the other terms, prior to approval of the proposed sale.

This Motion is based upon 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, the attached points and authorities, the pleadings and papers on file herein, any oral argument that may be heard on this Motion, and the *Declaration of Troy S. Fox* (the "Fox Declaration") filed concurrently with this Motion.

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## II.    BACKGROUND

1.    On June 11, 2020 (the "Petition Date"), each of the above-named debtors (the "Debtors") filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court"). Following the Petition Date, the Debtors initially operated their business as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.    On June 23, 2020, the Bankruptcy Court entered an order directing the joint administration of these Chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b),

1. and on September 5, 2023, after the sale and transfer of substantially all of the Debtors' assets, the Court entered an order converting the cases from Chapter 11 to cases under Chapter 7 of the Bankruptcy Code [ECF No. 2732] and the Trustee was appointed to administer the resulting bankruptcy estates.

2. 3. On May 10, 2024, this Court entered an order substantively consolidating the various bankruptcy estates into one single bankruptcy estate for purposes of administration and distribution [ECF No. 2835] under the lead case, In re Red Rose, Inc., Case No. BK-S-20-12814-MKN.

3. 4. After his appointment, the Trustee has administered the Debtors' consolidated bankruptcy estate (the "Estate") for the benefit of their creditors in accordance with the Trustee's power and duties. The Trustee is now in the process of winding down the administration of these cases. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the bankruptcy estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

4. 5. The Trustee has determined that there might exist property of the Debtors' Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

5. 6. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets that could return value to the Estate greater than the Purchase Price. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

6. 7. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

8. The Trustee and Oak Point have negotiated the Purchase Agreement for the sale of the Remnant Assets, substantially in the form attached hereto as **Exhibit "1."**

9. The Purchase Agreement generally provides for a purchase price of Seven Thousand Five Hundred Dollars **($7,500.00)** (the "Purchase Price") to be paid by Oak Point to the Trustee for purchase and transfer of all Remnant Assets for the benefit of the Debtors' Estate. The negotiations were conducted at arm's length and in good faith. The Trustee has no connection to Oak Point and is unaware of any relationship between Oak Point and the Debtors, the Debtors' principals, or their agents. Further, there is no evidence of bad faith or a lack of good faith.

10. In accordance with the Purchase Agreement, the Remnant Assets specifically exclude (the "Excluded Assets"):

(a) Cash held at the time of the sale in the Trustee's fiduciary bank account for the Debtors' Estate; provided, however, that any cash that exists in such bank account two years from the date of the closing of the Debtors' cases, except as provided in sub provision (b) herein, shall be Remnant Assets;

(b) Any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a);

(c) Any and all Goods[1] (e.g., office furniture) of the Debtors;

(d) The books and records used by the Debtors in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Trustee relating to Remnant Assets specifically acquired in this Agreement;

(e) Any and all payments from Highmore Financing Co, IV, LLC and/or ACF Finco I, LP arising from or relating to Court-approved settlement agreements; and

(f) the Purchase Price to be delivered to the Trustee.

11. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant

---

[1] The term "Goods" as used in this context shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## Bidding Procedures

12. Contemporaneously herewith, the Trustee is filing a notice of this Motion ("Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court ("Response Deadline").

13. The Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement. Notwithstanding, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the Trustee's application of the overbid procedures set forth below (collectively, "Bidding Procedures"), the practicality and efficiency of which serve the best interests of the Debtors' Estate and creditors:[2]

   a. Each Competing Bidder who wants to participate in the overbid process must present the Trustee with a written overbid on or before the Response Deadline set forth in the Notice;

   b. Any Competing Bidder for the Remnant Assets must purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the Purchase Price;

   c. A first overbid by a Competing Bidder for the Remnant Assets must be at least $500.00 more than the Purchase Price, or a total of $8,000.00;

   d. A written overbid submitted by any Competing Bidder must be accompanied by proof of funds to the Trustee showing available funds in the amount of such Competing Bidder's first overbid;

   e. In the event of an overbid that meets the foregoing conditions (each, a "Qualified Bid"), the Trustee shall file with the Court within three (3) business days of the Response Deadline a notice that indicates the identity of all Competing Bidders and the amount of their respective Qualified Bids;

