Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone:      (702) 382-1007
Facsimile:       (702) 382-1921
E-Mail:           JImes@FICLegal.com
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-S-20-12814-MKN **(Lead Case)** |
|---|---|
| RED ROSE, INC., <br> Debtor. | **Substantively Consolidated with:** <br> Case No. BK-S-20-12815-MKN <br> Case No. BK-S-20-12816-MKN |
| ☐ Affects Beachhead Roofing and Supply, Inc. <br> ☐ Affects California Equipment Leasing Association, Inc. <br> ☐ Affects Fences 4 America, Inc. <br> ☐ Affects James Petersen Industries, Inc. <br> ☐ Affects PD Solar, Inc. <br> ☐ Affects Petersen Roofing and Solar LLC <br> ☐ Affects Petersen-Dean, Inc. <br> ☐ Affects PetersenDean Hawaii LLC <br> ☐ Affects PetersenDean Roofing and Solar Systems, Inc. <br> ☐ Affects PetersenDean Texas, Inc. <br> ☐ Affects Red Rose, Inc. <br> ☐ Affects Roofs 4 America, Inc. <br> ☐ Affects Solar 4 America, Inc. <br> ☐ Affects Sonoma Roofing Services, Inc. <br> ☐ Affects TD Venture Fund, LLC <br> ☐ Affects Tri-Valley Supply, Inc. <br> ☒ Affects All Debtors | Case No. BK-S-20-12818-MKN <br> Case No. BK-S-20-12819-MKN <br> Case No. BK-S-20-12820-MKN <br> Case No. BK-S-20-12821-MKN <br> Case No. BK-S-20-12822-MKN <br> Case No. BK-S-20-12823-MKN <br> Case No. BK-S-20-12824-MKN <br> Case No. BK-S-20-12825-MKN <br> Case No. BK-S-20-12826-MKN <br> Case No. BK-S-20-12827-MKN <br> Case No. BK-S-20-12829-MKN <br> Case No. BK-S-20-12831-MKN <br> Case No. BK-S-20-12833-MKN <br><br> Chapter 7 <br><br> **DECLARATION OF TROY S. FOX SUPPORTING MOTION TO APPROVE SALE OF REMNANT ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND RELATED RELIEF** |

I, TROY S. FOX, do declare the following under penalty of perjury:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify I could and would do so.

2. I am the appointed chapter 7 trustee for the bankruptcy estates of Petersen-Dean, Inc., Beachhead Roofing and Supply, Inc., California Equipment Leading Association, Inc., Fences 4 America, Inc., James Petersen Industries, Inc., PD Solar, Inc., Petersen Roofing and Solar LLC, Petersendean Hawaii, LLC, Petersendean Roofing and Solar Systems, Inc., Petersendean Texas, Inc., Red Rose, Inc., Roofs 4 America, Inc., Solar 4 America, Inc., Sonoma Roofing Services, Inc., TD Venture Fund, LLC, and Tri-Valley Supply, Inc. (collectively, the "Debtors").

3. I make this Declaration in support of my *Motion to Approve Sale of Remnant Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and Related Relief (11 U.S.C. §§ 105 and 363)* (the "Motion"). The Motion requests entry of an order approving the sale of certain assets of the bankruptcy estate to OAK POINT PARTNERS, LLC ("Oak Point") for the sum of Seven Thousand Five Hundred Dollars **($7,500.00), or such higher qualified bid as I may receive prior to approval of the proposed sale,** free and clear of any liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363, and related relief.

4. On June 11, 2020 (the "Petition Date"), each of the above-named debtors (the "Debtors") filed a petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court").

5. On June 23, 2020, the Bankruptcy Court entered an order directing the joint administration of these Chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015(b), and on September 5, 2023, after the sale and transfer of substantially all of the Debtors' assets, the Court entered an order converting the cases from Chapter 11 to cases under Chapter 7 of the Bankruptcy Code [ECF No. 2732] and I was appointed to administer the resulting estates.

6. On May 10, 2024, this Court entered an order substantively consolidating the various bankruptcy estates into one single bankruptcy estate for purposes of administration and distribution [ECF No. 2835] under the lead case, In re Red Rose, Inc., Case No. BK-S-20-12814-MKN.