---

[2] The Trustee makes this request out of an abundance of caution to protect the interests of the Debtors' Estate and its creditors. Trustees too often receive sale inquiries that merely suggest an interest in bidding but are not actual overbids, resulting in unnecessary time and expense to the estate if they must prepare for an auction and hearing. The Trustee understands that the Bidding Procedures may be considered mooted in the absence of a Competing Bidder.

  f. Thereafter, the Trustee, in their sole discretion, will elect to either: (a) schedule an auction of the Remnant Assets in advance of the hearing date at which the Trustee will accept subsequent overbids for the Remnant Assets in additional increments of $500.00; or (b) notify Oak Point and any Competing Bidders that additional bidding will take place at the hearing on this Motion in additional increments of $500.00;

  g. Regardless of the election made by the Trustee under subparagraph (f) above, the Trustee will request that the Court approve the winning bidder as the purchaser at the hearing on the Motion.

14. By this Motion, the Trustee seeks the entry of an order pursuant to 1 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

### III. MEMORANDUM OF LAW

**A. Approval of the Proposed Sale and Overbidding Procedure**

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See* In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Abbott's Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); Comm. of Equity Sec. Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); In re Ionosphere Clubs, Inc., 100

B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

### 1. Articulated Business Justification and Good Business Judgment

A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances, and is in the best interests of creditors of the Debtors' Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtors' Estate would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Oak Point.

### 2. Adequate and Reasonable Notice

Notice of this Motion will be sent to the Debtors, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee will also provide notice to additional parties who previously indicated interest in purchasing remnant assets from bankruptcy estates. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

### 3. Fair Price

The Trustee's proposed Bidding Procedures are appropriate, and will maximize the potential sale price, and should be approved by the Court provided that a Competing Bidder submits an overbid to purchase the Remnant Assets. The Bidding Procedures not only provide parties sufficient notice for participation, but also permit the Trustee to apply a fair, practical, and efficient means to receive and evaluate overbids for the Remnant Assets. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., In re Financial News Network Inc., 931 F.2d 217 (2d Cir. 1991). Oak Point has expended and will continue to expend considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

### 4. Good Faith Transaction

Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." In re Abbott's Dairies of Pa., Inc., 788 F.2d at 147; see also In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 8 (1st Cir. 1993); In re Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985); and In re Vanguard Oil & Serv. Co., 88 B.R. 576, 580 (E.D.N.Y. 1988).

## B. Sale Of Assets Free and Clear of Liens, Security Interests, Encumbrances, and Claims Under 11 U.S.C. § 363(f)

Once the Court determines that a valid business justification exists for the sale, the Court must determine whether such a sale can be made free and clear of existing liens, security interests, encumbrances, and claims. Section 363(f) of the Code governs the sale of property of the estate free and clear of liens and provides, in pertinent part, the following:

> (f)   The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if –

(1)  Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
(2)  Such entity consents;
(3)  Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)  Such interest is in bona fide dispute; or
(5)  Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). *See e.g.,* Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

To the extent that there competing interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied. Thus, the sale of the Remnant Assets pursuant to section 363(f) should be approved. The Trustee is not aware of any party that is asserting a secured interest in the remaining assets of the Estate, with the exception of the Excluded Assets, that were not already sold and transferred. Any competing claims should be deemed transferred to the sales proceeds pending further order of this Court.

Likewise, if no secured creditor or other alleged secured creditor, lien holder, or encumbrance holder receiving notice of this sale files a written objection to this sale, such parties should be deemed to have consented to the sale of the IP Assets (11 U.S.C. §363(f)(2)). *See also* In re Metropolitan Mortgage & Secs. Co., 2007 WL 2277573 at *4 (Bankr. E.D. Wash 2007); In re Congoleum Corp., 2007 WL 142844 at *1 (Bankr. D.N.J. 2007); Citicorp Homeowners Servs., Inv. v. Elliot (In re Elliot), 94 B.R. 345 (E.D. Pa. 1988).