7. After my appointment, I have administered the Debtors' consolidated bankruptcy estate (the "Estate") for the benefit of their creditors in accordance with my power and duties. I

am now in the process of winding down the administration of these cases. To that end, I am engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

8. I have determined there might exist property of the Debtors' Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

9. I have conducted due diligence and remain unaware of the existence of any Remnant Assets that could return value to the Estate greater than the Purchase Price. Accordingly, I have determined the cost of pursuing the Remnant Assets will likely exceed the benefit the Estate would possibly receive on account of the Remnant Assets.

10. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. I believe such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

11. Oak Point and I have negotiated the Purchase Agreement for the sale of the Remnant Assets, substantially in the form attached to the Motion as **Exhibit "1."**

12. The Purchase Agreement generally provides for a purchase price of Seven Thousand Five Hundred Dollars **($7,500.00)** (the "Purchase Price") to be paid by Oak Point to me for purchase and transfer of all Remnant Assets for the benefit of the Debtors' Estate. The negotiations were conducted at arm's length and in good faith. I have no connection to Oak Point, and I am unaware of any relationship between Oak Point and the Debtors, the Debtors' principals, or their agents. Further, there is no evidence of bad faith or a lack of good faith.

13. In accordance with the Purchase Agreement, the Remnant Assets specifically exclude (the "Excluded Assets"):

(a) Cash held at the time of the sale in the Trustee's fiduciary bank account for the Debtors' Estate; provided, however, that any cash that exists in such bank account two years from the date of the closing of the Debtors' cases, except as provided in sub provision (b) herein, shall be Remnant Assets;

(b) Any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a);

(c) Any and all Goods[1] (e.g., office furniture) of the Debtors;

(d) The books and records used by the Debtors in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Trustee relating to Remnant Assets specifically acquired in this Agreement;

(e) Any and all payments from Highmore Financing Co, IV, LLC and/or ACF Finco I, LP arising from or relating to Court-approved settlement agreements; and

(f) the Purchase Price to be delivered to the Trustee.

14. In my business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets, and I believe the cost of pursuing the Remnant Assets will likely exceed the benefit the Estate would possibly receive.

### **Bidding Procedures**

15 Contemporaneously with the Motion, my counsel will file a notice of the Motion ("Notice") which will establish a deadline by which objections or responses to the Motion must be filed with the Court ("Response Deadline").

16. I am prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement. Notwithstanding, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, I

---

[1] The term "Goods" as used in this context shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

request that the Court approve my application of the overbid procedures set forth in the Motion (collectively, "Bidding Procedures"). I believe the proposed Bidding Procedures will serve the best interests of the Debtors' Estate and creditors:

17. The Bidding Procedures are proposed in an abundance of caution to protect the interests of the Debtors' Estate and its creditors. I often receive sale inquiries that merely suggest an interest in bidding but are not actual overbids, resulting in unnecessary time and expense to the estate. I acknowledge the Bidding Procedures may be deemed moot in the absence of a Competing Bidder.

18. I believe the proposed sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of my business judgment under the circumstances and is in the best interests of creditors of the Debtors' Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and I believe that the Purchase Price is reasonable and represents fair value. Indeed, I am not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtors' Estate would not realize any net benefit on account of the Remnant Assets.

19. Notice of this Motion will be sent to the Debtors, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. I will also provide notice to additional parties who previously indicated interest in purchasing remnant assets from bankruptcy estates. I believe, and I request that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

20. I believe my proposed Bidding Procedures are appropriate, and will maximize the potential sale price, and should be approved by the Court provided that a Competing Bidder submits an overbid to purchase the Remnant Assets. The Bidding Procedures not only provide parties sufficient notice for participation, but also permit me to apply a fair, practical, and efficient means to receive and evaluate overbids for the Remnant Assets.

21. I also believe that Oak Point should be deemed a good faith purchaser pursuant to 11 U.S.C. § 363(m) because it is purchasing the Remnant Assets in good faith and for value.

22. I am not aware of any party asserting a secured interest in the remaining assets of the Estate, with the exception of the Excluded Assets, that were not already sold and transferred. Any competing claims should be deemed transferred to the sales proceeds pending further order of this Court.

23. Time is of the essence for this sale, and I believe that ample cause exists to justify a waiver of the fourteen (14) day stay of said order imposed by Fed.R. Bankr. P. 6004(h).

DATED: January 28th, 2026.

_____
Troy S. Fox