C.  **Waiver of Stay of Order**

The Trustee also requests that any stay of effectiveness of the order approving this Motion be waived. Pursuant to Fed. R. Bankr. P. 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

Time is of the essence for this sale and the Trustee believes that ample cause exists to justify a waiver of the fourteen (14) day stay of said order imposed by Fed.R. Bankr. P. 6004(h).

### IV. CONCLUSION

BASED UPON THE FOREGOING, the Trustee respectfully requests entry of an order:

1. Authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement (**Exhibit "1"**), to OAK POINT PARTNERS, LLC ("Oak Point") for the sum of Seven Thousand Five Hundred Dollars **($7,500.00), or such higher qualified bid as he may receive prior to approval of the proposed sale,** free and clear of any liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363;

2. Approving the Trustee's proposed Bidding Procedures;

3. Waiving the fourteen-day stay under Bankruptcy Rule 6004(h); and

4. Granting such other and further relief as this Court deems just and proper.

A proposed form of order is attached to this Motion as **Exhibit "2"** pursuant to Local Rule 9021.

DATED: January 28, 2026.

/s/ Jason A. Imes
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th St., Suite 202
Las Vegas, Nevada 89101
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

# EXHIBIT "1"

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of _____, is by and between **TROY S. FOX, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of RED ROSE, INC., ET AL.** (collectively, "Debtors"),[1] **SUBSTANTIVELY CONSOLIDATED BANKRUPTCY ESTATES** (collectively, "Estates"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on or about June 11, 2020, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Court"), jointly administered under Case No. 20-12814; and

**WHEREAS**, on or about September 5, 2023, the Debtors' bankruptcy cases were converted to ones under chapter 7 of the Bankruptcy Code, and on or about September 7, 2023, the Trustee was appointed as chapter 7 trustee of the Debtors' Estates; and

**WHEREAS**, on or about May 10, 2024, the Court entered an order directing the substantive consolidation of the Debtors' Estates; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtors' cases; provided, however, that any cash that exists in such bank account two years from the date of the closing of the Debtors' cases, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[2] (e.g., office furniture) of the Debtors; (d) the books and records used by the Debtors in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; (e) any and all payments from Highmore Financing Co IV, LLC and/or ACF Finco I, LP arising from or relating to Court-approved settlement agreements; and (f) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

---

[1] The Debtors are as follows: Beachhead Roofing & Supply, Inc.; California Equipment Leasing Association, Inc.; Fences 4 America, Inc.; James Petersen Industries, Inc.; PD Solar, Inc.; Petersen Roofing and Solar LLC; Petersen-Dean, Inc.; PetersenDean Hawaii LLC; PetersenDean Roofing and Solar Systems, Inc.; PetersenDean Texas, Inc.; Red Rose, Inc.; Roofs 4 America, Inc.; Solar 4 America, Inc.; Sonoma Roofing Services, Inc.; TD Venture Fund, LLC; and Tri-Valley Supply, Inc.

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

1

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between

Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Nevada, without giving effect to choice of law principles of the State of Nevada.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, LLC**

By: _/s/ Eric A. Linn_
Name: ERIC LINN
Its: Chief Executive Officer & President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269     Fax (847) 655-2746


**RED ROSE, INC., ET AL., BANKRUPTCY ESTATES**

By: _/s/ Troy S. Fox_
Name: TROY S. FOX
Its: Chapter 7 Trustee

Address: c/o Fox, Imes and Crosby, LLC, 601 S. 10th St., Suite 202, Las Vegas, NV 89101
Tel (702) 382-1007

3

# EXHIBIT "2"

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone:     (702) 382-1007
Facsimile:      (702) 382-1921
E-Mail:         JImes@FICLegal.com
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RED ROSE, INC.,<br>                                        Debtor.<br><br>☐ Affects Beachhead Roofing and Supply, Inc.<br>☐ Affects California Equipment Leasing Association, Inc.<br>☐ Affects Fences 4 America, Inc.<br>☐ Affects James Petersen Industries, Inc.<br>☐ Affects PD Solar, Inc.<br>☐ Affects Petersen Roofing and Solar LLC<br>☐ Affects Petersen-Dean, Inc.<br>☐ Affects PetersenDean Hawaii LLC<br>☐ Affects PetersenDean Roofing and Solar Systems, Inc.<br>☐ Affects PetersenDean Texas, Inc.<br>☐ Affects Red Rose, Inc.<br>☐ Affects Roofs 4 America, Inc.<br>☐ Affects Solar 4 America, Inc.<br>☐ Affects Sonoma Roofing Services, Inc.<br>☐ Affects TD Venture Fund, LLC | Case No.  BK-S-20-12814-MKN **(Lead Case)**<br><br>**Substantively Consolidated with:**<br>Case No. BK-S-20-12815-MKN<br>Case No. BK-S-20-12816-MKN<br>Case No. BK-S-20-12818-MKN<br>Case No. BK-S-20-12819-MKN<br>Case No. BK-S-20-12820-MKN<br>Case No. BK-S-20-12821-MKN<br>Case No. BK-S-20-12822-MKN<br>Case No. BK-S-20-12823-MKN<br>Case No. BK-S-20-12824-MKN<br>Case No. BK-S-20-12825-MKN<br>Case No. BK-S-20-12826-MKN<br>Case No. BK-S-20-12827-MKN<br>Case No. BK-S-20-12829-MKN<br>Case No. BK-S-20-12831-MKN<br>Case No. BK-S-20-12833-MKN<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING MOTION TO APPROVE SALE OF REMNANT ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND RELATED RELIEF** |

EX 2 PROPOSED Order Sell Remnant Assets                                                                 Page 1 of 4

☐ Affects Tri-Valley Supply, Inc.
☒ Affects All Debtors

**(11 U.S.C. §§ 105 and 363)**

Hearing Date:   March 11, 2026
Hearing Time:   2:30 p.m.

The Trustee's *Motion to Approve Sale of Remnant Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and Related Relief (11 U.S.C. §§ 105 and 363 )* [ECF No. ___] (the "Motion") having come before this Court on the 11th day of March, 2026; TROY S. FOX (the "Trustee"), in his capacity as Chapter 7 Trustee for the above-captioned bankruptcy case, appearing by and through his counsel, Jason A. Imes, Esq., of the law firm of Fox, Imes & Crosby, LLC; other parties appearing as noted on the record; no opposition having been filed, and no higher qualified bids having been received; the Court having considered the pleadings filed herein and the arguments of counsel, and having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell the Remnant Assets[1] pursuant to the terms of the Purchase Agreement (attached to this Order as **Exhibit "1"**), to OAK POINT PARTNERS, LLC, and/or its assigns (the "Buyer"), for the sum of Seven Thousand Five Hundred Dollars ($7,500.00) (the "Purchase Price"), free and clear of any liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363; and

**IT IS FURTHER ORDERED** that the Purchase Agreement and all of its terms and conditions are approved in their entirety; and

**IT IS FURTHER ORDERED** that the Bidding Procedures are approved in their entirety; and

---

[1] Any capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

1   **IT IS FURTHER ORDERED** that the Purchase Agreement and the Bidding Procedures are fair and reasonable; and

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to the Buyer for the Purchase Price as provided in the Motion; and

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to the Buyer ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto; and

**IT IS FURTHER ORDERED** that the Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement; and

**IT IS FURTHER ORDERED** that the Buyer is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m); and

**IT IS FURTHER ORDERED** that the transfer of the Remnant Assets to the Buyer pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtors' Estate in the Remnant Assets, and shall vest the Buyer with all of the Trustee's and the Debtors' Estate right, title and interest in the Remnant Assets and proceeds thereof; and

**IT IS FURTHER ORDERED** that this Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order; and

**IT IS FURTHER ORDERED** that the 14-day stay under Bankruptcy Rule 6004(h) is waived such that this Order is effective immediately upon entry.

/ / /

/ / /

**IT IS SO ORDERED.**

Submitted by:

_____
Jason A. Imes, Esq.
Fox, Imes & Crosby LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Counsel for Troy S. Fox, Chapter 7 Trustee*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
Jason A. Imes, Esq.
Fox, Imes & Crosby, LLC

# # #